Miles N. Clark, Esq.
Nevada Bar No. 13848
Matthew I. Knepper, Esq.
Nevada Bar No. 12796
KNEPPER & CLARK LLC
5510 So. Fort Apache Rd, Suite 30
Las Vegas, NV 89148
Phone: (702) 856-7430
Fax: (702) 447-8048
Email: Miles.Clark@knepperclark.com

Michael F. Ram (*Pro Hac Vice*)
Marie N. Appel (*Pro Hac Vice*)
MORGAN & MORGAN COMPLEX LITIGATION GROUP
711 Van Ness Avenue, Suite 500 San Francisco, CA 94102
Telephone: (415) 358-6913
Facsimile: (415) 358-6293
Email: MRam@forthepeople.com
Email: MAppel@forthepeople.com

Benjamin R. Osborn (*Pro Hac Vice*)
102 Bergen Street Brooklyn, NY 11201
Telephone: (347) 645-0464
Email: Ben@benosbornlaw.com

*Counsel for Plaintiffs and the Proposed Class*

COHEN-JOHNSON, LLC
H. Stan Johnson, Esq. (SBN: 0265)
(sjohnson@cohenjohnson.com)
375 E. Warm Springs Road, Suite 104
Las Vegas, Nevada 89119
Telephone: (702) 823-3500
Facsimile: (702) 823-3400

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Shon Morgan (*Pro Hac Vice*)
(shonmorgan@quinnemanuel.com)
John W. Baumann (*Pro Hac Vice*)
(jackbaumann@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Cristina Henriquez (Bar No. 317445)
(cristinahenriquez@quinnemanuel.com)
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5000

Attorneys for ANCESTRY.COM OPERATIONS INC., ANCESTRY.COM INC., and ANCESTRY.COM LLC

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| ANTHONY SESSA and MARK SESSA, *on behalf of themselves and all others similarly situated*,<br><br>Plaintiffs,<br><br>v.<br><br>ANCESTRY.COM OPERATIONS INC., a Virginia Corporation; ANCESTRY.COM INC., a Delaware Corporation; and ANCESTRY.COM LLC, a Delaware Limited Liability Company,<br>Defendants. | Case No.: 2:20-cv-02292-GMN-BNW<br><br>**JOINT DISCOVERY PLAN AND PROPOSED ORDER**<br><br>Complaint filed: Dec. 17, 2020 |

The parties to the above-entitled action jointly submit this JOINT DISCOVERY PLAN & PROPOSED ORDER pursuant to Civil Local Rule 26-1.

1. **Discovery Cut-Off Date**.

Plaintiffs' Position: Ancestry filed an anti-SLAPP motion to strike on February 10, 2021 (Dkt. No. 19). Plaintiffs believe the motion is baseless. A similar anti-SLAPP motion by Ancestry was denied in a related California case. *Callahan v. Ancestry.com Inc.*, No. 3:20-cv-08437-LB, 2021 WL 783524, at *11 (N.D. Cal., Mar. 1, 2021). However, because an anti-SLAPP motion triggers an automatic stay of discovery on topics unrelated to the anti-SLAPP motion itself, Plaintiffs cannot yet commence discovery. Plaintiffs anticipate completing discovery within 12 months of the entry of a dispositive ruling on the anti-SLAPP motion.

Ancestry Position:  As set forth in Ancestry's motion to dismiss and strike, Ancestry disputes the Court's subject-matter jurisdiction based on plaintiffs' lack of Article III standing and also disputes personal jurisdiction over Ancestry. *See* ECF No. 19.  In addition, Ancestry's filing of the motion to strike pursuant to Nevada's anti-SLAPP statute automatically stays discovery pending resolution of the motion.  Nev. Rev. Stat. § 41.660(3)(e); *See also Foley v. Pont*, No. 2:11-CV-01769-ECR, 2012 WL 2503074, at *5 (D. Nev. June 27, 2012) ("staying discovery pending the outcome of the [] Defendants' antiSLAPP motion to dismiss is warranted under NRS 41.660(3).").  Accordingly, it is Ancestry's position that it is premature to engage in discovery or to try to establish a schedule for discovery.  This is especially true in light of the automatic right to appeal the denial of an anti-SLAPP motion, which appeal would result in an automatic stay of the district court proceedings (including discovery) until the appeal is resolved.

