COHEN-JOHNSON, LLC
  H. Stan Johnson, Esq. (SBN : 0265)
  (sjohnson@cohenjohnson.com)
375 E. Warm Springs Road, Suite 104
Las Vegas, Nevada 89119
Telephone:    (702) 823-3500
Facsimile:    (702) 823-3400

QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Shon Morgan (*Pro Hac Vice application to be filed*)
  (shonmorgan@quinnemanuel.com)
  John W. Baumann (*Pro Hac Vice application to be filed*)
  (jackbaumann@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017
Telephone:    (213) 443-3000
Facsimile:    (213) 443-3100

  Cristina Henriquez (*Pro Hac Vice*)
  (cristinahenriquez@quinnemanuel.com)
555 Twin Dolphin Drive, 5ᵗʰ Floor
Redwood Shores, California 94065
Telephone:    (650) 801-5000
Facsimile:    (650) 801-5000

Attorneys for ANCESTRY.COM OPERATIONS
INC., ANCESTRY.COM INC., and
ANCESTRY.COM LLC

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ANTHONY SESSA and MARK SESSA, on behalf of themselves and all others similarly situated, <br><br>            Plaintiffs, <br><br> v. <br><br> ANCESTRY.COM OPERATIONS INC., a Virginia Corporation; ANCESTRY.COM, INC., a Delaware Corporation; ANCESTRY.COM LLC, a Delaware Limited Liability Company; and DOES 1 through 50, inclusive, <br><br>            Defendants. | Case No.: 2:20-cv-02292-GMN-BNW <br><br> **DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT** |

# I. ANSWER

By and through their undersigned counsel, and in response to the Class Action Complaint filed on December 17, 2020 by Anthony and Mark Sessa in the above-captioned proceedings ("Complaint"), defendants Ancestry.com Operations Inc., Ancestry.com Inc., and Ancestry.com LLC (collectively, "Ancestry"), generally deny plaintiffs' allegations that Ancestry (1) violated Nevada's Right of Publicity Statute, (2) violated Nevada's Deceptive Trade Practices Statute, (3) committed an intrusion upon plaintiffs' seclusion, and (4) are liable for unjust enrichment, and further answer the Complaint as follows:

1.      Answering paragraph 1 of the Complaint, Ancestry lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations therein, and on that basis denies each and every allegation contained therein.

## INTRODUCTION[1]

2.      Answering paragraph 2, to the extent this allegation asserts a legal conclusion, no response is required.  Answering further, Ancestry admits that plaintiffs purport to bring this suit as a class action against Ancestry, but denies that this suit is proper for class adjudication.  Other than as specifically admitted, Ancestry denies, generally and specifically, each and every allegation contained therein.

3.      Answering paragraph 3, Ancestry admits it operates the world's largest subscription collection of genealogy databases that contain billions of historical records that themselves contain various information, including biographical information.  Ancestry admits it sells access to those historical records and provides other services for subscription fees.  Ancestry admits the subject of this suit is Ancestry's "U.S., School Yearbooks, 1900-1999" database ("Ancestry Yearbook Database").  Ancestry admits that it constructed its Yearbook Database through physical yearbooks that have been converted into digital records.  Ancestry admits that the Yearbook Database includes yearbook records that contain names, photographs, and schools

---

[1]  This document adopts the headings of the Complaint only for the Court's ease of reference. Ancestry disclaims any suggestion that it agrees with or admits any alleged statements contained in the headings.

attended.  Ancestry admits that the Ancestry Yearbook Database contains yearbook records of millions of individuals who attended high school in the United States.  Ancestry admits that a search for school lists and yearbook records in "Nevada, USA" yields more than 1.7 million results.  Ancestry denies plaintiffs' characterization of these facts.  Other than as specifically admitted, Ancestry denies, generally and specifically, each and every allegation contained therein.

4.      Answering paragraph 4, to the extent this allegation asserts a legal conclusion, no response is required.  To the extent any response is required, Ancestry denies, generally and specifically, each and every allegation contained therein.

5.      Answering paragraph 5, to the extent this allegation asserts a legal conclusion, no response is required.  To the extent any response is required, Ancestry lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegation and, on that basis, denies, generally and specifically, each and every allegation contained therein.

6.      Answering paragraph 6, to the extent this allegation asserts a legal conclusion, no response is required.  Ancestry admits it sells services and access to its records databases, which includes Ancestry's Yearbook Database for subscription plans that range in payments between $16.50 and $49.99 per month, depending on the plan.  Ancestry admits its subscribers have the abilitiy to search, view, and download records contained in the Ancestry databases, including the records contained in Ancestry's Yearbook Database. Ancestry denies plaintiffs' characterization of these facts.  Other than as specifically admitted, Ancestry denies, generally and specifically, each and every allegation contained therein.

7.      Answering paragraph 7, to the extent this allegation asserts a legal conclusion, no response is required.  To the extent any response is required, Ancestry denies, generally and specifically, each and every allegation contained therein.

8.      Answering paragraph 8, to the extent this allegation asserts a legal conclusion, no response is required.  Answering further, Ancestry admits that it offers a 14-day "free trial" for its products and services.  Ancestry further admits that those who sign up for the "free trial" provide payment information but are only billed if they have not canceled before the expiration of the free

trial.  Ancestry admits that "free trial" users may cancel before the 14-day period expires without incurring any charges.  Ancestry admits that "free trial" users may search Ancestry's databases, including its Yearbook Database, for names of any people they may know or be curious about. Ancestry admits that searching Ancestry's Yearbook Database with parameters chosen by the user will generally yield a list of records available in Ancestry's Yearbook Database.  Ancestry admits that list generally contains the parameters that can be entered by the user (name and school location), as well as a yearbook photograph, estimated age at the time the yearbook photograph was taken, school name, and yearbook year, but denies that the list contains anything more than that.  Ancestry admits "free trial" users may view and download certain search results if they choose to do so, including some records that contain full-resolution yearbook photos. Ancestry denies plaintiffs' characterization of these facts.   Other than as specifically admitted, Ancestry denies, generally and specifically, each and every allegation contained therein.

