Miles N. Clark, Esq.
Nevada Bar No. 13848
Matthew I. Knepper, Esq.
Nevada Bar No. 12796
KNEPPER & CLARK LLC
5510 So. Fort Apache Rd, Suite 30
Las Vegas, NV 89148
Phone: (702) 856-7430
Fax: (702) 447-8048
Email: Miles.Clark@knepperclark.com

Michael F. Ram (*Pro Hac Vice*)
Marie N. Appel (*Pro Hac Vice*)
MORGAN & MORGAN COMPLEX
LITIGATION GROUP
711 Van Ness Avenue, Suite 500 San
Francisco, CA 94102
Telephone: (415) 358-6913
Facsimile: (415) 358-6293
Email: MRam@forthepeople.com
Email: MAppel@forthepeople.com

Benjamin R. Osborn (*Pro Hac Vice*)
102 Bergen Street Brooklyn, NY 11201
Telephone: (347) 645-0464
Email: Ben@benosbornlaw.com

*Counsel for Plaintiffs and the Proposed Class*

COHEN-JOHNSON, LLC
H. Stan Johnson, Esq. (SBN: 0265)
(sjohnson@cohenjohnson.com)
375 E. Warm Springs Road, Suite 104
Las Vegas, Nevada 89119
Telephone : (702) 823-2500
Facsimile : (702) 823-3400

QUINN EMANUEL URQUHART &
SULLIVAN, LLP
Shon Morgan (*Pro Hac Vice forthcoming*)
(shonmorgan@quinnemanuel.com)
John W. Baumann (*Pro Hac Vice application pending*) (jackbaumann@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Cristina Henriquez (*Pro Hac Vice*)
(cristinahenriquez@quinnemanuel.com)
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5000

*Attorneys for ANCESTRY.COM OPERATIONS INC., ANCESTRY.COM INC., and ANCESTRY.COM LLC*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ANTHONY SESSA and MARK SESSA, *on behalf of themselves and all others similarly situated*,<br><br>Plaintiffs,<br><br>v.<br><br>ANCESTRY.COM OPERATIONS INC., a Virginia Corporation; ANCESTRY.COM INC., a Delaware Corporation; and ANCESTRY.COM LLC, a Delaware Limited Liability Company,<br><br>Defendants. | Case No.: 2:20-cv-02292-GMN-BNW<br><br>**JOINT DISCOVERY PLAN AND PROPOSED ORDER**<br><br>Complaint filed: Dec. 17, 2020 |

09149-00007/12981843.1

Having met and conferred, the parties to the above-entitled action jointly submit this JOINT DISCOVERY PLAN & PROPOSED ORDER pursuant to Civil Local Rule 26-1.

1. **Discovery Cut-Off Date**.

    Plaintiffs' Position: consistent with the Joint Discovery Plan and Proposed Order filed on March 21, 2021 (ECF No. 29), Plaintiffs anticipate completing discovery within twelve months of the Court's ruling on Defendants' anti-SLAPP motion. The Court denied Defendants' anti-SLAPP motion on September 17, 2021 (ECF No. 36). Accordingly, Plaintiffs propose a discovery cut-off date of September 19, 2022.

    Defendants have informed Plaintiffs that Defendants intend to appeal this Court's ruling denying their anti-SLAPP motion, and that Defendants intend to seek a stay of discovery while their appeal is pending. No appeal has yet been filed, nor have Defendants yet filed a motion seeking a stay of discovery. Plaintiffs are prepared to start discovery immediately and therefore propose specific dates and discovery topics in this Discovery Plan.

    Plaintiffs believe Defendants' anti-SLAPP motion is without merit, and that any appeal Defendants take would be for the purpose of delaying this case. Should Defendants appeal this Court's anti-SLAPP ruling, Plaintiffs reserve the right to move this Court for a ruling that Defendants' anti-SLAPP motion is frivolous or vexatious, and for an award of attorneys' fees, costs, and damages of $10,000 as provided for under N.R.S. 41.670. Plaintiffs further reserve the right to request that this Court deny a stay pending Defendants' appeal. Under N.R.S. 41.670(3)(b), this Court may grant any "relief as the court deems proper to punish and deter the filing of frivolous or vexatious [anti-SLAPP] motions."

