Miles N. Clark, Esq.
Nevada Bar No. 13848
Matthew I. Knepper, Esq.
Nevada Bar No. 12796
KNEPPER & CLARK LLC
5510 So. Fort Apache Rd, Suite 30
Las Vegas, NV 89148
Telephone: (702) 856-7430
Facsimile: (702) 447-8048
Email: Miles.Clark@knepperclark.com
Email: Matthew.Knepper@knepperclark.com

Michael F. Ram (SBN 104805) (appearing *Pro Hac Vice*)
mram@forthepeople.com
Marie N. Appel (SBN 187483) (appearing *Pro Hac Vice*)
mappel@forthepeople.com
MORGAN & MORGAN
COMPLEX LITIGATION GROUP
711 Van Ness Avenue, Suite 500
San Francisco, CA 94102
Telephone: (415) 358-6913
Telephone: (415) 358-6293

Benjamin R. Osborn (appearing *Pro Hac Vice*)
102 Bergen St., Brooklyn, NY 11201
Phone: (347) 645-0464
Email: ben@benosbornlaw.com

*Attorneys for Plaintiffs and the Proposed Class*

# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| ANTHONY SESSA AND MARK SESSA, *on behalf of themselves and all others similarly situated,*<br><br>　　　Plaintiffs,<br>v.<br><br>ANCESTRY.COM OPERATIONS INC., a Virginia Corporation; ANCESTRY.COM, INC., a Delaware Corporation; ANCESTRY.COM LLC, a Delaware Limited Liability Company.<br><br>　　　Defendants. | Case No.: 2:20-cv-02292-GMN-BNW<br><br>**OPPOSITION TO DEFENDANTS' MOTION TO STAY CASE PENDING APPEAL** |

OPPOSITION TO DEFENDANTS' MOTION TO STAY CASE PENDING APPEALi

## PRELIMINARY STATEMENT

Although styled as a single "motion to stay," Ancestry's motion in fact seeks three separate stays. First, Ancestry seeks a stay of this entire action pending an appeal filed by the plaintiffs in *Callahan v. Ancestry.com, Inc.*, Case No. 21-16161 (9th Cir., appellants' opening brief due Nov. 19). ECF No. 43 at *3-4. Second, Ancestry seeks a stay of discovery pending Ancestry's appeal of this Court's denial of its anti-SLAPP motion to strike. *Id.* at *2-3. Third, Ancestry seeks a stay of this entire action pending Ancestry's anti-SLAPP appeal. *Id.* at *3-4.

The three requested stays should be denied. First, Ancestry has entirely failed to carry its burden of demonstrating that an indefinite, multi-year stay pending the *Callahan* appeal is appropriate; it has not even cited the appropriate legal standards, much less demonstrated a "clear case of hardship or inequity." Second, a stay of discovery pending Ancestry's anti-SLAPP appeal is not warranted because the Nevada statute allows discovery of information necessary to show a probability of prevailing on the merits, and because staying discovery would conflict with Federal procedural law. Third, Ancestry fails to offer any justification for departing from the text of Nevada's anti-SLAPP statute, which limits the scope of any stay to "discovery" only.

## ARGUMENT

**A.     Ancestry has failed to carry its burden of demonstrating that a stay pending resolution of the *Callahan* appeal is necessary.**

Ancestry cites no legal basis for this Court to grant a stay pending the appeal of a different case. ECF No. 36. Nor does it cite any of the relevant legal standards. *Id*. Presumably, Ancestry intends to invoke this Court's "discretionary power to stay proceedings . . . under [*Landis*]." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir.

OPPOSITION TO DEFENDANTS' MOTION TO STAY CASE PENDING APPEAL 1

1  2005) (*citing Landis v. North American Co.*, 299 U.S. 248, 254, 57 S.Ct. 163, 81 L.Ed.
2  153 (1936)).

3  Such stays are seldom granted. "Only in rare circumstances will a litigant in one
4  cause be compelled to stand aside while a litigant in another settles the rule of law that
5  will define the rights of both." *Lockyer*, at 1019 (*citing Landis*, at 255). When deciding
6  whether to issue a *Landis* stay pending other proceedings, "the court must weigh
7  competing interests including (1) the possible damage which may result from the granting
8  of a stay; (2) the hardship or inequity which a party may suffer in being required to go
9  forward; and (3) the orderly course of justice measured in terms of the simplifying or
10 complicating of issues, proof, and questions of law which could be expected to result
11 from a stay." *Singer v. Las Vegas Athletic Clubs*, 376 F. Supp. 3d 1062, 1070 (D. Nev.
12 2019) (*citing CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)). As "[t]he
13 proponent of a stay," Ancestry "bears the burden of establishing its need." *Id.*, *citing*
14 *Clinton v. Jones*, 520 U.S. 681, 708 (1997). "[I]f there is even a fair possibility that the
15 stay . . . will work damages to someone else," the moving party "must make out a clear
16 case of hardship or inequity." *Landis*, at 255.

