| | |
|---|---|
| Miles N. Clark, Esq.<br>Nevada Bar No. 13848<br>Matthew I. Knepper, Esq.<br>Nevada Bar No. 12796<br>KNEPPER & CLARK LLC<br>5510 So. Fort Apache Rd, Suite 30<br>Las Vegas, NV 89148<br>Phone: (702) 856-7430<br>Fax: (702) 447-8048<br>Email: Miles.Clark@knepperclark.com<br><br>Michael F. Ram (*Pro Hac Vice*)<br>Marie N. Appel (*Pro Hac Vice*)<br>MORGAN & MORGAN COMPLEX LITIGATION GROUP<br>711 Van Ness Avenue, Suite 500 San Francisco, CA 94102<br>Telephone: (415) 358-6913<br>Facsimile: (415) 358-6293<br>Email: MRam@forthepeople.com<br>Email: MAppel@forthepeople.com<br><br>Benjamin R. Osborn (*Pro Hac Vice*)<br>102 Bergen Street Brooklyn, NY 11201<br>Telephone: (347) 645-0464<br>Email: Ben@benosbornlaw.com<br><br>*Counsel for Plaintiffs and the Proposed Class* | COHEN-JOHNSON, LLC<br>H. Stan Johnson, Esq. (SBN: 0265)<br>(sjohnson@cohenjohnson.com)<br>375 E. Warm Springs Road, Suite 104<br>Las Vegas, Nevada 89119<br>Telephone : (702) 823-2500<br>Facsimile : (702) 823-3400<br><br>QUINN EMANUEL URQUHART & SULLIVAN, LLP<br>Shon Morgan (*Pro Hac Vice*)<br>(shonmorgan@quinnemanuel.com)<br>John W. Baumann (*Pro Hac Vice*)<br>(jackbaumann@quinnemanuel.com)<br>865 South Figueroa Street, 10th Floor<br>Los Angeles, California 90017<br>Telephone: (213) 443-3000<br>Facsimile: (213) 443-3100<br><br>Cristina Henriquez (*Pro Hac Vice*)<br>(cristinahenriquez@quinnemanuel.com)<br>555 Twin Dolphin Drive, 5th Floor<br>Redwood Shores, California 94065<br>Telephone: (650) 801-5000<br>Facsimile: (650) 801-5000<br><br>Attorneys for ANCESTRY.COM OPERATIONS INC., ANCESTRY.COM INC., and ANCESTRY.COM LLC |

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ANTHONY SESSA and MARK SESSA, *on behalf of themselves and all others similarly situated*,<br>               Plaintiffs,<br><br>      v.<br><br>ANCESTRY.COM OPERATIONS INC., a Virginia Corporation; ANCESTRY.COM INC., a Delaware Corporation; and ANCESTRY.COM LLC, a Delaware Limited Liability Company,<br>               Defendants. | Case No.: 2:20-cv-02292-GMN-BNW<br><br>**AMENDED JOINT DISCOVERY PLAN AND PROPOSED ORDER**<br><br>Complaint filed: Dec. 17, 2020 |

Having met and conferred, the parties to the above-entitled action jointly submit this JOINT DISCOVERY PLAN & PROPOSED ORDER pursuant to Civil Local Rule 26-1.

1. **Discovery Cut-Off Date and Discovery Status**.

Plaintiffs' Position: Plaintiffs anticipate completing fact discovery within 180 days of April 28, 2022, which is the date this case was unstayed following the dismissal of Defendants' appeal of the denial of their anti-SLAPP motion. Accordingly, Plaintiffs propose a fact discovery cut-off date of October 25, 2022.

Plaintiffs served an initial set of document requests on Defendants on October 20, 2021. Defendants provided responses and objections to those requests on November 19, 2021, stating in response to each request that their position was that discovery was automatically stayed pending the disposition of Defendants' anti-SLAPP appeal and thus Defendants would not be making any production. The parties agreed that Defendants would provide amended responses to Plaintiffs' first set of document requests within two weeks of the stay being lifted, making those amended responses due on May 12, 2022. Plaintiffs expect to serve additional discovery requests after receiving Defendants' amended responses and document production. Plaintiffs also anticipate conducting depositions, both of individual fact witnesses and pursuant to Fed. R. Civ. P. 30(b)(6) after Defendants substantively respond to Plaintiffs' written discovery.

Defendants' Position: Discovery in this case had been stayed pursuant to Nevada Revised Statute § 41.670 while Ancestry's motion to dismiss pursuant to Nevada's anti-SLAPP statute and Ancestry's subsequent appeal of the Court's decision on that motion were pending. Thus, no discovery schedule had been established in this matter.

On April 28, 2022, the Court lifted the stay. ECF No. 56. Ancestry agrees that discovery in this matter can be completed within 180 days of that date—October 25, 2022. Ancestry has

agreed to serve revised discovery responses by May 12, 2022. Ancestry also intends to serve its own discovery requests on each of the plaintiffs and to depose them.

2. **Amending the Pleadings and Adding Parties, Expert Disclosures, Dispositive Motions, and Pretrial Order**.

The parties propose amending the deadlines previously set by the Court given the time that has elapsed during the stay of this case.

Plaintiffs' Position: Consistent with Local Rule 26-1(b)(2), Plaintiffs propose a deadline for filing motions to amend the pleadings or to add parties that is ninety days before the close of discovery, *i.e.* July 27, 2022.

