Miles N. Clark, Esq.
Nevada Bar No. 13848
LAW OFFICES OF MILES N. CLARK, LLC
5510 S. Fort Apache Rd, Suite 30
Las Vegas, NV 89148
Phone: (702) 856-7430
Fax: (702) 552-2370
Email: miles@milesclarklaw.com

[Additional counsel listed on signature page]

*Counsel for Plaintiffs and the Proposed Class*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ANTHONY SESSA; and MARK SESSA, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ANCESTRY.COM OPERATIONS INC., a Virginia Corporation; ANCESTRY.COM INC., a Delaware Corporation; and ANCESTRY.COM LLC, a Delaware Limited Liability Company,<br><br>Defendants. | Case No. 2:20-cv-02292-GMN-BNW<br><br>**PLAINTIFFS' MOTION TO COMPEL DEFENDANTS' RESPONSE TO INTERROGATORY NO. 12 AND MEMORANDUM IN SUPPORT**<br><br>Complaint filed: December 17, 2020<br><br>Hon. Judge Gloria M. Navarro |

09149-00007/12981843.1

Plaintiffs, Anthony Sessa and Mark Sessa, move to compel Defendants, Ancestry.com Operations, Inc., Ancestry.com, Inc., and Ancestry.com LLC (together, "Ancestry") to provide a complete answer to Interrogatory No. 12 issued to Ancestry by Plaintiffs pursuant to Fed. R. Civ. P. 37. In accordance with Local Rule 26-6, Plaintiffs list the interrogatory and relevant portion of the response at issue below. Plaintiffs respectfully request that the Court grant their motion, order Ancestry to fully answer Interrogatory No. 12, and order Ancestry to pay Plaintiffs' costs in moving to compel under Rule 37(a)(5).

**INTRODUCTION**

Previously, the Court largely granted a motion to compel when Ancestry refused to produce documents relating to its collection of Plaintiffs' and Class members' personal information and yearbook photographs, improper use of that information for commercial purposes without consent, and Ancestry's revenue associated with the use of that misappropriated information. *See* Doc. 82. Continuing with its established pattern of evasiveness, Ancestry now refuses to fully answer Interrogatory No. 12, which, among other information, seeks the date that each Nevada yearbook was uploaded to the Ancestry Yearbook Database. Ancestry has, in turn, maintained that the date of upload is either (1) irrelevant, or (2) relevant yet overly burdensome to identify. However, this information is not only highly relevant to Plaintiffs' discovery into Ancestry's affirmative defenses, but is also "proportional to the needs of the case." Fed. R. Civ. P. 26.

First, Ancestry has asserted several affirmative defenses which hinge upon the timing of when yearbooks were uploaded to Ancestry. To suggest that evidence related to those affirmative defenses is irrelevant is untenable. Plaintiffs expect that Ancestry will claim the requested information is irrelevant because Plaintiffs' class definition is not limited to individuals appearing in Nevada yearbooks, but the fact that Plaintiffs have agreed to limit this discovery request to Nevada yearbooks rather than all yearbooks that appear on ancestry.com should not preclude them from gathering this clearly relevant information.

Second, Ancestry also asserts that the requested information is overly burdensome for it to produce, but this contention is belied by the fact that Ancestry acknowledges that it could identify

LAW OFFICES OF MILES N. CLARK
5510 S Fort Apache Rd, Ste 30
Las Vegas, NV 89148
Phone: (702) 856-7430
Fax: (702) 552-2370
www.milesclarklaw.com

when each of the Plaintiffs' yearbook records were added to the website. Moreover, Ancestry has not articulated the burden it would suffer were it to gather responsive information, or at least the best information available to it in a reasonable search.

Plaintiffs move to compel Ancestry to fully respond to Interrogatory No. 12, as Ancestry cannot carry its "'heavy burden' of demonstrating why discovery should be denied." *F.T.C. v. AMG Servs., Inc.*, No. 212-CV-536-GMN-VCF, 2015 WL 176417, at *2 (D. Nev. Jan. 14, 2015).