As described more fully in Ancestry's motion to dismiss, this case is one of three virtually identical, class actions in different federal courts that plaintiffs' counsel have filed. The first has already been dismissed for reasons that apply equally here. *See Callahan v. Ancestry.com*, Case

No. 20-cv-08437-LB, 2021 WL 783524, *4-6 (N.D. Cal. Mar. 1, 2021). A motion to dismiss in the second action will be fully briefed by the end of the month. *See Bonilla v. Ancestry.com*, Case No. 1:20-cv-07390 (N.D. Ill.).

2. **Amending the Pleadings and Adding Parties, Expert Disclosures, Dispositive Motions, and Pretrial Order**.

Because of Ancestry's pending anti-SLAPP motion, the parties are unable to estimate a specific date for close of discovery. For the same reason, they are not yet able to provide dates for the various deadlines that are measured by reference to the close of discovery. Should this case proceed past the pleadings, Ancestry (1) anticipates filing a motion for summary judgment and a motion to deny class certification, and (2) may engage experts, including with respect to potential class certification issues.

3. **Fed. R. Civ. P. 26(a) Disclosures**

Plaintiffs' Position: Ancestry has taken the position it is not obligated to provide Rule 26(a) disclosures while the anti-SLAPP motion is pending. Plaintiffs are prepared to exchange Rule 26(a) disclosures at any time.

Ancestry Position: Ancestry objects to the initial disclosure requirement set forth in Federal Rule of Civil Procedure 26(a). Ancestry has filed a motion to strike plaintiffs' complaint pursuant to Nevada's anti-SLAPP statute. Accordingly, discovery is automatically stayed pending resolution of the motion and the disposition of any appeal from the ruling on the motion. Nev. Rev. Stat. § 41.660(3)(e); *Foley v. Pont*, No. 2:11-CV-01769-ECR, 2012 WL 2503074, at *5 (D. Nev. June 27, 2012) ("staying discovery pending the outcome of the [] Defendants' anti-SLAPP motion to dismiss is warranted under NRS 41.660(3).").

4. **Alternative Dispute Resolution**

The parties have conferred and agree any mediation would be most productive following resolution of Ancestry's pending motion to dismiss and anti-SLAPP motion to strike. If this case

survives the pending motion to dismiss and strike, the parties also agree, subject to approval from the Court, to participate in private mediation.

5. **Alternative Forms of Case Disposition**

The parties certify that they considered trial by magistrate judge and use of the Short Trial Program. The parties agree that neither are appropriate for this matter.

6. **Electronic Evidence**

Discovery has not yet begun as resolution of Ancestry's anti-SLAPP motion is pending. Thus, the parties have not yet discussed whether they intend to present evidence in electronic format to jurors.

Respectfully submitted,

| **KNEPPER & CLARK LLC** | **COHEN-JOHNSON, LLC** |
|---|---|
| /s/ *Miles N. Clark* | /s/ *H. Stan Johnson* |
| Matthew I. Knepper, Esq., SBN 12796 | H. Stan Johnson, Esq., SBN 0265 |
| Miles N. Clark, Esq., SBN 13848 | 375 E. Warm Springs Road, Suite 104 |
| Shaina R. Plaksin, Esq., SBN 13935 | Las Vegas, Nevada 89119 |
| 5510 So. Fort Apache Rd, Suite 30 | Email: sjohnson@cohenjohnson.com |
| Las Vegas, NV 89148 | |
| Email: matthew.knepper@knepperclark.com | **Attorneys for Defendants Ancestry.com Operations Inc., Ancestry.com Inc., and Ancestry.com LLC** |
| Email: miles.clark@knepperclark.com | |
| Email: shaina.plaksin@knepperclark.com | |
| *Counsel for Plaintiffs and the Proposed Class* | |

**ORDER**

The Court will construe ECF No. 29 as a stipulation to stay discovery pending a decision on ECF No. 19. The parties' stipulation is GRANTED. IT IS ORDERED that the parties must file a new proposed discovery plan and scheduling order within 14 days of a decision on ECF No. 19, unless the case is dismissed in its entirety without leave to amend.

**IT IS SO ORDERED**

**DATED:** 4:05 pm, April 23, 2021

**BRENDA WEKSLER**
**UNITED STATES MAGISTRATE JUDGE**