9.      Answering paragraph 9, to the extent this allegation asserts a legal conclusion, no response is required.  To the extent any response is required, Ancestry denies, generally and specifically, each and every allegation contained therein.

10.      Answering paragraph 10, to the extent this allegation asserts a legal conclusion, no response is required.  Ancestry admits it provides a limited-access version of its website that can be accessed by anyone visting the site and without signing in, providing contact information, or signing up for the "free trial."  Ancestry admits that users of the limited-access version of the site may search Ancestry's databases, including its Yearbook Database, for names of any people they may know or be curious about.  Ancestry admits that searching Ancestry's Yearbook Database with parameters chosen by the user will generally yield a corresponding list of records available in Ancestry's Yearbook Database.  Ancestry admits that list will generally contain parameters that can be entered by the user (name and school location (State, Country)), but denies that the list contains anything more than that.  Ancestry admits that on some (but not all) screens, users of the limited-access website, may hover over the link titled "View Record" and may view a small thumbnail image of a full record page and that below the image appear the words "Sign up now." Ancestry admits that users of the limited-access version of the website generally may not view

DEFENDANTS' ANSWER

the full record, including any full-resolution photograph or additional information contained therein (such as estimated age at the time the yearbook photograph was taken, name of school, and yearbook year).  Ancestry admits that clicking to view a record or information contained within the record will generally redirect a user of the limited-access version of the website to a page that, among other things, shows the membership options and provides a link to start the free trial period.  Ancestry denies plaintiffs' characterization of these facts.  Other than as specifically admitted, Ancestry denies, generally and specifically, each and every allegation contained therein.

11.     Answering paragraph 11, to the extent this allegation asserts a legal conclusion, no response is required.  To the extent any response is required, Ancestry denies, generally and specifically, each and every allegation contained therein.

12.     Answering paragraph 12, to the extent this allegation asserts a legal conclusion, no response is required.  Ancestry admits that one of the services Ancestry provides is that of alerting a user to the existence of records (including, among others, yearbook and death records) within Ancestry's databases that, based on user-inputted information, Ancestry believes may be of interest to that user.  Ancestry denies that Anthony Sessa and Mark Sessa have ever been the subjects of any "targeted promotional email" message.  Ancestry denies plaintiffs' characterization of these facts.  Other than as specifically admitted, Ancestry denies, generally and specifically, each and every allegation contained therein.

13.     Answering paragraph 13, to the extent this allegation asserts a legal conclusion, no response is required.  Ancestry admits that it continues to add records to its various databases, including the Ancestry Yearbook Database, which contains records with names, photographs, school attended, and estimated ages at the time the photographs were taken.  Ancestry admits that the Ancestry Yearbook Database contains more than one million (but less than two million) Nevada yearbook records.  Ancestry admits that access to yearbook records is one of the many products and services that Ancestry provides to its users.  Ancestry denies plaintiffs' characterization of these facts.  Other than as specifically admitted, Ancestry denies, generally and specifically, each and every allegation contained therein.

14. Answering paragraph 14, to the extent this allegation asserts a legal conclusion, no response is required. To the extent any response is required, Ancestry denies, generally and specifically, each and every allegation contained therein.

15. Answering paragraph 15, to the extent this allegation asserts a legal conclusion, no response is required, and the cited statutes and authorities speak for themselves. To the extent any response is required, Ancestry denies, generally and specifically, each and every allegation contained therein.

**JURISDICTION AND VENUE**

16. Answering paragraph 16, to the extent this allegation asserts a legal conclusion, no response is required. To the extent any response is required, Ancestry contests both personal jurisdiction over Ancestry and subject matter jurisdiction on the basis plaintiffs lack standing. Answering further, Ancestry admits that Ancestry.com Operations Inc. is incorporated in Virginia and that Ancestry.com Inc. and Ancestry.com LLC are both incorporated in Delaware. Ancestry admits that Ancestry.com Operations Inc., Ancestry.com Inc., and Ancestry.com LLC each have their headquarters in Lehi, Utah. Ancestry admits that plaintiffs purport to bring this action on behalf of at least 100 Nevada residents, but denies that this action is appropriate for class treatment. Ancestry admits its Yearbook Database contains about 730 million records, collected from more than 450,000 yearbooks and more than 62 million pages. Ancestry admits that a search of the Ancestry Yearbook Database for records from Nevada yields results of more than 1.7 million records. Ancestry admits that for purposes of calculating jurisdiction under the Class Action Fairness Act, the amount in controversy exceeds $5 million, but denies that plaintiffs or the purported class are entitled to any relief and further denies that this is an appropriate measure of damages. Ancestry lacks sufficient information or belief to enable it to answer the allegations of the paragraph regarding the purported class size excluding non-Nevada residents, subscribers, and the deceased, but including residents who have moved into the state, but admits that it likely includes more than 100 members. Ancestry denies plaintiffs' characterization of these facts. Other than as specifically admitted, Ancestry denies, generally and specifically, each and every allegation contained therein.

17.     Answering paragraph 17, to the extent this allegation asserts a legal conclusion, no response is required.  To the extent any response is required, Ancestry denies this Court has personal jurisdiction over it.  Ancestry denies that it maintains substantial suit-related connections to the State of Nevada.  Ancestry denies that its ownership and operation of a universally-accesible website, through which anyone can subscribe to Ancestry services, subjects Ancestry to jurisdiction in Nevada.  Ancestry further denies plaintiffs' characterization of these facts.  Other than as specifically admitted, Ancestry denies, generally and specifically, each and every allegation contained therein.