    Should Defendants obtain a stay of discovery, Plaintiffs reserve the right to pursue this case without having obtained discovery from Defendants, including filing a motion for class certification.

09149-00007/12981843.1

Defendants' Position: Pursuant to Nevada Revised Statute § 41.670, Ancestry has appealed this Court's order denying its anti-SLAPP motion (ECF No. 36; ECF No. 39). *See, e.g., Wynn v. Bloom*, 852 F. App'x 262 n. 1 (9th Cir. 2021) (recognizing right to appeal denial of anti-SLAPP motion under Nevada law). Nevada's anti-SLAPP statute mandates that discovery "shall" be stayed pending "disposition of any appeal from the ruling on the motion." Nev. Rev. Stat. Ann. § 41.660(3)(e). *See also Freedom Mortg. Corp. v. Kent as Tr. of 6221 Red Pine Tr.*, 2021 WL 601605, at *2 (D. Nev. Feb. 16, 2021) ("[I]mportantly, NRS 41.660(3)(e)(2) expressly contemplates a stay pending the disposition of any appeal. The Motion for Reconsideration is an appeal to the District Judge. The Court will order that a stay of discovery remain in place until Judge Gordon decides the pending Motion"); *Foley v. Pont*, 2012 WL 2503074, at *5 (D. Nev. June 27, 2012) ("[S]taying discovery pending the outcome of the . . . Defendants' anti-SLAPP motion to dismiss is warranted under NRS 41.660(3)."). Because a discovery stay is mandated by statute, it appears premature to establish a discovery schedule.

Plaintiffs contend Ancestry's anti-SLAPP motion is "frivolous." The motion had ample basis even if denied,[1] but to the extent plaintiff seek to press that position, it must be decided by the Ninth Circuit. *See, e.g., Randazza v. Cox*, 2015 WL 4419543, at *2 (D. Nev. July 20, 2015)

---

[1] Plaintiffs offer nothing to support this conclusory assertion, which would require them to meet the high bar of demonstrating "any reasonable attorney would agree the motion was totally devoid of merit." *E.g., Rudisill v. California Coastal Co.*, 247 Cal. Rptr. 840 (2019); *John v. Douglas Cty. Sch. Dist.*, 125 Nev. 746, 756 (2009) (recognizing "California's anti-SLAPP statute is similar in purpose and language to Nevada's anti-SLAPP statute"). This Court's denial of the anti-SLAPP motion is not a basis for a determination the motion was frivolous. *See, e.g., Borenstein v. Animal Found.*, 2021 WL 1035100, at *16 (D. Nev. Mar. 17, 2021). And, while this Court determined the alleged use of plaintiffs' names was not "in connection with public affairs" because "the use is for commercial purposes," there is a substantial question whether commercial use precludes application of the "public affairs" exception. *See, e.g., Guglielmi v. Spelling–Goldberg Productions*, 25 Cal. 3d 860, 868–69 (1979) ("The First Amendment is not limited to those who publish without charge. . . . The fact that respondents sought to profit from the production and exhibition of a film utilizing Valentino's name and likeness is not constitutionally significant."). Were it otherwise, if the Las Vegas Review previewed an article about President Biden's inauguration that included his image, but required readers to go through a paywall to access it, the article would lose the protection of this exception.

(recognizing court "lacked jurisdiction to decide issues regarding . . . counterclaims" while an order denying the anti-SLAPP motion to strike those counterclaims was on appeal) (citing *Natural Resources Defense Council, Inc. v. Southwest Marine, Inc.*, 242 F.3d 1163, 1166 (9th Cir. 2001)).