17 Ancestry has failed to carry its burden. All three *CMAX* factors weigh against
18 staying this case pending the *Callahan* appeal. First, Plaintiffs will suffer harm through
19 the delay of monetary recovery and injunctive relief against ongoing harm to their
20 intellectual property and privacy rights. *See Lively v. Caribbean Cruise Line, Inc.*, No.
21 2:14-cv-00953l, 2014 WL 4377924 at *3 (E.D. Cal. Sep. 3, 2014); *Lockyer v. Mirant*
22 *Corp.*, 398 F.3d 1098, 1112 (9th Cir. 2005) (delay is particularly harmful where the
23 plaintiffs seek "injunctive relief against ongoing and future harm").

OPPOSITION TO DEFENDANTS' MOTION TO STAY CASE PENDING APPEAL 2

1    Ancestry cannot provide a definite date on which its requested stay would expire.
2    A decision in *Callahan* is likely years away. The parties have not yet submitted opening
3    briefs. Stays of indefinite and protracted length are heavily disfavored. *See, e.g.*,
4    *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir.
5    2007) ("stays should not be indefinite"); *Thomas v. Smith-Palluck Assocs. Corp.*, No.
6    2:17-cv-02001, 2019 WL 1586750 at *2 (D. Nev. Apr. 12, 2019) ("Indefinite stays are at
7    odds with the Federal Rules of Civil Procedure"); *Hoeun Yong v. Immigr. & Nat. Serv.*,
8    208 F.3d 1116 (9th Cir. 2000) (reversing stay because it "could remain in effect for a
9    lengthy period of time, perhaps for years").
10   In all the cases Ancestry cites, a decision in the related matter was imminent. *See*
11   *U.S. v. Landeros*, 2017 WL 10085686 at *2 (D. Nev. Jan. 4, 2017) ("The length of this
12   stay is tied to . . . a case that has already been argued and submitted and will be submitted
13   this term"); *Busk v. Integrity Staffing Sols., Inc.*, No. 2:10-CV-1854, 2013 WL 4786254
14   at *2 (D. Nev. Sept. 5, 2013) (granting stay "pending a decision by the Supreme
15   Court . . . or for 180 days . . . whichever is sooner); *Lilly v. Cheyenne Med. LLC*, 2020
16   WL 8269543, at *1 (D. Nev. Nov. 30, 2020) ("The delay should last no longer than June
17   30, 2021, but the Facebook decision likely will come months before then").
18   Ancestry argues "plaintiffs would suffer no prejudice" because any "delay is
19   unavoidable due to the mandatory discovery stay." ECF No. 43 at * 4. Ancestry thus
20   apparently admits that its request for a stay pending the *Callahan* appeal has no
21   independent justification. In any case, the *Callahan* appeal and Ancestry's anti-SLAPP
22   appeal are unlikely to take the same amount of time given the simplicity of the question
23   presented in Ancestry's anti-SLAPP appeal.

OPPOSITION TO DEFENDANTS' MOTION TO STAY CASE PENDING APPEAL 3

<u>Second</u>, Ancestry fails to identify any hardship or inequity it would suffer from this case moving forward while the *Callahan* appeal is pending. *See* ECF No. 43. "[B]eing required to defend a suit, without more, does not constitute a clear case of hardship or inequity for purposes of a stay." *Singer*, at 1071 (*quoting Lockyer*, at 1112).

The burden of discovery likely will be light. Because this case centers around Ancestry's use of Plaintiffs' names and likenesses in publicly available advertisements promoting the Ancestry website, many of the facts can be gathered without discovery. Plaintiffs have already served targeted requests (*see* Ex. 1), the bulk of which seek documents only if Ancestry asserts various affirmative defenses. *Cf. Busk*, at 2013 WL 4786254 at *2 (granting stay when discovery would "be very costly and burdensome").

<u>Third</u>, Ancestry has not demonstrated that resolution of the *Callahan* appeal would "simplify[] . . . issues" in this lawsuit. *See CMAX*, at 258. In *Callahan* the Ninth Circuit will determine whether Magistrate Judge Beeler committed reversible error by: (1) ruling that plaintiffs asserting claims against Ancestry under California law lacked standing; and (2) providing an advisory opinion that Ancestry would be immune under the CDA.[1]

This Court has already addressed and resolved both issues that are most closely related to the issues on appeal in *Callahan*. The *Callahan* appeal will affect this case only if the Ninth Circuit disagrees with this Court's resolution of the issues. This is unlikely.