Plaintiffs propose a deadline for Plaintiffs' class certification motion as thirty-five days after the discovery cut-off date, or November 29, 2022.

Plaintiffs do not presently anticipate a need for expert testimony. In the event expert testimony is needed, Plaintiffs propose the deadline for merits expert disclosures as thirty days after the Court rules on Plaintiffs' motion for class certification. Plaintiffs propose the deadline for responsive expert disclosures as sixty days after the Court rules on Plaintiffs' motion for class certification.

Plaintiffs propose the deadline for dispositive motions as ninety days after the Cour rules on Plaintiffs' motion for class certification.

Defendants' Position: Ancestry also anticipates filing a motion for summary judgment and may file a motion to deny class certification; Ancestry also anticipates that it may engage experts, including with respect to potential class certification issues. Ancestry proposes that the deadline to file its opposition to plaintiff's motion for class certification as six weeks after plaintiffs file their motion for class certification.

3. **Fed. R. Civ. P. 26(a) Disclosures**

The parties propose exchanging initial disclosures under Rule 26(a) within seven days of the filing of this Discovery Plan, *i.e.* on or before May 19, 2022.

4. **Alternative Dispute Resolution**

Consistent with the Joint Discovery Plan and Proposed Order filed on March 21, 2021 (ECF No. 29), the parties would agree, subject to approval from the Court, to participate in private mediation.

5. **Alternative Forms of Case Disposition**

The parties certify that they considered trial by magistrate judge and use of the Short Trial Program. The parties agree that neither are appropriate for this matter.

6. **Electronic Evidence**

The parties intend to present evidence in electronic format to jurors. The parties will work cooperatively to enter a Stipulated ESI Protocol.

7. **Topics for Discovery**

Plaintiffs' Position: Plaintiffs anticipate seeking discovery on the following topics. Plaintiffs reserve the right to seek discovery on additional topics as the case develops.

(1) Documents and testimony showing the economic value of plaintiffs' names and images to Ancestry, including: licensing fees Ancestry pays to third parties for access to Plaintiffs' photographs; conversion rates for users who receive free-trial records and "hint" emails; and Ancestry's statements regarding why they use Plaintiffs' names and images.

(2) Documents and testimony showing how Ancestry's website functions when presenting Plaintiffs' names, photographs, and personal information in advertisements.

(3) Documents and testimony showing Ancestry's expectations regarding how subscribers will use Plaintiffs' photographs.

(4) Documents and testimony about privacy and intellectual property concerns related to Ancestry's collection and use of personal information.

(5) Documents and testimony showing the number of photographs in Ancestry's database corresponding to Nevada yearbooks, and the number of subscribers in Nevada.

<u>Defendants' Position</u>: Ancestry anticipates seeking discovery on the following topics and reserves the right to seek discovery on additional topics as the case develops:

(1) any loss plaintiffs and putative class members purportedly suffered as a result of the alleged conduct;

(2) any opportunity plaintiff and putative class members had to monetize their information, including names, yearbook photographs, school names, school location, and other yearbook information;

(3) any consents by plaintiff or putative class members to publication of that information, including posting of that information online;

(4) any efforts by plaintiff or putative class members to maintain the privacy of such information;

(5) documents related to any agreements between Ancestry and the putative class members;

(6) any evidence plaintiff or other class members have an intellectual property right in that information; and

(7) any evidence of emotional harm, mental injury, or distress plaintiff or putative class members allegedly suffered on account of work information being publicly available, including any medical information verifying that harm.

Respectfully submitted,

| **KNEPPER & CLARK LLC** | **COHEN-JOHNSON, LLC** |
|---|---|
| /s/ *Miles N. Clark* | /s/ *H. Stan Johnson* |
| Miles N. Clark, Esq., SBN 13848<br>Matthew I. Knepper, Esq., SBN 12796<br>Shaina R. Plaksin, Esq., SBN 13935<br>5510 So. Fort Apache Rd, Suite 30<br>Las Vegas, NV 89148<br>Email: matthew.knepper@knepperclark.com<br>Email: miles.clark@knepperclark.com<br>Email: shaina.plaksin@knepperclark.com<br><br>*Counsel for Plaintiffs and the Proposed Class* | H. Stan Johnson, Esq. (SBN: 0265)<br>(sjohnson@cohenjohnson.com)<br>375 E. Warm Springs Road, Suite 104<br>Las Vegas, Nevada 89119<br><br>**Attorneys for Defendants Ancestry.com Operations Inc., Ancestry.com Inc., and Ancestry.com LLC** |

## **ORDER**

IT IS ORDERED that ECF No. 58 is GRANTED.

IT IS FURTHER ORDERED that the parties are to file a stipulation, by 5/20/2022, with a table that enumerates the deadlines discussed at ECF No. 58. IT IS FURTHER ORDERED that the parties must include in the table a deadline for the proposed Joint Pretrial Order which shall be 30 days after the dispositive motion deadline or an order on such motion. This will allow the Clerk's Office to more easily enter the approved deadlines (as well as provide the parties with a more accessible Discovery Plan and Scheduling Order).

IT IS FURTHER ORDERED that the motion hearing set for 5/18/2022 at 11:00 a.m. is VACATED.

**IT IS SO ORDERED**

**DATED:** 3:05 pm, May 16, 2022

**BRENDA WEKSLER**
**UNITED STATES MAGISTRATE JUDGE**