## **RELEVANT FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiffs sued Ancestry because it misuses people's names and faces to advertise its subscriptions—all without their permission. Ancestry publishes an online database of information from school yearbooks, what it calls the "U.S., School Yearbooks, 1900-1999" database. Doc. 1 ("Compl.") ¶ 3. To do so, it collects the yearbooks from unknown sources and then extracts people's names, faces, and details to store that information in its database. *Id*. Over time, Ancestry has amassed over 1.7 million records on Nevadans alone. *Id*. It then sells access to their information for profit through its online subscriptions using the yearbook images from its database as part of its onsite advertising to solicit website users to purchase subscriptions. *Id*. ¶¶ 8-12.

Ancestry never sought Plaintiffs' or Class members' consent to collect their information, never notified them that their information would be used in advertising, and never compensated them for the same. *Id*. ¶ 4. These actions violate Nev. Rev. Stat. §§ 579.770 *et seq.* because Ancestry misappropriated Plaintiffs' and Class members' names and likenesses for a "commercial use." *Id*. ¶¶ 68-74.

In September 2021, the Court denied Ancestry's motion to dismiss Plaintiffs' publicity claim and motion to strike their complaint under the anti-SLAPP statute. *See* Doc. 36. Ancestry then answered Plaintiffs' complaint, asserting 30 affirmative defenses, including: laches, waiver, statute of limitations, failure to mitigate, waiver, and ratification. *See* Doc. 38. As described more fully below, each of these defenses is predicated upon the Plaintiffs' and Class members' purported delay in bringing these claims against Ancestry. Accordingly, the yearbook upload dates sought in Interrogatory No. 12 are directly relevant to those defenses.

09149-00007/12981843.1

On June 6, 2022, Plaintiffs served Interrogatories on Ancestry. Ram Decl., Exhibit 1, at ¶ 3. Plaintiffs' Interrogatories were tailored to the claims raised in the Complaint and Ancestry's affirmative defenses, targeting only information related to Ancestry's liability and the Class's damages. *Id*. Ancestry initially responded to Plaintiffs' Interrogatories on July 25, 2022. Ram Decl. ¶ 4. In response to Interrogatory No. 12, Ancestry objected based on breadth and burden, that it was duplicative of other discovery request, and that it sought information not in Ancestry's possession, custody, or control, and refused to provide a response, instead offering to meet and confer with Plaintiffs. *Id.*, Ex. A. Plaintiffs sent a letter to Ancestry on August 11, 2022, regarding Ancestry's interrogatory responses and, with respect to Interrogatory No. 12, challenged Ancestry's burden objection, which was provided without any detail as to what burden Ancestry would suffer, noted that the request sought relevant information regarding Ancestry's affirmative defenses, and invited Ancestry to meet and confer about this response. *Id.*, Ex. B. Ancestry proceeded to ignore Plaintiffs' attempts to meet and confer for more than a month, with Ancestry finally agreeing to hold a telephone conference on September 20, 2022. *Id.*, Ex. F (R. Borrelli email to J. Baumann, 9/12/22). In advance of that telephone conference, Ancestry responded to Plaintiffs' August 11 letter and, with respect to Interrogatory No. 12, stated that it would "amend its responses and objections to this Interrogatory to provide certain information within its possession, custody, and control, and to explain what information it cannot provide." *Id.*, Ex. C. When the parties met by telephone on September 20, Plaintiffs clarified that, for Interrogatory No. 12, they wanted Ancestry to identify information about when each Nevada yearbook on ancestry.com was uploaded to the website, if that information is available. *Id.*, Ex. F (R. Borrelli email to J. Baumann, 9/20/22). Ancestry indicated that it would assess whether it could provide that information. *Id.* (C. Henriquez email to R. Borrelli, 9/20/22). Plaintiffs had not yet received Ancestry's supplemental response to Interrogatory No. 12 when it took the Rule 30(b)(6) and 30(b)(1) deposition of Ancestry's corporate designee, Todd Godfrey, on October 5, 2022. *Id.*, ¶ 5.