18.     Answering paragraph 18, to the extent this allegation asserts a legal conclusion, no response is required.  To the extent any response is required, Ancestry denies this is the appropriate venue or that a substantial portion of the events and conduct giving rise to the alleged violations occurred in this district.  Ancestry lacks sufficient information or belief to enable it to answer allegations regarding plaintiffs' residence.  Ancestry admits the putative class is defined to include only Nevada residents, but denies class treatment is appropriate.  Other than as specifically admitted, Ancestry denies, generally and specifically, each and every allegation contained therein.

### INTRADISTRICT VENUE

19.     Answering paragraph 19, to the extent this allegation asserts a legal conclusion, no response is required.  To the extent any response is required, Ancestry denies this is the appropriate venue.  Ancestry denies that a substantial portion of the events or omissions occurred in Clark County.  Ancestry lacks sufficient information or belief to enable it to answer allegations regarding plaintiffs' residence.  Other than as specifically admitted, Ancestry denies, generally and specifically, each and every allegation contained therein.

### PARTIES

**Defendant Ancestry**

20.     Answering paragraph 20, Ancestry admits that Ancestry.com Operations Inc. is a Virginia corporation with its headquarters in Lehi, Utah.  Answering further, Ancestry admits it conducts business under the brand names "Ancestry.com," and "Ancestry."  Plaintiffs' allegation

that Ancestry conducts business under "other brand names associated with the various website and services it owns and operate" is too vague to determine what plaintiffs are intending to reference and, on that basis, Ancestry denies this allegation.  Ancestry further admits that Ancestry.com Operations Inc. owns and operates the website Ancestry.com.  Other than as specifically admitted, Ancestry denies, generally and specifically, each and every allegation contained therein.

21.    Answering paragraph 21, Ancestry admits defendant Ancestry.com Inc. is a Delaware corporation with its headquarters in Lehi, Utah.  Answering further, Ancestry admits defendant Ancestry.com LLC is a Delaware limited liability company with its headquarters in Lehi, Utah.

**Plaintiff Anthony Sessa**

22.    Answering paragraph 22, Ancestry lacks sufficient information or belief to enable it to answer allegations regarding plaintiff Anthony Sessa's residence.  Ancestry also lacks sufficient information or belief and cannot confirm, with the information currently available, whether it has a subscriber of any Ancestry.com products or services matching the description of Anthony Sessa or whether there is an agreement between Ancestry and Anthony Sessa.

23.    Answering paragraph 23, to the extent it states a legal conclusion, no response is required.  To the extent any response is required, Ancestry denies, generally and specifically, each and every allegation contained therein.

24.    Answering paragraph 24, to the extent it states a legal conclusion, no response is required.  To the extent any response is required, Ancestry lacks sufficient information or belief to enable it to answer allegations regarding when Anthony Sessa first became aware that the yearbook records at issue are available on Ancestry.com and on that basis denies this allegation.  Other than as specifically admitted, Ancestry denies, generally and specifically, each and every allegation contained therein.

25.    Answering paragraph 25, to the extent this allegation asserts a legal conclusion, no response is required.  Answering further, Ancestry admits it offers three subscription plans: "U.S. Discovery," "World Explorer," and "All Access" that carry fees between $16.50 and $49.99 per

month, depending on the plan.  Ancestry denies that an exact search for "Anthony Sessa" in Nevada yields the three records at issue; that search yields no results.  Ancestry denies plaintiffs' characterization of these facts.  Other than as specifically admitted, Ancestry denies, generally and specifically, each and every allegation contained therein.

26.     Answering paragraph 26, to the extent this allegation asserts a legal conclusion, no response is required.  Answering further, Ancestry admits that the users of the 14-day "free trial" may search for, access, and download records that match their search results.  Ancestry denies that an exact search for "Anthony Sessa" in Nevada yields the three records at issue; that search yields no results.  Ancestry admits that "free trial" users may search for and download records available in Ancestry's databases. Ancestry denies plaintiffs' characterization of these facts. Other than as specifically admitted, Ancestry denies, generally and specifically, each and every allegation contained therein.

27.     Answering paragraph 27, Ancestry denies that the screenshot is the result of an exact search for the name "Anthony Sessa" in Nevada; that search yields bo results.  Ancestry admits that paying subscribers may search for anyone and download resulting records, if any.  Ancestry lacks sufficient information or belief to enable it to answer allegations regarding plaintiffs' counsel's use of photo-editing software and reason for doing so.  Other than as specifically admitted, Ancestry denies, generally and specifically, each and every allegation contained therein.

28.     Answering paragraph 28, to the extent this allegation asserts a legal conclusion, no response is required, and the records speak for themselves.  To the extent any response is required, Ancestry denies, generally and specifically, each and every allegation contained therein.

29.     Answering paragraph 29, to the extent this allegation asserts a legal conclusion, no response is required.  Answering further, Ancestry admits it offers three paid subscription plans: "U.S. Discovery," "World Explorer," and "All Access."  Ancestry admits that users of the limited-access version of the website may search for records in Ancestry's Yearbook Database and may view a limited portion of the information in those records, including the name, school location (State, Country), and thumbnail image of the record.  Ancestry denies that cities of

residence are available and viewable through the limited-access version of Ancestry.com. Ancestry denies the three yearbook records at issue are a result of an exact search for "Anthony Sessa" in Nevada; that search yields no results.  Ancestry denies plaintiffs' characterization of these facts.  Other than as specifically admitted, Ancestry denies, generally and specifically, each and every allegation contained therein.

30.     Answering paragraph 30, to the extent this allegation asserts a legal conclusion, no response is required.  Answering further, Ancestry denies that an exact search for "Anthony Sessa" in Nevada yields the three records at issue; that search yields no results.  Other than as specifically admitted, Ancestry denies, generally and specifically, each and every allegation contained therein.

31.     Answering paragraph 31, Ancestry denies that an exact search for "Anthony Sessa" in Nevada yields the three records shown in the Complaint; that search yields no results.  Other than as specifically admitted, Ancestry denies, generally and specifically, each and every allegation contained therein.