In addition to the discovery stay effected by the appeal of Ancestry's anti-SLAPP motion, Ancestry will also be filing a motion to stay the case in its entirety pending disposition of both the anti-SLAPP appeal in this case, as well as plaintiffs' appeal from an order granting Ancestry's motion to dismiss in *Callahan v. Ancestry.com, Inc.*, Case No. 21-16161 (9th Cir.). In *Callahan* the Ninth Circuit will address two issues that will potentially dispose of plaintiffs' claims here: (1) whether an alleged violation of the "right of publicity," standing alone, can give rise to an injury sufficient to confer Article III standing; and (2) whether Ancestry is immune to these claims pursuant to section 230 of the Communications Decency Act. Because the conduct underlying both this action and *Callahan* are identical, the Ninth Circuit's decision will likely have outcome-determinative application here. Courts routinely issue stays in similar circumstances. *See, e.g., Lilly v. Cheyenne Med. LLC*, 2020 WL 8269543, at *1 (D. Nev. Nov. 30, 2020) ("I agree that a stay is justified here. The Supreme Court's decision in *Facebook* should simplify many of the issues in this case . . . and could be case-dispositive."); *United States v. Landeros*, 2017 WL 10085686, at *1–2 (D. Nev. Jan. 4, 2017) ("The *Beckles* decision is thus almost certain to determine whether petitioner has a cognizable claim . . . A stay pending the decision in *Beckles* will thus simplify the proceedings and promote the efficient use of the parties' and the court's limited resources."); *Busk v. Integrity Staffing Sols., Inc.*, No. 2:10-CV-1854-RLH-NJK, 2013 WL 4786254, at *2 (D. Nev. Sept. 5, 2013) ("Plaintiffs are seeking to pursue a class action which will include nationwide discovery costs and legal fees and ultimately be very costly and burdensome for Defendant. However, the Supreme Court's decision . . . could drastically alter the parties' litigation focus and, indeed, the case itself. Therefore, forcing Defendant, and Plaintiffs for that

09149-00007/12981843.1

matter, to proceed prior to a decision . . . risks wasting a substantial amount of resources on a case that may never go forward in its current form. Requiring the parties to incur such costs would be both pointless and prejudicial.").

2. **Amending the Pleadings and Adding Parties, Expert Disclosures, Dispositive Motions, and Pretrial Order**.

<u>Plaintiffs' Position</u>: Consistent with Local Rule 26-1(b)(2), Plaintiffs propose a deadline for filing motions to amend the pleadings or to add parties that is ninety days before the close of discovery, *i.e.* June 21, 2022.

Plaintiffs do not presently anticipate a need for expert testimony. In the event expert testimony is needed, consistent with Local Rule 26-1(b)(3), Plaintiffs propose the deadline for expert disclosures as sixty days before the close of discovery, *i.e.* July 21, 2022. Plaintiffs propose the deadline for rebuttal disclosures as thirty days before the close of discovery, *i.e.* August 19, 2022.

Consistent with Local Rules 26-1(b)(4) and (b)(5), Plaintiffs propose the deadline for dispositive motions as thirty days after the discovery cut-off date, *i.e.* October 31, 2022, and the deadline for filing a joint pretrial order as thirty days after the deadline for dispositive motions, i.e. December 1, 2022.

<u>Defendants' Position:</u> For reasons set forth above, Ancestry believes it is premature to set deadlines that are effectively keyed off the close of discovery. However, should this case proceed, Ancestry (1) anticipates filing a motion for summary judgment and a motion to deny class certification, and (2) may engage experts, including with respect to potential class certification issues.

3. **Fed. R. Civ. P. 26(a) Disclosures**

<u>Plaintiffs' Position</u>: Plaintiffs propose exchanging initial disclosures under Rule 26(a) within fourteen days of the filing of this Discovery Plan, *i.e.* on or before October 15, 2021.