---

[1] The plaintiffs in *Callahan* filed a motion in the district court for reconsideration in light of the Supreme Court's intervening decision in *TransUnion*. 20-cv-8437 (Dkt. No. 57 filed Sept. 23, 2021). As this Court wrote, Magistrate Judge Beeler's order "did not address whether the plaintiffs' statutory injury had a common law analog as required by *Spokeo* and *TransUnion*." ECF No. 36 at *6.

OPPOSITION TO DEFENDANTS' MOTION TO STAY CASE PENDING APPEAL4

The Court's analysis of standing was based on a straightforward application of *Spokeo* and *TransUnion*. ECF No. 36 at *8-13. Similarly, its analysis of CDA immunity was based on a clear application of controlling Ninth Circuit authority. *Id.*, at *19-22.[2]

B. **Ancestry has not shown that a stay of discovery is authorized under Nevada law. Even if it were, a stay would conflict with Federal procedural law.**

Ancestry argues that Nev. Rev. Stat. § 41.660(3)(e) "mandates a discovery stay" in this case. ECF No. 36 at *2. Ancestry is wrong, for two reasons. First, the Nevada statute provides that, while an anti-SLAPP appeal is pending, the court "shall" allow discovery of "information necessary" to oppose the anti-SLAPP motion, including information needed to "demonstrate[] with prima facie evidence a probability of prevailing" on the challenged claim. Nev. Rev. Stat. §§ 41.660(4); (3)(e); and (3)(b). *See Rebel Commc'n, LLC v. Virgin Valley Water Dist.*, 2:10-CV-0513-LRH-PAL, 2011 WL 3841340 at *1-2 (D. Nev. Aug. 25, 2011) (granting discovery while an anti-SLAPP motion was pending of information needed "to oppose [the] anti-SLAPP motion") (*citing Metabolife Int'l, Inc. v. Wornick*, 264 F.3d 832, 850 (9th Cir. 2001)).

Here, Plaintiffs have served requests targeted at elements of their claim for which discovery is needed to show a probability of prevailing. *See* Ex. 1. These elements include: "actual damages," which may be based on the amounts Ancestry paid or received for the use of their likenesses; "knowing[] . . . use," which may be based on

---

[2] Four additional district courts have held that CDA immunity does not protect websites with business practices nearly identical to Ancestry. *See Knapke v. PeopleConnect Inc*, 2:21-cv-00262-MJP, Dkt. No. 25 (W.D. Wash. filed Aug. 10, 2021); *Kolebuck-Utz v. Whitepages Inc.*, No. C23-0053-JCC, 2021 WL 1575219 (W.D. Wash. Apr. 22, 2021); *Lukis v. Whitepages Inc.*, 454 F. Supp. 3d 746, 763 (N.D. Ill. 2020); *FTC v. Accusearch, Inc.*, No. 06-CV105-D, 2007 WL 4356786 (D. Wyo. Sep. 28, 2007), *aff'd*, 570 F.3d 1187 (10th Cir. 2009).

OPPOSITION TO DEFENDANTS' MOTION TO STAY CASE PENDING APPEAL 5

Ancestry's knowledge of the commercial value of Plaintiffs' likenesses, and on Ancestry's knowledge of the privacy and intellectual property violations inherent in its use; lack of "written consent"; and numerosity of the class. *See* Ex. 1, Requests 1- 7. The requests also seek documents necessary to respond to various affirmative defenses Ancestry may raise. *See* Ex. 1, Requests 8 – 14.

There can be no harm to Ancestry in allowing this discovery because it will have to occur no matter how the Ninth Circuit decides Ancestry's appeal. This Court held that Ancestry's anti-SLAPP motion failed the first step of Nevada's anti-SLAPP analysis because "the challenged advertising communications do not implicate matters of public concern." ECF No. 36 at *32. Even if Ancestry succeeds in obtaining reversal on appeal – an unlikely prospect[3] – on remand this Court would still need to address the second step of Nevada's anti-SLAPP analysis, *i.e.*, whether the non-moving party can show "with prima facie evidence a probability of prevailing on the claims[s]." *Id.* (*citing* Nev. Rev. Stat. § 41.660(3)(b); *Coker v. Sassone*, 432 P.3d 746, 748 (Nev. 2019)). This factual inquiry would require the same discovery Plaintiffs have already commenced.