Finally, on October 25, 2022, Ancestry produced its supplemental responses and objections to Interrogatory No. 12, refusing to provide the upload date for each Nevada yearbook identified

LAW OFFICES OF MILES N. CLARK
5510 S Fort Apache Rd, Ste 30
Las Vegas, NV 89148
Phone: (702) 856-7430
Fax: (702) 552-2370
www.milesclarklaw.com

in its response. Plaintiffs list Interrogatory No. 12 and Ancestry's supplemental response thereto below pursuant to Local Rule 26-6.

**PLAINTIFFS' INTERROGATORY NO. 12**:

"Identify all yearbooks in the Yearbook Database from schools in Nevada and the date on which each such yearbook was added to the Yearbook Database. Yearbooks should be identified by at least the following information: name of school; location of school within Nevada (city and county); year of yearbook publication; and date (day, month, and year) on which the yearbook was added to the Yearbook Database.

**ANCESTRY'S SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 12:**

Ancestry incorporates its general objections and in addition objects to this Interrogatory on the grounds that it: (i) is overly broad and unduly burdensome, including to the extent it seeks information that is neither relevant to the claims or defenses of any party nor proportional to the needs of the case, including because it is not limited to an appropriate temporal scope; (ii) is duplicative of other discovery in this action; and (iii) seeks information that is outside of Ancestry's possession, custody, or control, to the extent this information is not known or not capable of being accurately determined without undue burden and expense.

The below table lists the name of the school, year the yearbook was published, and school city for each Nevada yearbook in Ancestry's Yearbook Database. It does not list the county of the school because that is not something Ancestry tracks and it is something that is as accessible to plaintiffs as it is to Ancestry, so it would be unduly burdensome for Ancestry to take on the burden and expense of determining that irrelevant information for each yearbook within the database.

In addition, Ancestry objects to providing the yearbook upload date of each Nevada yearbook. Ancestry does not track yearbook record launches at the individual yearbook or yearbook record level, but rather tracks them at a "collection" level instead. So identifying the publication date for a given yearbook or yearbook record requires Ancestry to link that record back to a "collection" and determine the date the collection was uploaded or last updated. For some yearbooks and yearbook records, this information is more readily available than it is for others, depending on the collection the record or yearbook is a part of. While Ancestry might be able to identify dates when yearbook collections were updated, it might not be able to determine what new uploads were contained in each of those updates. The yearbooks collection has been updated several times since its original release in 2010. The earlier releases were completed using multiple toolsets and processes that have been replaced and are no longer supported. Although some of the underlying information is still available, it would require significant manual work

to review what data is still available and attempt to determine individual yearbook or record upload dates. In addition, this might not always be possible.

There are backups of yearbook collection launches that would need to be restored and meticulously reviewed to attempt to match a yearbook or yearbook record with any specific launch. Even then, not every launch has a backup, so not all the launch information can be restored and reviewed. Moreover, some yearbooks were released in phases. Sometimes, yearbook records within the same yearbook were released in various launches and it could be impossible to fully track and report which records were released in which launch. And certain yearbooks were reprocessed under different identifiers.

Determining the yearbook upload date for each yearbook or yearbook record from Nevada would require extensive manual review, and in some cases, it will be impossible to fully track down because that data might not be available.[1]

Plaintiffs have made significant efforts to resolve this dispute without court intervention. Between October 25, 2022, and November 4, 2022, Plaintiffs met and conferred with Ancestry multiple times via letter, telephone, and email about its supplemental responses and objections to Interrogatory No. 12. Ram Decl. ¶ 8, Ex. D. Specifically, Plaintiffs took issue with Ancestry's refusal to produce the requested information (despite its acknowledgement that such information is available), while simultaneously asserting a statute of limitations defense. *Id.* In fact, as Plaintiffs pointed out to Ancestry, its own website identifies when groups of yearbook records were added to the website. *Id.*, Ex. G (screenshot). Yet, Ancestry continued to suggest that yearbook records (as opposed to yearbooks as a whole) are parts of various "collections" that are uploaded in groups, and that it cannot identify what records are part of what collection without investigation into each individual record. *Id.*, Ex. D.