32.     Answering paragraph 32, to the extent this allegation asserts a legal conclusion, no response is required.  Answering further, Ancestry admits that the three records at issue remain in Ancestry's Yearbook Database but denies that Anthony Sessa has ever been the subject of a "targeted promotional email" message.  Ancestry denies plaintiffs' characterization of these facts. Other than as specifically admitted, Ancestry denies, generally and specifically, each and every allegation contained therein.

33.     Answering paragraph 33, to the extent this allegation asserts a legal conclusion, no response is required.  To the extent any response is required, Ancestry denies, generally and specifically, each and every allegation contained therein.

**Plaintiff Mark Sessa**

34.     Answering paragraph 34, Ancestry lacks sufficient information or belief to enable it to answer allegations regarding plaintiff Mark Sessa's residence.  Ancestry also lacks sufficient information or belief and cannot confirm, with the information currently available, whether it has a subscriber of any Ancestry.com products or services matching the description of Mark Sessa or

1    whether there is an agreement between Ancestry and Mark Sessa.

2         35.    Answering paragraph 35, to the extent it states a legal conclusion, no response is

3    required.  To the extent any response is required, Ancestry denies, generally and specifically,

4    each and every allegation contained therein.

5         36.    Answering paragraph 36, to the extent it states a legal conclusion, no response is

6    required.  To the extent any response is required, Ancestry lacks sufficient information or belief

7    to enable it to answer allegations regarding when Mark Sessa first became aware that the

8    yearbook records at issue are available on Ancestry.com and on that basis denies this allegation.

9    Other than as specifically admitted, Ancestry denies, generally and specifically, each and every

10   allegation contained therein.

11        37.    Answering paragraph 37, to the extent this allegation asserts a legal conclusion, no

12   response is required.  Answering further, Ancestry admits it offers three subscription plans: "U.S.

13   Discovery," "World Explorer," and "All Access" that carry fees of between $16.50 and $49.99

14   per month, depending on the plan.  Ancestry admits that there are four results of an exact search

15   for yearbook records of "Mark Sessa" in Nevada:  two from a 1970 yearbook from Western High

16   School in Las Vegas, Nevada, and one two from a 1972 yearbook from that same school.

17   Ancestry admits that paying subscribers may search for and download any records available in

18   Ancestry's database including these four.  Ancestry denies plaintiffs' characterization of these

19   facts.  Other than as specifically admitted, Ancestry denies, generally and specifically, each and

20   every allegation contained therein.

21        38.    Answering paragraph 38, to the extent this allegation asserts a legal conclusion, no

22   response is required.  Answering further, Ancestry admits that the users of the 14-day free trial

23   and paying subscribers may search for, access, and download records that match their search

24   results, including the four yearbook records matching an exact search for Mark Sessa in Nevada.

25   Ancestry denies plaintiffs' characterization of these facts.  Other than as specifically admitted,

26   Ancestry denies, generally and specifically, each and every allegation contained therein.

27        39.    Answering paragraph 39, Ancestry admits that the screenshots are, but for the

28   blurred out photos, accurate depictions of the return of an exact search for "Mark Sessa" in

Nevada accessible to a paying subscriber or free trial user.  Ancestry lacks sufficient information or belief to enable it to answer allegations regarding plaintiffs' counsel use of photo-editing software and reason for doing so.  Other than as specifically admitted, Ancestry denies, generally and specifically, each and every allegation contained therein.

40.     Answering paragraph 40, to the extent this allegation asserts a legal conclusion, no response is required, and the records speak for themselves.  To the extent any response is required, Ancestry denies, generally and specifically, each and every allegation contained therein.

41.     Answering paragraph 41, to the extent this allegation asserts a legal conclusion, no response is required.  Answering further, Ancestry admits it offers three paid subscription plans: "U.S. Discovery," "World Explorer," and "All Access."  Ancestry admits that users of the limited-access version of the website may search for records in Ancestry's Yearbook Database and may view a limited portion of the information in those records, including a thumbnail image of the record, the name, and school location (State, Country).  Ancestry denies that cities of residence are available through the limited-access version of Ancestry.com.  Ancestry admits that full versions of the four yearbook records matching an exact search for "Mark Sessa" in Nevada are accessible to members with paid subscription plans and those using the free trial.  Ancestry denies plaintiffs' characterization of these facts.  Other than as specifically admitted, Ancestry denies, generally and specifically, each and every allegation contained therein.

42.     Answering paragraph 42, to the extent this allegation asserts a legal conclusion, no response is required.  Answering further, Ancestry admits that the four records at issue are results of an exact search for yearbook records of "Mark Sessa" in Nevada accessible to a paying user or free-trial user.  Ancestry admits that users of the limited-access version of the website may search for records in Ancestry's Yearbook Database and may view a limited portion of the information in those records, including thumbnail image of the record, name, and school location (State, Country).  Ancestry denies that full-resolution photographs or city of residence are available and viewable through the limited-access version of Ancestry.com.  Ancestry admits that on some (but not all) screens, users of the limited-access version of Ancestry.com who hover over the link titled "View Record" a pop-up page will appear with the words "There's more to see. A picture

of the original document, and things like estimated age at the time the yearbook photograph was taken, estimated birth year, yearbook date, school location, school." Ancestry denies plaintiffs' characterization of these facts. Other than as specifically admitted, Ancestry denies, generally and specifically, each and every allegation contained therein.

43.     Answering paragraph 43, Ancestry admits that the four records shown in the Complaint are results of an exact search for yearbook records of "Mark Sessa" in Nevada. Ancestry admits the other screenshots appear for certain screens when hovering over the "View Record" link corresponding to each record. Ancestry denies plaintiffs' characterization of these facts. Other than as specifically admitted, Ancestry denies, generally and specifically, each and every allegation contained therein.

44.     Answering paragraph 44, to the extent this allegation asserts a legal conclusion, no response is required. Answering further, Ancestry admits that the four records at issue remain in Ancestry's Yearbook Database but denies that Mark Sessa has ever been the subject of a "targeted promotional email" message. Ancestry denies plaintiffs' characterization of these facts. Other than as specifically admitted, Ancestry denies, generally and specifically, each and every allegation contained therein.