09149-00007/12981843.1

Defendants' Position: Ancestry objects to the initial disclosure requirement set forth in Federal Rule of Civil Procedure 26(a). Ancestry has appealed the denial of its motion to strike which, as set forth above, stays discovery pending disposition of the appeal. *See, e.g., Freedom Mortg. Corp.*, 2021 WL 601605 at *2 ("[I]mportantly, NRS 41.660(3)(e)(2) expressly contemplates a stay pending the disposition of any appeal."); *Foley*, 2012 WL 2503074 at *5 ("staying discovery pending the outcome of the [] Defendants' anti-SLAPP motion to dismiss is warranted under NRS 41.660(3).").

4. **Alternative Dispute Resolution**

Plaintiffs' Position: Plaintiffs are willing to discuss the possibility of mediation. Consistent with the Joint Discovery Plan and Proposed Order filed on March 21, 2021 (ECF No. 29), Plaintiffs would agree, subject to approval from the Court, to participate in private mediation.

Defendants' Position: Ancestry believes any mediation would be most productive following disposition of its appeal of this Court's denial of its anti-SLAPP motion and the pending *Callahan* appeal. Should this case proceed, Ancestry would agree to participate in private mediation, subject to approval from the Court.

5. **Alternative Forms of Case Disposition**

The parties certify that they considered trial by magistrate judge and use of the Short Trial Program. The parties agree that neither are appropriate for this matter.

6. **Electronic Evidence**

Because Defendant has taken the position that discovery should be stayed pending their anti-SLAPP appeal, the parties have not discussed whether they intend to present evidence in electronic format to jurors.

/ / /

09149-00007/12981843.1

7. **Topics for Discovery**

<u>Plaintiffs' Position</u>: Plaintiffs anticipate seeking discovery on the following topics. Plaintiffs reserve the right to seek discovery on additional topics as the case develops.

(1) Documents and testimony showing the economic value of plaintiffs' names and images to Ancestry, including: licensing fees Ancestry pays to third parties for access to Plaintiffs' photographs; conversion rates for users who receive free-trial records and "hint" emails; and Ancestry's statements regarding why they use Plaintiffs' names and images.

(2) Documents and testimony showing how Ancestry's website functions when presenting Plaintiffs' names, photographs, and personal information in advertisements.

(3) Documents and testimony showing Ancestry's expectations regarding how subscribers will use Plaintiffs' photographs.

(4) Documents and testimony about privacy and intellectual property concerns related to Ancestry's collection and use of personal information.

(5) Documents and testimony showing the number of photographs in Ancestry's database corresponding to Nevada yearbooks, and the number of subscribers in Nevada.

/ / /

Defendants' Position: Ancestry believes identification of discovery topics is premature in light of its appeal of the Court's denial of its anti-SLAPP motion, as set forth above.

Respectfully submitted,

| **KNEPPER & CLARK LLC** | **QUINN EMANUEL URQUHART & SULLIVAN, LLP** |
|---|---|
| /s/ *Miles N. Clark* | /s/ *Cristina Henriquez* |
| Matthew I. Knepper, Esq., SBN 12796 | Cristina Henriquez (*Pro Hac Vice*) |
| Miles N. Clark, Esq., SBN 13848 | 555 Twin Dolphin Drive, 5th Floor |
| 5510 So. Fort Apache Rd, Suite 30 | Redwood Shores, CA 94065 |
| Las Vegas, NV 89148 | Email: cristinahenriquez@quinnemanuel.com |
| matthew.knepper@knepperclark.com | |
| miles.clark@knepperclark.com | |
| *Counsel for Plaintiffs and the Proposed Class* | *Attorneys for Defendants Ancestry.com Operations Inc., Ancestry.com Inc., and Ancestry.com LLC* |

### Order

IT IS ORDERED that ECF No. 40 is DENIED. The Court does not find good cause for such an extended discovery period. The parties shall have the standard, 180-day discovery plan starting from September 17, 2021. The parties may stipulate to or move for extensions of discovery, if necessary.

**IT IS SO ORDERED**

DATED: 5:10 pm, October 04, 2021

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE

09149-00007/12981843.1