Second, even were Ancestry correct that Nevada law "mandates a discovery stay" (which it does not), a stay would conflict with Federal procedural law and should therefore be denied. The Ninth Circuit has ruled that discovery stays contained in state anti-SLAPP laws "collide with Federal Rule of Civil Procedure 56" if their application would require "test[ing] the plaintiff's evidence before the plaintiff has completed

---

[3] The district court in *Callahan* also rejected Ancestry's anti-SLAPP arguments. *See Callahan*, No. 3:20-cv-08437, 2021 WL 783524 at *11 (N.D. Cal. June 15, 2021) (denying California anti-SLAPP motion on grounds that "Ancestry's inclusion of the yearbook information is not a public issue.").

OPPOSITION TO DEFENDANTS' MOTION TO STAY CASE PENDING APPEAL 6

discovery." *Metabolife Intern., Inc. v. Wornick*, 264 F.3d 832, 846 (9th Cir. 2001). Subsequent decisions – including several cited by Ancestry – have clarified that, when an anti-SLAPP motion functions as a motion for summary judgment, the procedural limitations in state anti-SLAPP laws must give way to Federal law favoring discovery. *See, e.g.*, *Clifford v. Trump*, 339 F. Supp. 3d 915, 923 (C.D. Cal. 2018) (state anti-SLAPP rules that "limit discovery" do "not apply to anti-SLAPP motions that are analogous to motions for summary judgment").

      In Nevada, all anti-SLAPP motions function as motions for summary judgment. *See, e.g.*, *Haack v. City of Carson City*, 3:11-cv-00353, 2012 WL 3638767 at \*6 (D. Nev. Aug. 22, 2012) ("Nevada's anti-SLAPP statute is clear that a special motion to dismiss brought under its provisions is to be treated as a motion for summary judgment"). Accordingly, under *Metabolife* the discovery stay described in Nevada's anti-SLAPP statute must give way to Federal procedural law, and discovery may proceed. *See Metabolife*, at 846 ("Because the discovery-limiting aspects of [California's anti-SLAPP state] collide with the discovery-allowing aspects of Rule 56, these aspects . . . cannot apply in federal court") (*quotation omitted*).

      Relying exclusively on authority interpreting California's anti-SLAPP statute, Ancestry argues that its anti-SLAPP motion to strike should be treated as "analogous to a motion to dismiss, not a motion for summary judgment," and that therefore *Metabolife* does not apply. ECF No. 43 at \*2 n. 2 (*quotations omitted*). But, unlike in California, in Nevada an anti-SLAPP motion is <u>always</u> treated as a motion for summary judgment. *See, e.g.*, *Haack*, at \*6; *Revel Commc'n*, at \*1 ("If a special motion is filed, the court must treat the motion as one for summary judgment"); *Walker v. Intelli-heart Servs., Inc.*, No.

OPPOSITION TO DEFENDANTS' MOTION TO STAY CASE PENDING APPEAL 7

3:18-cv-00132, 2019 WL 1044010 at *3 (D. Nev. Mar. 4, 2020) (same); *Las Vegas Sands Corp. v. First Cagayan Leisure & Resort Corp.*, Case No. 2:14-cv-424, 2016 WL 4134523, at *3 (D. Nev. Aug. 2, 2016) (same). This treatment flows from the statutory language regarding the burden of proof. In Nevada, an anti-SLAPP movant must prove "by a preponderance of evidence" that the motion should be granted. Nev. Rev. Stat. § 41.660(3)(a). California's anti-SLAPP statute contains no such evidentiary burden. *See* Cal. Civ. Proc. § 425.16(b)(1).

That Ancestry elected not to introduce evidence does not change the analysis. A party cannot convert a motion for summary judgment into a motion to dismiss for its own tactical benefit simply because it offers no supporting evidence.

Ancestry's cases are distinguishable. In *Freedom Mortgage*, the court ordered a stay of discovery pending a motion for reconsideration of an anti-SLAPP denial. No. 2:19-cv-01411, 2021 WL 601605 at *2 (D. Nev. Feb. 16, 2021). The decision did not address the exception for discovery needed to oppose the anti-SLAPP motion, nor did it address the conflict with FRCP 56 under *Metabolife*. In *Randazza v. Cox*, most of the claims "were automatically stayed under a separate provision of the bankruptcy code," and the court noted that the "case is already nearly three years old, and discovery has closed." No. 2:12-cv-02040, 2015 WL 4419543 at *2 (D. Nev. Dec. 2, 2016). *Foley v. Pont* did not concern a post-denial appeal. No. 2:11-cv-01769, 2012 WL 2503074 (D. Nev. June 27, 2012). The *Foley* court granted a stay pending its rulings on an anti-SLAPP motion and a motion to dismiss. *Foley* did not grant a stay as an automatic matter of right, but rather based in part on its preliminary finding that the defendant was likely to succeed in its motion to dismiss. *Id.*, at *4-5. In *Clifford v. Trump*, the court declined to