Not only is this explanation implausible, but Ancestry has also blocked Plaintiffs' attempts to investigate it further. Because the supplemental response to Interrogatory No. 12 was not served until after Mr. Godfrey's deposition, Plaintiffs were unable to ask Mr. Godfrey about the limited

---

[1] Ancestry's supplemental response also includes a 30-page table containing the "Year of Yearbook Publication," "School Name," and "School City" of a limited number of schools.

response to Interrogatory No. 12 (since Plaintiffs did not have it yet) and are now lacking testimony regarding how Ancestry tracks when yearbooks and/or yearbook records are added to ancestry.com that would substantiate Ancestry's objections to responding to this request. *Id.* Hoping to avoid a motion to compel, Plaintiffs offered to re-open the Rule 30(b)(6) deposition of Mr. Godfrey so they could obtain the testimony necessary to fully explore this topic. Ancestry refused. *Id.*

However, while Ancestry agreed to provide upload dates for the seven yearbooks directly related to the named Plaintiffs, it continues to refuse to provide the dates on which all other Nevada yearbooks were added to the database. *Id.* Plaintiffs maintain that the entirety of the requested information is relevant and necessary because Ancestry has asserted defenses which hinge upon Plaintiffs' and the Class's purported delay in taking action to protect their rights, making the upload dates critical. And, because it appears Ancestry can identify this information based on its offer to provide it for the named Plaintiffs, it has failed to substantiate its vague claim of burden. The Court should order Ancestry to produce the upload date for each Nevada yearbook, or, at a minimum, its best estimate as to when each yearbook was uploaded.

## LEGAL STANDARD

"[B]road discretion is vested in the trial court to permit or deny discovery." *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002); *see also Crawford-El v. Britton*, 523 U.S. 574, 598, (1998). Discovery is limited to any nonprivileged matter that is relevant to any party's claim or defense and is proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1).

Nonetheless, a party may seek an order compelling the opposing party to provide discovery if they are unable to come to an amicable resolution of their dispute. Fed. R. Civ. P. 37(a)(1); *see also Big City Dynasty v. FP Holdings, L.P.*, 336 F.R.D. 507, 510 (D. Nev. 2020). The responding party must carry a "heavy burden" to avoid discovery: "It has long been clear that the party resisting discovery bears a heavy burden of showing why that discovery should be denied." *V5*

09149-00007/12981843.1

*Techs. v. Switch, Ltd.*, 334 F.R.D. 306, 309 (D. Nev. 2019), *aff'd sub nom. V5 Techs., LLC v. Switch, LTD.*, No. 2:17-CV-2349-KJD-NJK, 2020 WL 1042515 (D. Nev. Mar. 3, 2020). Courts base this burden on the "liberal discovery principles of the Federal Rules." *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975). The party resisting discovery can only meet this burden by "specifically detailing" why they cannot respond: "Succinctly stated, the party opposing discovery bears the burden of showing the disputed discovery is not relevant, a burden that is met by specifically detailing the reasons why each request is irrelevant." *V5 Techs.*, 334 F.R.D. at 310. And they must do so in two steps by alleging: "(1) specific facts, which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence, or (2) sufficient detail regarding the time, money and procedures required to comply with the purportedly improper request." *U.S. ex rel. Fiederer v. Healing Hearts Home Care, Inc.*, No. 2:13-CV-1848-APG-VCF, 2014 WL 4666531, at *3 (D. Nev. Sept. 18, 2014).