45.     Answering paragraph 45, to the extent this allegation asserts a legal conclusion, no response is required. To the extent any response is required, Ancestry denies, generally and specifically, each and every allegation contained therein.

**STATEMENT OF COMMON FACTS**

46.     Answering paragraph 46, to the extent this allegation asserts a legal conclusion, no response is required. Ancestry admits it operates a subscription collection of genealogy databases that contain billions of historical records gathered from various sources and provides access to those records for an annual or monthly subscription fee (or free trial). Ancestry admits it collects school yearbooks, birth, marriage, death, U.S. census, immigration, military, and grave site records. Ancestry denies plaintiffs' characterization of these facts. Other than as specifically admitted, Ancestry denies, generally and specifically, each and every allegation contained therein.

47.     Answering paragraph 47, to the extent this allegation asserts a legal conclusion, no response is required.  Ancestry admits it continues to add records to its Yearbook Database. Ancestry admits the records within that database contain names, yearbook photos, estimated ages at the time the yearbook photographs were taken, and schools attended.  Ancestry admits the physical yearbooks have been converted into digital records.  Ancestry admits that the Ancestry Yearbook Database contains around 730 million records collected from more than 450,000 yearbooks and more than 62 million pages.  Ancestry admits that a search for school lists and yearbook records in "Nevada, USA" yields more than 1.7 million results.  Ancestry denies plaintiffs' characterization of these facts.  Other than as specifically admitted, Ancestry denies, generally and specifically, each and every allegation contained therein.

48.     Answering paragraph 48, Ancestry admits that certain records in the Ancestry Yearbook Database include the following information: a name, photograph, name of school attended, school location, and yearbook year.  Ancestry admits some records contain more information, including estimated age at the time the yearbook photograph was taken, estimated birth year, and school activities.  Ancestry denies plaintiffs' characterization of these facts.  Other than as specifically admitted, Ancestry denies, generally and specifically, each and every allegation contained therein.

49.     Answering paragraph 49, to the extent this allegation asserts a legal conclusion, no response is required.  To the extent any response is required, Ancestry denies, generally and specifically, each and every allegation contained therein.

50.     Answering paragraph 50, Ancestry admits there is a section on Ancestry.com providing information on yearbook donations for the Ancestry Yearbook Database.  Ancestry admits that at least some of the Yearbook Database was built by yearbook donations.  Ancestry denies plaintiffs' characterization of these facts.  Other than as specifically admitted, Ancestry denies, generally and specifically, each and every allegation contained therein.

51.     Answering paragraph 51, to the extent this allegation asserts a legal conclusion, no response is required.  Ancestry admits that those who sign an agreement to donate a yearbook to Ancestry's Yearbook Database must represent one of the following: (a) the donated yearbooks

are not bound by copyright restrictions, (b) the donor owns the copyright, or (c) the copyright holder grants permission to Ancestry to publish and display the donations in electronic format for the use of Ancestry members.  Ancestry denies plaintiffs' characterization of these facts.  Other than as specifically admitted, Ancestry denies, generally and specifically, each and every allegation contained therein.

52.     Answering paragraph 52, to the extent this allegation asserts a legal conclusion, no response is required.  Ancestry admits that the following statements appear on Ancestry.com: "Here are some examples of how yearbooks may help you in your family history: pinpoints an individual in a particular time and place[;] . . . Interests and hobbies (What activities, sports, and clubs did grandma participate in?)[;] Family linkage (Some yearbooks feature siblings at the same school.  If not, look for other students with the same last name in other grades – they could be related.)[;] History (A history of the school or town may be included in the yearbook.  General history such as world events, fads, and pop culture may also be found through studying a yearbook.  What was 'in', fashion-wise? What world events concerned and influenced students most?)[.]"  Ancestry denies plaintiffs' characterization of these facts.  Other than as specifically admitted, Ancestry denies, generally and specifically, each and every allegation contained therein.

53.     Answering paragraph 53, to the extent this allegation asserts a legal conclusion, no response is required.  Ancestry admits the records at issue of Tony and Mark Sessa in Nevada remain in Ancestry's Yearbook Database.  Ancestry admits it sells services and access to its records databases, which includes Ancestry's Yearbook Database, for subscription plans that range in payments between $16.50 and $49.99 per month, depending on the plan.  Ancestry admits its subscribers and free trial users have the ability to search, view, and download records contained in the Ancestry databases, including records contained in Ancestry's Yearbook Database.  Ancestry denies plaintiffs' characterization of these facts.  Other than as specifically admitted, Ancestry denies, generally and specifically, each and every allegation contained therein.

54.     Answering paragraph 54, to the extent this allegation asserts a legal conclusion, no response is required.  Ancestry admits the records at issue of Tony and Mark Sessa in Nevada

1   remain in Ancestry's Yearbook Database.  Ancestry admits it sells services and access to its

2   records databases, which includes Ancestry's Yearbook Database, for subscription plans that range

3   in payments between $16.50 and $49.99 per month, depending on the plan.  Ancestry admits its

4   subscribers and free trial users have the abilitiy to search, view, and download records contained

5   in the Ancestry databases, including records contained in Ancestry's Yearbook Database.

6   Ancestry denies plaintiffs' characterization of these facts.  Other than as specifically admitted,

7   Ancestry denies, generally and specifically, each and every allegation contained therein.

8       55.     Answering paragraph 55, to the extent this allegation asserts a legal conclusion, no

9   response is required.  Ancestry admits it provides a limited-access version of its website that can

10  be accessed by anyone visting the site and without signing in, providing contact information, or

11  signing up for the "free trial."  Ancestry admits that users of the limited access version of the site

12  may search Ancestry's databases, including its Yearbook Database.  Ancestry admits that

13  searching Ancestry's Yearbook Database will generally yield a corresponding list of records

14  available in Ancestry's Yearbook Database.  Ancestry admits that list will generally contain some

15  parameters that can be entered by the user (name and school location (State, Country)), and in

16  some (but not all) screens, a low-resolution thumbnail of the record can be seen by hovering over

17  the "View Record" link; but Ancestry denies that the list contains anything more than that.