OPPOSITION TO DEFENDANTS' MOTION TO STAY CASE PENDING APPEAL 8

apply a California anti-SLAPP procedural rule because the rule conflicted with a Federal statute allowing waiver of deadlines for "good cause." 339 F.Supp. 3d 915, 924 (C.D. Cal. 2018).

**C.     Ancestry's request for a stay of the entire case pending its anti-SLAPP appeal should be denied because it has no basis in law.**

Even were this Court "mandated" by Nevada law to stay discovery (which it is not), the scope of the stay described in Nev. Rev. Stat. 41.660 is expressly limited to "discovery." Nev. Rev. Stat. 41.660(e). Ancestry invites this Court to ignore the statute and instead stay this action "in its entirety." The Court should decline the invitation.

Ancestry asserts that its appeal of this Court's denial of its anti-SLAPP motion "divests the district court of . . . jurisdiction over the merits of plaintiffs' claim." ECF No. 43 at *3. This is incorrect. "[A]n appeal of an interlocutory order does not ordinarily deprive the district court of jurisdiction except with regard to the matters that are the subject of the appeal." *Britton v. Co-op Banking Group*, 916 F.2d 1405, 1412 (9th Cir. 1990). The subject of Ancestry's anti-SLAPP appeal is whether this Court committed reversible error when it ruled that Ancestry had not established the first step of Nevada's anti-SLAPP analysis. ECF No. 32 at *32. Because Plaintiffs' claim under Nevada's Right to Publicity statute is not the subject of Ancestry's appeal, this Court retains jurisdiction over the claim. *See Schering Corporation v. First Databank Inc.*, No. 07-cv-01142, 2007 WL 1747115 at *4 (N.D. Cal. June 18, 2007) (appeal of denial of anti-SLAPP motion "did not divest this Court of jurisdiction" over the challenged claim).

Here, even if this Court elects to stay discovery, retaining jurisdiction over the remainder of the case has practical import because Plaintiffs may elect to move for class certification without formal discovery. Much of the information Plaintiffs need for class

OPPOSITION TO DEFENDANTS' MOTION TO STAY CASE PENDING APPEAL    9

certification can be gathered from Ancestry's website, albeit at much greater inconvenience than formal discovery would allow.

## CONCLUSION

For the above-stated reasons, Ancestry's three motions to stay should be denied.

Dated: October 21, 2021

*/s/ Miles N. Clark*
Miles N. Clark, Esq.
Matthew I. Knepper, Esq.
KNEPPER & CLARK LLC
5510 So. Fort Apache Rd, Suite 30
Las Vegas, NV 89148
*Additional counsel listed on caption*

OPPOSITION TO DEFENDANTS' MOTION TO STAY CASE PENDING APPEAL  10

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 21, 2021, and pursuant to the Federal Rules of Civil Procedure, a true and correct copy of the foregoing **OPPOSITION TO DEFENDANTS' MOTION TO STAY CASE PENDING APPEAL** was served via the U.S. District Court's electronic filing system to all parties appearing in this case.

Cristina A Henriquez, Esq.
QUINN EMANUEL URQUART & SULLIVAN, LLP
555 Twin Dolphin Dr., 5th Floor
Redwood Shores, CA 94065
Email: cristinahenriquez@quinnemanuel.com

John W. Baumann, Esq.
Shon Morgan, Esq.
QUINN EMANUEL URQUHART & SULLIVAN, LLP
865 South Figueroa, 10th Floor
Los Angeles, CA 90017
Email: jackbaumann@quinnemanuel.com
Email: shonmorgan@quinnemanuel.com

H. Stan Johnson, Esq.
COHEN-JOHNSON, LLC
375 E. Warm Springs Road, Suite 104
Las Vegas, NV 89119
Email: sjohnson@cohenjohnson.com

*Attorneys for Defendants*
*Ancestry.com Operations Inc.; Ancestry.com Inc.; and Ancestry.com LLC*

　　　　　　　　　　　　　　　　　*/s/ Lucille Chiusano*
　　　　　　　　　　　　　　　　　An Employee of KNEPPER & CLARK LLC

OPPOSITION TO DEFENDANTS' MOTION TO STAY CASE PENDING APPEAL    11