Moreover, if the Court grants a motion under Rule 37, it "must" order the party resisting discovery to pay the moving party's expenses. Fed. R. Civ. P. 37 ("the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion[…] to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."). The resisting party may avoid paying those costs only if the Court finds that the parties did not meet and confer in "good faith," the party resisting discovery was "substantially justified," or "other circumstances make an award of expenses unjust." *Id*. A party is "substantially justified" in resisting discovery only if it "has shown that there is a genuine dispute or that reasonable people could differ as to the appropriateness of the contested action." *Aevoe Corp. v. AE Tech Co.*, No. 2:12-CV-00053-GMN, 2013 WL 5324787, at *2 (D. Nev. Sept. 20, 2013). And the burden is on the losing party to justify its conduct. *American Gen. Life Ins. Co. v. Futrell*, 2012 WL 4962997,

at *1 (D. Nev. Oct.16, 2012). ("The burden is on the losing party to affirmatively demonstrate that its discovery conduct was substantially justified.").

**ARGUMENT**

**A. The dates on which Ancestry added the Nevada Yearbooks to its Yearbooks Database are relevant to the claims and defenses raised in this case.**

The Court should compel Ancestry to provide the dates on which it added the Nevada Yearbooks to its Yearbook Database because this information is relevant to Plaintiffs' claims and Ancestry's defenses. District courts enjoy wide discretion in deciding relevancy for discovery purposes. *Shaw v. Experian Info. Solutions, Inc.*, 306 F.R.D. 293, 296 (S.D. Cal. 2015). To be permissible, discovery must be merely "relevant to any party's claim or defense." *In re Bard IVC Filters Prods. Liab. Litig.*, 317 F.R.D. 562, 563-64 (D. Ariz. 2016) (discussing impact of 2015 amendments to definition of relevance for discovery purposes). Relevance for the purposes of discovery is defined broadly. *See Garneau v. City of Seattle*, 147 F.3d 802, 812 (9th Cir. 1998); *see also Fed. Nat'l Mortg. Ass'n v. SFR Invs. Pool 1, LLC*, Case No. 2:14-cv-02046-JAD-PAL, 2016 WL 778368, at *2 n.16 (D. Nev. Feb. 25, 2016) (finding the scope of relevance remains broad even after 2015 amendments). Courts routinely reject relevance objections when the information sought bears on plaintiff's ability to prove her claim. *Chasson-Forrest v. Cox Comms. Las Vegas, Inc.*, 2017 WL 1328370, at *1 (Nev. App. Mar. 31, 2017).

By way of illustration, Ancestry has asserted the following affirmative defenses, all of which are based upon Plaintiffs' and Class members' purported delays and lack of timely action. These affirmative defenses include Laches, Waiver, Statutes of Limitations, Failure to Mitigate Damages, Waiver and Release, and Ratification. Doc. 38, ¶¶100, 101, 104, 105, 106, 116.

Each of these defenses turns on the dates when the Plaintiffs' and Class members' yearbooks were first available for viewing on ancestry.com. Plaintiffs expect that the statute of limitations may become an issue in this case based on Ancestry's position in a related case, *Bonilla v. Ancestry.com Operations Inc.*, No. 20 C 7390, 2022 WL 4291359, at *1 (N.D. Ill. Sept. 16, 2022). There, Ancestry argued that the plaintiff's yearbook photographs had been added to

09149-00007/12981843.1

ancestry.com more than one year before plaintiff filed his case, and thus outside of the one year statute of limitations provided by the Illinois Right of Publicity Act. *Id.*, at *3. The court agreed and dismissed the plaintiff's claims. *Id.*, at *5. Although Plaintiffs disagree with the analysis and result of the *Bonilla* case and are confident that a statute of limitations defense would be unsuccessful here,[2] Plaintiffs are entitled to discovery on this issue to respond to this affirmative defense.