18  Ancestry admits that users of the limited-access version of the website may not view the full

19  record, including a full-resolution photograph or additional information contained therein (such

20  as estimated age at the time the yearbook photograph was taken, name of school, and yearbook

21  year).  Ancestry denies plaintiffs' characterization of these facts.  Other than as specifically

22  admitted, Ancestry denies, generally and specifically, each and every allegation contained

23  therein.

24      56.     Answering paragraph 56, to the extent this allegation asserts a legal conclusion, no

25  response is required.  Ancestry admits it provides a limited-access version of its website that can

26  be accessed by anyone visting the site.  Ancestry admits that users of the limited-access version

27  of the site may search Ancestry's databases, including its Yearbook Database.  Ancestry admits

28  that searching Ancestry's Yearbook Database with parameters chosen by the user will generally

yield a corresponding list of records available in Ancestry's Yearbook Database.  Ancestry admits that list will generally contain some parameters that can be entered by the user (name and school location (State, Country)), and also a thumbnail image of the record.  Ancestry admits that on some (but not all) screens, users of the limited-access version of Ancestry.com who hover over the link titled "ViewRecord" may view a pop-up page containing a low resolution thumbnail image of the record along with the words "There's more to see. A picture of the original document, and things like estimated age , birth year, yearbook date, school location, school. Sign up now."  Ancestry denies plaintiffs' characterization of these facts.  Other than as specifically admitted, Ancestry denies, generally and specifically, each and every allegation contained therein.

57.    Answering paragraph 57, Ancestry lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations therein, and on that basis denies each and every allegation contained therein.

58.    Answering paragraph 58, to the extent this allegation asserts a legal statement or legal conclusion, no response is required.  To the extent any response is required, Ancestry denies, generally and specifically, each and every allegation contained therein.

59.    Answering paragraph 59, to the extent this allegation asserts a legal statement or legal conclusion, no response is required, and the cited statutes and/or authorities speak for themselves.  To the extent any response is required, Ancestry denies, generally and specifically, each and every allegation contained therein.

**CLASS ALLEGATIONS**

60.    Answering paragraph 60, to the extent this allegation asserts a legal statement or legal conclusion, no response is required.  To the extent a response is required, Ancestry admits that plaintiffs purport to bring this suit as a class action, but denies the action is appropriate for class treatment.  Answering further, Ancestry admits plaintiffs purport to exclude certain individuals from the putative class. Other than as specifically admitted, Ancestry denies, generally and specifically, each and every allegation contained therein.

61.    Answering parapraph 61, to the extent this allegation asserts a legal statement or

DEFENDANTS' ANSWER

legal conclusion, no response is required.  To the extent a response is required, Ancestry admits that as of September 2020, Ancestry represented that the Ancestry Yearbook Database contains 730 million records.  Answering further, Ancestry admits that the Yearbook Database on Ancestry.com contains about 1.7 million records from Nevada schools.  Answering further, Ancestry admits it has more than 3 million subscribers worldwide.  Ancestry lacks sufficient information or belief to enable it to answer the allegations of the paragraph regarding the purported class size excluding non-Nevada residents, subscribers, and the deceased.  Other than as specifically admitted, Ancestry denies, generally and specifically, each and every allegation contained therein.

62.     Answering paragraph 62, to the extent this allegation asserts a legal statement or legal conclusion, no response is required, and the cited statutes and/or authorities speak for themselves.  To the extent any response is required, Ancestry denies, generally and specifically, each and every allegation contained therein.

63.     Answering paragraph 63, to the extent this allegation asserts a legal statement or legal conclusion, no response is required.  To the extent any response is required, Ancestry denies, generally and specifically, each and every allegation contained therein.

64.     Answering paragraph 64, to the extent this allegation asserts a legal statement or legal conclusion, no response is required.  To the extent any response is required, Ancestry denies, generally and specifically, each and every allegation contained therein.

65.     Answering paragraph 65, to the extent this allegation asserts a legal statement or legal conclusion, no response is required.  To the extent any response is required, Ancestry denies, generally and specifically, each and every allegation contained therein.

66.     Answering paragraph 66, to the extent this allegation asserts a legal statement or legal conclusion, no response is required, and Rule 23 of the Federal Rules of Civil Procedure speaks for itself.  To the extent any response is required, Ancestry denies, generally and specifically, each and every allegation contained therein.

67.     Answering paragraph 67, to the extent this allegation asserts a legal statement or legal conclusion, no response is required, and Rule 23 of the Federal Rules of Civil Procedure

speaks for itself. To the extent any response is required, Ancestry denies, generally and specifically, each and every allegation contained therein.

## FIRST CAUSE OF ACTION

### (Nev. Rev. Stat. §§ 597.770 *et seq.*)

68. Answering paragraph 68, Ancestry re-alleges all its responses as if fully set forth in response.

69. Answering paragraph 69, to the extent this allegation asserts a legal conclusion, no response is required. To the extent a response is required, Ancestry denies, generally and specifically, each and every allegation contained therein.

70. Answering paragraph 70, to the extent this allegation asserts a legal conclusion, no response is required and the cited statute speaks for itself.

71. Answering paragraph 71, to the extent this allegation asserts a legal conclusion, no response is required. To the extent any response is required, Ancestry denies, generally and specifically, each and every allegation contained therein.

72. Answering paragraph 72, to the extent this allegation asserts a legal conclusion, no response is required and the cited statute speaks for itself. To the extent any response is required, Ancestry denies, generally and specifically, each and every allegation contained therein.