Similarly, to establish laches, a party must demonstrate "(1) that the opposing party lacked diligence in pursuing its claim; and (2) that prejudice resulted from that lack of diligence." *Save the Peaks Coal. v. U.S. Forest Serv.*, 669 F.3d 1025, 1031 (9th Cir. 2012). l The doctrine of laches "derives from the maxim that a party who sleeps on his rights loses his rights," and is equivalent to the doctrine of waiver. *Id.* For both defenses, as well as Ancestry's "waiver and release" defense, the dates on which the yearbooks were uploaded are relevant to showing Plaintiffs did not delay in bringing their claims. Finally, the analysis of Ancestry's "Failure to Mitigate Damages" and "Ratification" defenses hinges, in part, on how much time claimants had to take action regarding the alleged conduct. Ostensibly, if enough time passed, that may show claimants failed to mitigate damages or that they "ratify[ed] . . . aqueiesc[ed] or consent[ed] to Ancestry's alleged conduct."

Despite the clear relevance of the requested information, Ancestry asserts that the request is irrelevant because it seeks information about yearbooks that may not contain records of putative class members. However, this objection ignores that Plaintiffs agreed to limit a number of their discovery requests in this case to Nevada yearbooks to address this very objection. Ram Decl., ¶ 6. Ancestry cannot now claim that the agreed-upon scope limitation is still not enough.

---

[2] *See, e.g., Brown v. Tromba*, 2:17-cv-02396-APG-BNW, 2022 WL 206106, at *3 (D. Nev. Jan. 24, 2022) ("Under Nevada's discovery rule, time limits generally 'do not commence and the cause of action does not 'accrue' until the aggrieved party knew, or reasonably should have known, of the facts giving rise to the damage or injury.'") (quoting *G & H Assocs. v. Ernest W. Hahn, Inc.*, 934 P.2d 229, 233 (Nev. 1997)); *Raymond G. Schreiber Revocable Trust v. Estate of Knievel*, 984 F. Supp. 2d 1099, 1111 (D. Nev. 2013) ("Nevada follows the discovery rule, that is, a claim accrues when a claimant knows or should have known the facts giving rise to the claims for relief.").

10 of 15

LAW OFFICES OF MILES N. CLARK
5510 S Fort Apache Rd, Ste 30
Las Vegas, NV 89148
Phone: (702) 856-7430
Fax: (702) 552-2370
www.milesclarklaw.com

Given the relevance of the requested information to the claims and defenses raise in this case, Plaintiffs' motion to compel should be granted.

**B. Plaintiffs' discovery request is not burdensome.**

Despite the relevance of Interrogatory No. 12, Ancestry asserts that obtaining the requested information would be "unduly burdensome" and objects on that basis as well. Considering the Court's broad latitude in making these determinations and given the clear relevance of the upload dates to the claims and defenses at issue, Ancestry's burden objection should be overruled.

Ancestry cannot carry the "heavy burden of showing why [] discovery should be denied," *V5 Techs.*, 334 F.R.D. at 309, and cannot show that the burden of providing the requested information "outweighs its likely benefit," Fed. R. Civ. P. 26; *see also Carreon v. Smith's Food & Drug Stores*, No. 2:18-CV-01933-APG-NJK, 2019 WL 13210889, at *2 (D. Nev. Feb. 26, 2019) ("[T]he moving party bears the burden of showing 'good cause' by demonstrating harm or prejudice that will result from the discovery."). As discussed above, the information is highly relevant. Thus, Ancestry must affirmatively show, with evidence, why responding to the request would be overly burdensome. To date, Ancestry has simply claimed that it would take "hundreds of hours to track down this information for the 2,654,270 Nevada yearbook records for which you seek the information." Ram Decl., Ex. D (C. Henriquez email to R. Borrelli, 11/1/22). But Plaintiffs do not seek this information on a record-by-record basis, but rather on a yearbook-by-yearbook basis. For example, if records in a specific yearbook were added to the website in 2018 and 2019, the interrogatory response should provide that information. Ancestry's attempt to manufacture a burden by focusing on the individual records in each Nevada yearbook misses the mark and attempts to answer a question that Interrogatory No. 12 does not ask.