73. Answering paragraph 73, to the extent this allegation asserts a legal conclusion, no response is required and the cited statute speaks for itself. To the extent any response is required, Ancestry denies, generally and specifically, each and every allegation contained therein. Ancestry further denies that plaintiffs or the purported class are entitled to any relief.

74. Answering paragraph 74, to the extent this allegation asserts a legal conclusion, no response is required. To the extent a response is required, Ancestry denies, generally and specifically, each and every allegation contained therein and further denies that plaintiffs or the purported class are entitled to any relief.

**SECOND CAUSE OF ACTION**

**(Nev. Rev. Stat. §§ 598.0903 *et seq.*)**

**[Dismissed]**

75.    Answering paragraph 75, Ancestry re-alleges all its responses as if fully set forth in response.

76.    Answering paragraph 76,  no answer is required because this Court dismissed this cause of action in its September 17, 2021 Order.

77.    Answering paragraph 77,  no answer is required because this Court dismissed this cause of action in its September 17, 2021 Order.

78.    Answering paragraph 78,  no answer is required because this Court dismissed this cause of action in its September 17, 2021 Order.

79.    Answering paragraph 79,  no answer is required because this Court dismissed this cause of action in its September 17, 2021 Order.

80.    Answering paragraph 80,  no answer is required because this Court dismissed this cause of action in its September 17, 2021 Order.

81.    Answering paragraph 81,  no answer is required because this Court dismissed this cause of action in its September 17, 2021 Order.

**THIRD CAUSE OF ACTION**

**(Intrusion Upon Seclusion)**

**[Dismissed]**

82.    Answering paragraph 82, Ancestry re-alleges all its responses as if fully set forth in response.

83.    Answering paragraph 83, no answer is required because this Court dismissed this cause of action in its September 17, 2021 Order.

84.    Answering paragraph 84, no answer is required because this Court dismissed this cause of action in its September 17, 2021 Order.

85.    Answering paragraph 85, no answer is required because this Court dismissed this cause of action in its September 17, 2021 Order.

86.   Answering paragraph 86, no answer is required because this Court dismissed this cause of action in its September 17, 2021 Order.

87.   Answering paragraph 87, no answer is required because this Court dismissed this cause of action in its September 17, 2021 Order.

**FOURTH CAUSE OF ACTION**

**(Unjust Enrichment)**

**[Dismissed with Prejudice]**

88.   Answering paragraph 88, Ancestry re-alleges all its responses as if fully set forth in response.

89.   Answering paragraph 89, no answer is required because this Court dismissed this cause of action with prejudice in its September 17, 2021 Order.

90.   Answering paragraph 90, no answer is required because this Court dismissed this cause of action with prejudice in its September 17, 2021 Order.

91.   Answering paragraph 91, no answer is required because this Court dismissed this cause of action with prejudice in its September 17, 2021 Order.

92.   Answering paragraph 92, no answer is required because this Court dismissed this cause of action with prejudice in its September 17, 2021 Order.

**PLAINTIFFS' PRAYER FOR RELIEF**

93.   Responding to the Prayer for Relief, Ancestry denies generally and specifically that plaintiffs or the purported class are entitled to any of the relief sought.

**II.  AFFIRMATIVE DEFENSES**

94.   Ancestry sets forth the following affirmative defenses.  In asserting these affirmative defenses, Ancestry is not assuming the burden to establish any fact or propsition where that burden is properly imposed on plaintiffs.  Ancestry reserves the right to assert additional affirmative defenses based on facts that are revealed during discovery.

**FIRST AFFIRMATIVE DEFENSE**

**(Lack of Personal Jurisdiction)**

95.   The Court lacks personal jurisdiction over Ancestry, which does not have its

1    principal place of business or headquarters in Nevada.  The only suit-related connection to

2    Nevada that plaintiffs alleged is plaintiffs' own residence in Nevada.  The Complaint should

3    therefore be dismissed under Rule 12(b)(2) of the Federal Rules of Civil Procedure.

4                          **SECOND AFFIRMATIVE DEFENSE**

5                                **(Lack of Standing)**

6         96.    Plaintiffs' claims are barred, in whole or in part, because plaintiffs lack standing to

7    assert any or all of the causes of action alleged in the Complaint and they lack standing to recover

8    on behalf of the purported classes and/or general public.

9                           **THIRD AFFIRMATIVE DEFENSE**

10                            **(No Injury or Damages)**

11        97.    Ancestry denies that plaintiffs and/or any purported class members have suffered

12   any injury or damage whatsoever, and further denies it is liable to plaintiffs and/or any purported

13   class member for any injury or damage.

14                         **FOURTH AFFIRMATIVE DEFENSE**

15          **(Failure to State a Claim Upon Which Relief Can be Granted)**

16        98.    The Complaint and each purported cause of action alleged therein fails to state facts

17   sufficient to constitute a cause of action against Ancestry.

18                          **FIFTH AFFIRMATIVE DEFENSE**

19                          **(Adequacy of Remedy at Law)**

20        99.    If plaintiffs suffered any injuries or damages, those would be adequately

21   compensated in an action at law for damages.  Accordingly, plaintiffs have a complete and

22   adequate remedy at law and are not entitled to seek injunctive or equitable relief.

23                          **SIXTH AFFIRMATIVE DEFENSE**

24                                   **(Laches)**

25        100.   Plaintiffs' claims are barred in whole or in part by the equitable doctrine of laches.