The facts and arguments presented here are similar to those in *Donnelly v. NCO Financial Systems, Inc.*, 263 F.R.D. 500, 503 (N.D. Ill. 2009), a TCPA case where the "Plaintiff issued several discovery requests aimed at learning the basis for defendant's prior express consent defense." The *Donnelly* plaintiff requested that defendant produce "a list of all persons it called on cellular telephones with area code 312 or 773 and using a predictive dialer or automatic voice,

since August 19, 2008." *Id*. at 503. Much like Ancestry argues that identifying the requested upload dates would be burdensome and time-consuming, the defendant in *Donnelly* similarly argued that it "would be unduly burdensome to produce this information" and argued:

> "What we are dealing with here, [Y]our Honor, is over 100 million telephone calls. And it would require an analysis of all that data to establish many things; first of all, when the calls were placed, whether or not the calls were placed to the geographic location that's involved in the class, [omitting two other criterion], and then whether or not the calls that were placed are tied to an account that we could then identify so we have a class representative."

*Id*. at 502-503. The *Donnelly* court found in favor of the plaintiff, granting the motion to compel, and requiring defendant to produce class-wide documentation and information relating to its prior express consent defense, even if it required defendant to create special programs to extract such information and even if compiling it would take "several hundred hours." *Id*. at 503. The *Donnelly* court found that because the likely benefit of such material outweighed any burden and expense of producing it, the motion to compel should be granted. *Id.* at 504.

The facts here are similar as those in *Donnelly*. Ancestry objects to Plaintiffs' request for information that is relevant to several of Ancestry's affirmative defenses, arguing that it would be difficult, time consuming, and expensive for Ancestry to procure. However, since the analysis necessary to gather the information can be done,[3] and the value of information outweighs the burden of generating it, Plaintiffs' motion to compel should be granted. *See Argento v. Sylvania Lighting Servs. Corp.,* No. 2:15-CV-01277-JAD-NJK, 2015 WL 4918065, at *5 (D. Nev. Aug. 18, 2015) (In considering an "undue burden" argument, courts generally evaluate whether "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving those issues."). And Plaintiffs remain willing to meet and confer about the scope of the information available on a yearbook-by-yearbook

---

[3] Ancestry has shown that it is able to retrieve the requested information when it chooses to do so, as demonstrated by its offer to produce dates for the seven yearbooks associated with the named Plaintiffs. Ram Decl. ¶ 8, Ex. D.

09149-00007/12981843.1

12 of 15

LAW OFFICES OF MILES N. CLARK
5510 S Fort Apache Rd, Ste 30
Las Vegas, NV 89148
Phone: (702) 856-7430
Fax: (702) 552-2370
www.milesclarklaw.com

basis (as opposed to a record-by-record basis) or to reopen the deposition of Mr. Godfrey to explore the basis for Ancestry's burden objection.

In sum, Plaintiffs' Motion to Compel should be granted.

### C. The Court should order Ancestry to pay Plaintiffs' expenses and fees under Rule 37.

As noted above, the governing rules provide a presumption that reasonable expenses—including attorneys' fees—will be awarded to the party that prevails on a motion to compel discovery. Fed. R. Civ. P. 37(a)(5)(A); *see also Big City Dynasty*, 336 F.R.D. at 513. The losing party may rebut the presumption of an award of expenses by establishing that its position was "substantially justified." Fed. R. Civ. P. 37(a)(5)(A)(ii). A position is substantially justified when "the parties had a genuine dispute on matters on which reasonable people could differ as to the appropriate outcome." *Roberts v. Clark Cty. Sch. Dist.*, 312 F.R.D. 594, 609 (D. Nev. 2016) (citing *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). The party facing an award of expenses bears the burden of establishing substantial justification. *Nationstar Mortgage, LLC v. Flamingo Trails*, 316 F.R.D. 327, 335 (D. Nev. 2016). District courts have "great latitude" in awarding expenses under Rule 37. *Lew v. Kona Hosp.*, 754 F.2d 1420, 1425 (9th Cir. 1985).