26                        **SEVENTH AFFIRMATIVE DEFENSE**

27                                   **(Waiver)**

28        101.    Plaintiffs' claims are barred in whole or in part by the equitable doctrine of waiver.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Estoppel)**

102.   Plaintiffs' claims are barred in whole or in part by the equitable doctrine of estoppel.

**NINTH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

103.   Plaintiffs' claims are barred in whole or in part by the equitable doctrine of unclean hands.

**TENTH AFFIRMATIVE DEFENSE**

**(Statutes of Limitation)**

104.   The Complaint and all of the purported causes of action contained therein are barred in whole or in part by the applicable statutes of limitation.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate Damages)**

105.   Plaintiffs and/or purported class members have failed to take reasonable, necessary, appropriate, and feasible steps to mitigate their alleged damages, and to the extent of such failure to mitigate, plaintiffs and/or purported class members should be barred from recovering some or all of the alleged damages they seek.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Waiver and Release)**

106.   The Complaint and the purported causes of action alleged therein are barred to the extent plaintiffs and/or purported class members have waived, released, relinquished, or abandoned any claim for relief against Ancestry with respect to the matters which are the subject of the Complaint.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Class Action Is Inappropriate)**

107.   With respect to each and every allegation of the Complaint, as they relate to the request for class certification, class certification is not appropriate because there is a lack of:

a) Numerosity;

b) Commonality or community of interest;

c) Typicality;

d) An ascertainable class;

e) Adequate representation;

f) Appropriateness of relief to the putative class as a whole;

g) Predominance of common questions over questions affecting individual class members;

h) Substantial benefit to the litigants and the court; and

i) Superiority of a class action over other available methods for fair and efficient adjudication.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Ancestry's Practices Are Not Deceptive)**

108.     Any statements made by Ancestry were truthful and accurate and were not likely to mislead plaintiffs, the purported class members, or the general public.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(First Amendement)**

109.    The claims made in the Complaint are barred in whole or in part by the First Amendment to the Contitution of the United States.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(Strategic Lawsuit Against Public Participation)**

110.    The claims in the Complaint are subject to dismissal on the grounds that the Complaint is a strategic lawsuit against public participation.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(Preemption)**

111.    Plaintiffs' claims are barred in whole or in part by the doctrine of preemption.

-23-

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Copyright Preemption)

112.    Plaintiffs' claims are preempted in whole or in part by the Copyright Act.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Consent)

113.    The Complaint and the purported causes of action alleged therin are barred to the extent plaintiffs and/or purported class members consented to have the information at issue publicly distributed.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Information At Issue Is Not Private)

114.    The Complaint and the purported causes of action alleged therein are barred in whole or in part because the information at issue is not private and there has been no attempt to keep it private.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

115.    The Complaint and each purported cause of action alleged therein is barred because any recovery from Ancestry would result in plaintiffs' or a putative class member's unjust enrichment.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Ratification)

116.    The alleged causes of action are barred in whole or in part because of ratification, agreement, assent, acquiescence or consent to Ancestry's alleged conduct.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Communications Decency Act)

117.    The Complaint and each purported cause of action alleged therein is barred in whole or in part by the Communications Decency Act.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Indemnity)

118.    If Ancestry is found in some manner responsible to plaintiffs and/or the purported class for the matters alleged in the Complaint, any such injury, damage, or other costs were proximately caused and contributed to by the negligence, fault, acts or omissions of other individuals or entities for whose conduct Ancestry is not responsible.  Thus, Ancestry requests a court declaration of its right to be indemnified and held harmless by those persons or entities.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Lack of Proximate Causation)

119.    To the extent plaintiffs suffered any injury by reason of publication of their yearbook records, those injuries were not proximately caused by Ancestry.  Plaintiffs are thus barred from recovery from Ancestry, in that any damage proven to have been sustained by plaintiffs and/or the purported class was caused by the intervening action or actions of plaintiffs, the purported class, and/or other persons or parties that were a superseding cause of their damages and not due to any act or omission on the part of Ancestry.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Absence of Malice, Reckless Indifference or Fraud Precludes Punitive Damages)

120.    Ancestry has not acted with malice, reckless indifference, or fraud toward plaintiffs and putative class members and, therefore, defendants cannot be liable for punitive damages.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Failure to Plead Facts Sufficient to Support Punitive Damages)

121.    Plaintiffs and putative class members are not entitled to receive punitive damages because plaintiffs did not plead facts sufficient to support such an award.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

### (Right of Publicity Statutory Exemptions)

122.    Plaintiffs' Right of Publicity claims fail because Ancestry's challenged conduct is exempted from liability under the right of publicity statute.  Specifically, where use of a name or image "is contained in material which is commercially sponsored," Nevada Revised Statute

§597.790 nonetheless exempts liability where, as here, "the use is not directly connected with the commercial sponsorship."  In addition, Ancestry is also exempt from liability under the Right of Publicity statute because Nevada Revised Statute §597.790 also exempts liability for use of a person's name or likeness "in connection with a news, public affairs or sports broadcast or publication[.]"

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Economic Loss Doctrine)

123.     The Complaint and each purported cause of action alleged therein is barred, in whole or in part, because of the economic loss doctrine.

## THIRTIETH AFFIRMATIVE DEFENSE

### (Arbitration)

124.     Venue in this Court is improper to the extent plaintiffs or the putative class members they purport to represent are bound to arbitrate their disputes with Ancestry.

WHEREFORE, Ancestry prays for judgement as follows:

1.     That the Complaint be dismissed with prejudice and that plaintiffs take nothing by it;

2.     That defendants be awarded their costs of suit, including reasonable attorneys' fees; and

3.     For such other relief as this Court deems just and proper.

DATED this 30th day of September, 2021  Respectfully submitted,

COHEN-JOHNSON, LLC

By_____/s/ H. Stan Johnson_____
H. Stan Johnson, Esq.
Nevada Bar No. 0265
375 E. Warm Springs Road, Suite 104
Las Vegas, Nevada 89119

Attorneys for Defendants Ancestry.com
Operations Inc., Ancestry.com Inc., and
Ancestry.com LLC

1

## CERTIFICATE OF SERVICE

2

3      Pursuant to FRCP 5(b)(2)(E), I hereby certify that on this day, I caused a true and correct copy

4  of the foregoing **ANSWER** to be served via the Court's electronic system on all registered and active

5  parties.

6      DATED this 30th day of September 2021.

7                                   /s/ Sarah Gondek

8                                   **COHEN-JOHNSON, LLC**

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' ANSWER