The Court should order Ancestry to pay Plaintiffs' expenses and fees spent filing this motion because Ancestry's discovery misconduct is not "substantially justified." Fed. R. Civ. P. 37. Plaintiffs' Interrogatory No. 12 requested information that informs both the Plaintiffs' claims and Ancestry's defenses and accordingly, "reasonable people" would agree that the requested information is necessary to evaluate Ancestry's defenses and not unduly burdensome to produce. Thus, the Court should grant Plaintiffs' Motion and order Ancestry to pay their expenses and fees.

### CONCLUSION

For the above reasons, Plaintiffs respectfully request that the Court compel Ancestry to produce discovery under Rule 37, ordering Ancestry to:

A. Fully respond to Plaintiffs' Interrogatory No. 12, including the identification of dates on which it added or uploaded the Nevada Yearbooks to its Yearbooks Database;

09149-00007/12981843.1

LAW OFFICES OF MILES N. CLARK
5510 S Fort Apache Rd, Ste 30
Las Vegas, NV 89148
Phone: (702) 856-7430
Fax: (702) 552-2370
www.milesclarklaw.com

1  B.  Pay Plaintiffs' fees and costs in moving to compel this information under Rule 37; and

2  C.  Any such further relief as the Court deems just and equitable.

3  DATED: November 11, 2022.                         Respectfully Submitted by,

4                                                    **LAW OFFICES OF MILES N. CLARK, LLC**

5                                                    /s/ *Miles N. Clark*
                                                     Miles N. Clark, Esq.
6                                                    Nevada Bar No. 13848
                                                     5510 S. Fort Apache Road, Suite 30
7                                                    Las Vegas, NV 89148
                                                     Email: miles@milesclarklaw.com
8
                                                     Michael F. Ram (*Pro Hac Vice*)
9                                                    Marie N. Appel (*Pro Hac Vice*)
                                                     MORGAN & MORGAN COMPLEX
10                                                   LITIGATION GROUP
                                                     711 Van Ness Avenue, Suite 500
11                                                   San Francisco, CA 94102
                                                     Telephone: (415) 358-6913
12                                                   Facsimile: (415) 358-6293
                                                     Email: MRam@forthepeople.com
13                                                   Email: MAppel@forthepeople.com
14
15                                                   Benjamin R. Osborn (*Pro Hac Vice*)
                                                     102 Bergen Street
16                                                   Brooklyn, NY 11201
                                                     Telephone: (347) 645-0464
17                                                   Email: Ben@benosbornlaw.com
18
                                                     Raina C. Borrelli (*Pro Hac Vice*)
19                                                   TURKE & STRAUSS LLP
                                                     613 Williamson St., Suite 201
20                                                   Madison, WI 53703
                                                     Telephone: (608) 237-1775
21                                                   Facsimile: (608) 509-4423
                                                     raina@turkestrauss.com
22
23                                                   *Counsel for Plaintiffs*
                                                     ANTHONY SESSA; and MARK SESSA, on
24                                                   *behalf of themselves and all others similarly situated*

25

26

27

28
    09149-00007/12981843.1

LAW OFFICES OF MILES N. CLARK
5510 S Fort Apache Rd, Ste 30
Las Vegas, NV 89148
Phone: (702) 856-7430
Fax: (702) 552-2370
www.milesclarklaw.com

## CERTIFICATE OF SERVICE

Pursuant to FRCP 5(b)(2)(e), I hereby certify that on this day, I caused a true and correct copy of the foregoing **PLAINTIFFS' MOTION TO COMPEL DEFENDANTS' RESPONSE TO INTERROGATORY NO. 12 AND MEMORANDUM IN SUPPORT** to be served via the Court's electronic system on all registered and active parties.

/s/ *Lucille Chiusano*
An employee of Law Offices of Miles N. Clark, LLC

LAW OFFICES OF MILES N. CLARK
5510 S Fort Apache Rd, Ste 30
Las Vegas, NV 89148
Phone: (702) 856-7430
Fax: (702) 552-2370
www.milesclarklaw.com

09149-00007/12981843.1