# EXHIBIT 14

**Plaintiff Mark Sessa's Supplemental Answers and Objections To Defendants' First Set of Interrogatories (REDACTED)**

Miles N. Clark (SBN 13848)
Miles.Clark@knepperclark.com
KNEPPER & CLARK LLC
5510 So. Fort Apache Rd, Suite 30
Las Vegas, NV 89148
Telephone: (702) 856-7430
Facsimile: (702) 447-8048

[Additional Counsel Appear on Signature Page]

*Attorneys for Plaintiff and the Proposed Class*

## THE UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ANTHONY SESSA and MARK SESSA, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ANCESTRY.COM OPERATIONS INC., a Virginia Corporation; ANCESTRY.COM INC., a Delaware Corporation; and ANCESTRY.COM LLC, a Delaware Limited Liability Company,<br><br>Defendants. | Case No. 2:20-cv-02292-GMN-BNW<br><br>**PLAINTIFF MARK SESSA'S SUPPLEMENTAL ANSWERS AND OBJECTIONS TO DEFENDANTS' FIRST SET OF INTERROGATORIES**<br><br>Judge Gloria M. Navarro<br><br>Magistrate Judge Brenda Weksler<br><br>Complaint Filed: December 17, 2020 |

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff Mark Sessa ("Plaintiff") submits the following supplemental objections and responses to Defendants Ancestry.com Operations Inc., Ancestry.com Inc., and Ancestry.com LLC's ("Defendants") First Set of Interrogatories.

Plaintiff has responded to these Requests to the best of his present abilities. However, discovery, investigation, and trial preparation in this matter have not been completed and will continue as long as permitted by statute or stipulation.  Although Plaintiff is conducting a diligent search and reasonable inquiry to comply with these Requests, as more expressly detailed below,

Doc ID: dc73fe0211db486362e5d3beae5a96cfbed7de49

1    Plaintiff anticipates that, in the course of further investigation and discovery, additional
2    information may be obtained and/or discovered that might affect the responses provided herein.
3    To be clear, an offer to produce documents does not admit that documents exist or are in the
4    possession of Plaintiff. Therefore, the following responses to Defendants' Requests are without
5    prejudice to, and with the express reservation of, Plaintiff's rights to introduce documents or
6    information discovered or deemed responsive up to and through the date of trial. However,
7    Plaintiff undertakes no duty to supplement these responses, except as expressly set forth below or
8    as is required by the Federal Rules of Civil Procedure.

9                                               **DEFINITIONS**

10          1.      "You," "Your," or "Plaintiffs" shall mean Plaintiff Anthony Sessa and Mark
11   Sessa, and any of their agents, representatives, attorneys, assigns, and any other entities or persons
12   acting or purporting to act on their behalf, including counsel in this matter.  The definition of
13   "Plaintiffs", "You", and "Your" may change for the purposes of discovery requests if and to the
14   extent Plaintiff amend their Complaint to add or remove named plaintiffs.

15          2.      "Defendants" or "Ancestry" shall mean Defendants Ancestry.com Operations
16   Inc., Ancestry.com Inc., and Ancestry.com LLC, and any of their agents, representatives, and/or
17   any other persons or entities appearing to act on their behalf.

18          3.      "Action" shall mean the above captioned matter, *Sessa et al. v. Ancestry.com*
19   *Operations Inc. et al.*, Case No. 2:20-cv-02292 (D. Nev.).

20          4.      "Complaint" shall mean the Complaint filed in this Action on December 17, 2020.

21          5.      "Yearbook Records" shall mean the yearbooks at issue in the Complaint.

22          6.      "Yearbook Information" shall mean anything contained in or that could be derived
23   from the Yearbook Records, including but not limited to photographs, pictures, student names,
24   name of school, school location, grade, estimated age, and school activities.

25          7.      "Document" is used in the broadest possible sense as interpreted under the Federal
26   Rules of Civil Procedure and encompasses both hard copy documents and electronically stored
27   information.  By way of example "document" includes, without limitation, all originals, copies,

28

PLAINTIFF MARK SESSA'S SUPPLEMENTAL ANSWERS AND OBJECTIONS
TO DEFENDANTS' FIRST SET OF INTERROGATORIES - 2
(Case No. 2:20-cv-02292-GMN-BNW)

Doc ID: dc73fe0211db486362e5d3beae5a96cfbed7de49

and drafts of any written, printed, or graphic matter, and all "writings" as defined in Federal Rule of Evidence 1001, including, without limitation, the following: abstracts, advertisements, agendas, agreements, analyses of any kind, appointment calendars, articles, assignments, audio recordings, blueprints, books, brochures, charts, circulars, compilations, contracts, diaries, letters, email, reports (including reports or notes of telephone or other conversations), memoranda, brochures, books, ledgers, drawings, photographs, videos, specifications, drafts, catalogs, instructions, invoices, bills of materials, minutes, orders, publications, purchase orders, proposals, working papers, text messages, social media communications, and other writings of whatsoever nature, whether on paper or other information storage means, including film and computer memory devices; all drafts prepared in connection with any such writings, whether used or not; and where any such items contain any marking not appearing on the original or are altered from the original, then such items shall be considered to be separate original documents.

8.     "Communication" shall be construed to the fullest extent under the Federal Rules of Civil Procedure and shall mean, without limitation, the transmittal, disclosure, transfer, or exchange of information (in the form of facts, ideas, inquiries, or otherwise), by any means whatsoever, including orally or in writing, and by any medium whatsoever, including in person, via telephone or via digital or electronic communication.

9.     "Identify" or "Describe": (a) When used relating to any natural persons, shall mean to provide, to the extent known, the person's full name, present or last known business address, and phone number.  (b) When used relating to any non-natural person, "identify" shall mean to state the name of the business, legal, or governmental entity or association, and the present or last known address and telephone number of such business, legal, or governmental entity or association. (c) When used relating to any Document, "identify" shall mean to give, to the extent then known, the (i) type of Document; (ii) general subject matter; (iii) date of the Document; (iv) author(s), addressee(s) and recipients(s); and (v) Bates numbers if produced in this action. When used relating to any agreement, "identify" shall mean to give, to the extent known, its date and the place where it occurred, and identify all persons who were parties to the agreement and each

PLAINTIFF MARK SESSA'S SUPPLEMENTAL ANSWERS AND OBJECTIONS
TO DEFENDANTS' FIRST SET OF INTERROGATORIES - 3
(Case No. 2:20-cv-02292-GMN-BNW)

Doc ID: dc73fe0211db486362e5d3beae5a96cfbed7de49

person who has knowledge of the agreement, and all other persons present when it was made, and the subject matter of the agreement.  (e) When used in reference to one or more acts, events, instances, occasions, circumstances, meetings, conversations, allegations, or contentions, shall mean to state all facts concerning the subject matter in detail, including the date and place thereof, to identify the individual participants, to summarize separately for each individual participant what she or he said or did, and to identify each Document or Communication used or prepared in connection therewith or making any reference thereto.

10.    "Person" shall mean any natural person or legal entity, including a corporation, partnership, proprietorship, group, association, organization, business entity, governmental body, agency, or trust, and its predecessors, successors or current and former parents, subsidiaries, affiliates, partners, officers, directors, employees, representatives, agents (including attorneys, accountants and investment or other advisors), or any other person or entity acting, or purporting to act, on its behalf.

11.    "Refer to," "Relate to," and "Relating to" shall mean concerning, referring to, summarizing, reflecting, constituting, containing, embodying, pertaining to, involved with, mentioning, discussing, consisting of, comprising, showing, commenting upon, evidencing, or describing the subject matter.

## INSTRUCTIONS

1.    Answers to these Interrogatories are to be based upon all knowledge or information available to Plaintiffs, including, but not limited to, (1) all information or knowledge derivable from business or other records and (2) all knowledge or information possessed by any Person, including but not limited to, any employee, agent, attorney, expert witness, consultant, representative or other advisor, subject to the instruction, direction, or control of Plaintiffs.

2.    You are to answer each Interrogatory by providing all responsive information. If You are unable to answer any of the following Interrogatories fully and completely, after exercising due diligence to secure the information necessary to make full and complete answers, so state. In addition, answer each such Interrogatory to the fullest extent possible, specifying Your

PLAINTIFF MARK SESSA'S SUPPLEMENTAL ANSWERS AND OBJECTIONS
TO DEFENDANTS' FIRST SET OF INTERROGATORIES - 4
(Case No. 2:20-cv-02292-GMN-BNW)

Doc ID: dc73fe0211db486362e5d3beae5a96cfbed7de49

knowledge and Your inability to answer the remainder, and state whatever information or knowledge You may have concerning the unanswered portions of the Interrogatory, together with the identity of each Document or source from which more complete information is obtainable.

3.      If You object to any Interrogatory, You should specifically and separately state the reason for the objection so as to permit the Court to determine the legal sufficiency of Your objection or position, and provide the most responsive information You are willing to provide without a court order. If You object to any interrogatory, specify the part to which You object, state Your objections, state all factual and legal justifications that You believe support Your objections, and respond to the remainder to which You do not object.

4.      Pursuant to Fed. R. Civ. P. 26(b)(5), if You withhold otherwise responsive information based on a claim the information is privileged, please provide a privilege log that includes: the nature of the material not disclosed; the date and time the material was created or sent; the identity of each author and recipient; the number of pages, attachments, and exhibits; and all information on which You base Your claim of privilege.

5.      If Your response to a particular Interrogatory is a statement that You lack the ability to provide a response to that Interrogatory, You must specify whether the inability to provide a response is because the particular item or category of information never existed, has been destroyed, has been lost, misplaced, or stolen, or has never been, or is no longer, in Your possession, custody, or control, in which case the name and address of any Person known or believed by You to have possession, custody, or control of that information or category of information must be identified.

6.      If information responsive to any Interrogatory is contained in a Document, please produce any such Document or provide information sufficient to identify any such Document, including Bates number where applicable.

7.      These Interrogatories shall be deemed continuing in nature. You shall supplement Your responses in accordance with Fed. R. Civ. P. 26(e) within a reasonable time if You obtain or become aware of any further information responsive to these Interrogatories.

PLAINTIFF MARK SESSA'S SUPPLEMENTAL ANSWERS AND OBJECTIONS
TO DEFENDANTS' FIRST SET OF INTERROGATORIES - 5
(Case No. 2:20-cv-02292-GMN-BNW)

Doc ID: dc73fe0211db486362e5d3beae5a96cfbed7de49

8.      In construing these Interrogatories, the terms "any," "all," "every," and "each" shall be construed to include the other(s) as necessary to bring within the scope of these Interrogatories all information that might otherwise be construed to be outside of the scope of the Interrogatories. In addition, the terms "and," "or," and "and/or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these Interrogatories all information that might otherwise be construed to be outside of the scope of the Interrogatories.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1.      Plaintiff objects to Defendants' definition of "You" or "Your" as overly broad because it encompasses entities or persons who are not parties to this lawsuit. Plaintiff also objects to the inclusion of Anthony Sessa in this definition, and will only respond on his own behalf. Plaintiff has no relevant "agents," "representatives," or "assigns" apart from the undersigned counsel, that are pertinent to this lawsuit, and has authorized no other persons or entities to act on his behalf. Plaintiff objects to Defendants' Interrogatories and each individual request therein, to the extent they seek information not available from sources within Plaintiff's possession, custody, or control. Such Interrogatories seek to impose obligations on Plaintiff that are not authorized by the Federal Rules of Civil Procedure and are objectionable on that ground. Accordingly, Plaintiff will respond to Defendants' Requests by providing only information and documents available from sources within their possession, custody, or control. Plaintiff also objects to Defendants' definition of "You" or "Your" as vague and ambiguous to the extent that it does not define "acting on their behalf."

2.      Plaintiff further objects to Defendants' definition of "You" or "Your" to the extent that the reference to "attorneys" calls for documents and information protected from discovery by the attorney-client privilege, the attorney work product doctrine, the right of privacy of any person or entity, or any other applicable privilege or protection. Plaintiff will not produce privileged or protected material but will log withheld responsive, privileged documents according to the parties' ESI Protocol (Dkt. 73).

3.      Plaintiff objects to Instruction No. 1 as imposing obligations inconsistent with the

PLAINTIFF MARK SESSA'S SUPPLEMENTAL ANSWERS AND OBJECTIONS
TO DEFENDANTS' FIRST SET OF INTERROGATORIES - 6
(Case No. 2:20-cv-02292-GMN-BNW)

Doc ID: dc73fe0211db486362e5d3beae5a96cfbed7de49

Federal Rules of Civil Procedure. Plaintiff objects to Defendants' Interrogatories and each individual request therein, to the extent they seek information not available from sources within Plaintiff's possession, custody, or control. Plaintiff also objects to Instruction No. 1 to the extent that the reference to "attorney" calls for documents and information protected from discovery by the attorney-client privilege, the attorney work product doctrine, the right of privacy of any person or entity, or any other applicable privilege or protection.

4.      Plaintiff objects to Instruction No. 2 as imposing obligations inconsistent with the Federal Rules of Civil Procedure. If an Interrogatory or Request for Production is duplicative, Plaintiff will respond consistently and will only produce responsive documents and information once. Plaintiff also objects to Instruction No. 2 as imposing obligations greater than those in the Federal Rules of Civil Procedure. Plaintiff will only produce responsive, relevant, non-privileged documents in Plaintiff's possession, custody, or control. Plaintiff will log withheld responsive, privileged documents according to the parties' ESI Protocol (Dkt. 73).

5.      Plaintiff objects to Instruction No. 3 as imposing obligations inconsistent with the Federal Rules of Civil Procedure. Plaintiff is not required by the Federal Rules of Civil Procedure to provide the requested explanation and information. However, Plaintiff is willing to meet and confer about responses where Defendants think further explanation is necessary.

6.      Plaintiff objects to Instruction No. 5 as imposing obligations inconsistent with the Federal Rules of Civil Procedure.  Plaintiff is not required by the Federal Rules of Civil Procedure to provide the requested explanation and information. However, Plaintiff is willing to meet and confer about responses where Defendants think further explanation is necessary.

7.      Plaintiff objects to Instruction No. 6 as imposing obligations inconsistent with the Federal Rules of Civil Procedure. Plaintiff will not produce documents in response to interrogatories, should Defendants desire certain documents then they should make requests for production.

PLAINTIFF MARK SESSA'S SUPPLEMENTAL ANSWERS AND OBJECTIONS
TO DEFENDANTS' FIRST SET OF INTERROGATORIES - 7
(Case No. 2:20-cv-02292-GMN-BNW)

Doc ID: dc73fe0211db486362e5d3beae5a96cfbed7de49

1

## SUPPLEMENTAL ANSWERS TO INTERROGATORIES

2

**INTERROGATORY NO. 1:**    Identify all Persons to whom You have granted any license,

3

permission, or authorization to use Your name, likeness, identity, or persona, if any, including but

4

not limited to by contract, gift, conveyance, assignment, devise, or testamentary trust.

5

 **ANSWER:**    Plaintiff objects to the relevance of the requested information as the

6

information, whatever it may be, has no bearing on any claims or defenses in this action. Pursuant

7

to Nev. Rev. Stat. §§ 597.770 *et seq.,* it was Defendants' obligation to obtain Plaintiff's "written

8

consent" before making commercial use of their names, photographs, likenesses, and personas

9

and, Plaintiff alleges, Defendants failed to obtain that prior written consent. Specifically, Plaintiff

10

alleges "*Ancestry* has not received consent from, given notice to, or provided compensation to the

11

millions of Nevadans whose names, photographs, biographical information, and identities appear

12

in its Ancestry Yearbook Database" and that "*Ancestry* did not ask the consent of the people

13

whose personal information and photographs it profits from." Complaint at ¶¶ 4, 13. Whether

14

Plaintiff has consented to a different, entirely unrelated entity's use of their personal information

15

is irrelevant to whether Plaintiff gave their consent to Defendants for purposes of "advertising,

16

selling or soliciting the purchase of any product, merchandise, goods or service." Plaintiff objects

17

to this request as overbroad, unduly burdensome, and not proportional to the needs of the case to

18

the extent it is not limited in time or scope.

19

 Subject to and without waiving any objections, and to the extent that Plaintiff is able to

20

understand what is sought in this request, he responds as follows: none.

21

 **SUPPLEMENTAL ANSWER 11/21/2022:**    The parties met and conferred on this

22

request on October 20, 2022. In light of this conversation, subject to the above and without

23

waiving any objections, to the best of his recollection and consistent with his response to Request

24

No. 1, Plaintiff has never knowingly granted any Person any license, permission, or authorization

25

to use his name, likeness, identity, or persona. To the extent it is responsive, and Plaintiff disputes

26

that it is, Plaintiff has had limited use of Facebook, Instagram, LinkedIn, and Classmates.com.

27

28

---

PLAINTIFF MARK SESSA'S SUPPLEMENTAL ANSWERS AND OBJECTIONS
TO DEFENDANTS' FIRST SET OF INTERROGATORIES - 8
(Case No. 2:20-cv-02292-GMN-BNW)

Doc ID: dc73fe0211db486362e5d3beae5a96cfbed7de49

1

**INTERROGATORY NO. 2:**        For each Person set forth in Your response to Interrogatory

2  No. 1 separately Describe all facts regarding the nature and circumstances of Your grant of any

3  license, permission or authorization to use Your likeness, identity, or persona, including

4  Identifying any Documents evidencing such license, permission or authorization.

5         **ANSWER:**   Plaintiff objects to the relevance of the requested information as the

6  information, whatever it may be, has no bearing on any claims or defenses in this action. Pursuant

7  to Nev. Rev. Stat. §§ 597.770 *et seq.,* it was Defendants' obligation to obtain Plaintiff's "written

8  consent" before making commercial use of their names, photographs, likenesses, and personas

9  and, Plaintiff alleges, Defendants failed to obtain that prior written consent. Specifically, Plaintiff

10  alleges "*Ancestry* has not received consent from, given notice to, or provided compensation to the

11  millions of Nevadans whose names, photographs, biographical information, and identities appear

12  in its Ancestry Yearbook Database" and that "*Ancestry* did not ask the consent of the people

13  whose personal information and photographs it profits from." Complaint at ¶¶ 4, 13. Whether

14  Plaintiff has consented to a different, entirely unrelated entity's use of their personal information

15  is irrelevant to whether Plaintiff gave his consent to Defendants for purposes of "advertising,

16  selling or soliciting the purchase of any product, merchandise, goods or service." Plaintiff objects

17  to this request as overbroad, unduly burdensome, and not proportional to the needs of the case to

18  the extent it is not limited in time or scope.

19         Subject to and without waiving any objections, and to the extent that Plaintiff is able to

20  understand what is sought in this request, he responds as follows: none.

21  **INTERROGATORY NO. 3:**        Identify all facts supporting Your allegation that You have

22  suffered an injury that You attribute to Ancestry.

23         **ANSWER:**   Plaintiff objects to this request to the extent it seeks information protected

24  by the attorney client privilege and work product doctrines. Plaintiff also objects to this request

25  as unduly burdensome and overbroad in that it is not limited in terms of scope or time. Discovery

26  is ongoing, and Plaintiff's answer to this request is, in part, dependent on information and

27  documents in Defendants' possession. Plaintiff further objects because the request seeks

28

PLAINTIFF MARK SESSA'S SUPPLEMENTAL ANSWERS AND OBJECTIONS
TO DEFENDANTS' FIRST SET OF INTERROGATORIES - 9
(Case No. 2:20-cv-02292-GMN-BNW)

Doc ID: dc73fe0211db486362e5d3beae5a96cfbed7de49

1    information that may already be in the possession, custody, or control of Defendants and/or other

2    third parties and would thus be equally, if not more, available to Defendants. Plaintiff objects that

3    this request is impermissibly premature as it calls for expert opinions or testimony. Plaintiff will

4    make his expert disclosures in compliance with the timeframe provided by the Federal Rules and

5    this Court's Orders. Plaintiff expressly reserves the right to supplement this response as new

6    information is discovered and once Defendants have completed their related production.

7            Subject to and without waiving any objections, Plaintiff identifies the following facts,

8    Plaintiff has suffered injury in the form of stress and anxiety since he learned his information was

9    contained on the Ancestry.com site. Plaintiff feels incredibly passionately that Ancestry.com is

10   inconsistent with his values and personal beliefs and being associated with the site has created

11   emotional upset, to the point that it has impacted Plaintiff's sleeping and his enjoyment of daily

12   life.

13   **INTERROGATORY NO. 4:**            Identify every email address, telephone number, and billing

14   address You have used since 2009.

15          **ANSWER:**    Plaintiff objects to the relevance of the requested information as it has no

16   bearing on any claims or defenses in this action. Plaintiff objects to this request as unduly

17   burdensome and overbroad given the lengthy temporal scope.

18          Subject to and without waiving any objections, Plaintiff responds as follows: ████

19   ████   ████   ██████   █████   ███████   ████████████

20   ████████████████████████████

21   **INTERROGATORY NO. 5:**        State Your full name and every name, including any

22   nicknames, You have used in the past.

23          **ANSWER:**    Plaintiff responds as follows: Mark Angelo Sessa; Roger Rythym

24   **INTERROGATORY NO. 6:**        State the name and address of each school or other

25   academic institution You have attended.

26

27

28

PLAINTIFF MARK SESSA'S SUPPLEMENTAL ANSWERS AND OBJECTIONS
TO DEFENDANTS' FIRST SET OF INTERROGATORIES - 10
(Case No. 2:20-cv-02292-GMN-BNW)

**ANSWER:**    Plaintiff objects to the relevance of the requested information as it has no bearing on any claims or defenses in this action. Plaintiff further objects to this request as overbroad as it is not limited in time and scope.

Subject to and without waiving any objections, Plaintiff attended Western High School, 4601 W Bonanza Rd Las Vegas NV 89107; Robert O. Gibson Middle School 3900 West Washington Avenue, Las Vegas Nevada; Ruth ES Fyfe Elementary School, 4101 W Bonanza Rd Las Vegas 89107.

**INTERROGATORY NO. 7:**        List every Person with whom You have shared, or to whom You have released, Your Yearbook Information since the publication of the yearbooks.

**ANSWER:**    Plaintiff objects to this request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it is not limited in time or scope. Plaintiff also objects that this request is vague and ambiguous on account of Defendants not defining the terms "shared" and "released."

Subject to and without waiving any objections, Plaintiff may have invited other students to sign his yearbooks at approximately the time of receipt of the yearbooks. Plaintiff may have also invited his family members to review the content of the yearbook.

**INTERROGATORY NO. 8:**        For each Person set forth in Your response to Interrogatory No. 7, separately Describe the date, facts, and circumstances surrounding the sharing or releasing of Your Yearbook Information.

**ANSWER:**    Plaintiff objects to the relevance of the requested information as the information, whatever it may be, has no bearing on any claims or defenses in this action. Pursuant to Nev. Rev. Stat. §§ 597.770 *et seq.,* it was Defendants' obligation to obtain Plaintiff's "written consent" before making commercial use of their names, photographs, likenesses, and personas and, Plaintiff alleges, Defendants failed to obtain that prior written consent. Specifically, Plaintiff alleges "*Ancestry* has not received consent from, given notice to, or provided compensation to the millions of Nevadans whose names, photographs, biographical information, and identities appear in its Ancestry Yearbook Database" and that "*Ancestry* did not ask the consent of the people

PLAINTIFF MARK SESSA'S SUPPLEMENTAL ANSWERS AND OBJECTIONS
TO DEFENDANTS' FIRST SET OF INTERROGATORIES - 11
(Case No. 2:20-cv-02292-GMN-BNW)

Doc ID: dc73fe0211db486362e5d3beae5a96cfbed7de49

whose personal information and photographs it profits from." Complaint at ¶¶ 4, 13. Whether Plaintiff has consented to a different, entirely unrelated entity's use of their personal information is irrelevant to whether Plaintiff gave his consent to Defendants for purposes of "advertising, selling or soliciting the purchase of any product, merchandise, goods or service." Plaintiff objects to this request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it is not limited in time or scope. Plaintiff also objects that this request is vague and ambiguous on account of Defendants not defining the terms "sharing" and "releasing."

Subject to and without waiving any objections, Plaintiff will meet and confer with Defendants regarding information that might be responsive to this request.

**INTERROGATORY NO. 9:** Identify any account You have had with any website that permits the searching of names or pictures, including but not limited to, PeopleConnect, ClassMates, and e-Yearbook.

**ANSWER:** Plaintiff objects to the relevance of the requested information as the information, whatever it may be, has no bearing on any claims or defenses in this action. Plaintiff objects to this request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it is not limited in time or scope, particularly this request's use of the phrases "any account" and "any website."

Subject to and without waiving any objections, Plaintiff will meet and confer with Defendants regarding information that might be responsive to this request.

**SUPPLEMENTAL ANSWER 11/21/2022:** The parties met and conferred on this request on October 20, 2022. Ancestry clarified that this request seeks accounts where Plaintiff has created an account with a website that permits the searching of yearbooks or yearbook records. In light of this conversation, subject to the above and without waiving any objections, to the best of his recollection and consistent with his response to Request No. 16, Plaintiff had an account with Classmates.com associated with his marklesparkle54@yahoo.com email address.

**INTERROGATORY NO. 10:** State whether You have ever searched for any Person, including but not limited to Yourself, on any website that permits searching for names or pictures,

Doc ID: dc73fe0211db486362e5d3beae5a96cfbed7de49

including any websites relating to genealogy or heritage, and describe all facts regarding the circumstances of each search, including the dates of each search, the website You used to search, and each Person You searched for.

**ANSWER:**   Plaintiff objects to the relevance of the requested information as the information, whatever it may be, has no bearing on any claims or defenses in this action. Plaintiff objects to this request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it is not limited in time or scope.

Subject to and without waiving any objections, Plaintiff will meet and confer with Defendants regarding information that might be responsive to this request.

**SUPPLEMENTAL ANSWER 11/21/2022:** The parties met and conferred on this request on October 20, 2022. Ancestry clarified that this request seeks searches of websites involving genealogy or heritage. In light of this conversation, subject to the above and without waiving any objections, to the best of his recollection, Plaintiff has not searched for any Person on any genealogy or heritage website.

**INTERROGATORY NO. 11:**      Identify all Documents evidencing or constituting any agreement or contract You made relating to Your Yearbook Records, if any.

**ANSWER:**   Plaintiff objects to the relevance of the requested information as the information, whatever it may be, has no bearing on any claims or defenses in this action. Pursuant to Nev. Rev. Stat. §§ 597.770 *et seq.,* it was Defendants' obligation to obtain Plaintiff's "written consent" before making commercial use of their names, photographs, likenesses, and personas and, Plaintiff alleges, Defendants failed to obtain that prior written consent. Specifically, Plaintiff alleges "*Ancestry* has not received consent from, given notice to, or provided compensation to the millions of Nevadans whose names, photographs, biographical information, and identities appear in its Ancestry Yearbook Database" and that "*Ancestry* did not ask the consent of the people whose personal information and photographs it profits from." Complaint at ¶¶ 4, 13. Whether Plaintiff has consented to a different, entirely unrelated entity's use of their personal information is irrelevant to whether Plaintiff gave his consent to Defendants for purposes of "advertising,

Doc ID: dc73fe0211db486362e5d3beae5a96cfbed7de49

selling or soliciting the purchase of any product, merchandise, goods or service." Plaintiff objects to this request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it is not limited in time or scope.

Subject to and without waiving any objections, Plaintiff answers as follows: Plaintiff cannot recall any occasions when he made an agreement or contract relating to his yearbook record.

**INTERROGATORY NO. 12:**    Identify and describe each instance that You requested that any information about You, including but not limited to Your name, age, photograph, club membership or descriptions of public activities, be removed from a publicly available database, website, catalog, or directory.

**ANSWER:**    Plaintiff objects to this request as overbroad and unduly burdensome in that it is not limited in temporal scope and relates to "any information." Plaintiff objects to the request as overbroad, unduly burdensome, and seeking information not relevant to the claims and defenses in this action. Plaintiff's claims, including those under Nev. Rev. Stat. §§ 597.770 *et seq.*, do not require a plaintiff to actively protect their privacy in the way this request suggests. Rather, a defendant is required to ask for prior written consent. *Id.*

Subject to and without waiving any objections, to the extent Plaintiff is able to understand this request, Plaintiff answers as follows: Plaintiff cannot recall any occasions when he requested that his personal information be removed from any publicly available website.

**INTERROGATORY NO. 13:**    Identify every social media account or profile that You maintain, including but not limited to LinkedIn, Facebook, Twitter, Instagram, TikTok, Twitch, Vimeo, Tumblr, Pintrest, Google+, Snapchat, Reddit, Myspace, YouTube, Tinder, or Flickr.

**ANSWER:**    Plaintiff objects that this request is unduly burdensome and not proportional to the needs of the case to the extent it is not limited in time or scope. Plaintiff objects to the relevance of the requested information as the information has no bearing on any claims or defenses in this action. Pursuant to Nev. Rev. Stat. §§ 597.770 *et seq.,* it was Defendants' obligation to obtain Plaintiff's "written consent" before making commercial use of their names,

Doc ID: dc73fe0211db486362e5d3beae5a96cfbed7de49

photographs, likenesses, and personas and, Plaintiff alleges, Defendants failed to obtain that prior written consent. Specifically, Plaintiff alleges "*Ancestry* has not received consent from, given notice to, or provided compensation to the millions of Nevadans whose names, photographs, biographical information, and identities appear in its Ancestry Yearbook Database" and that "*Ancestry* did not ask the consent of the people whose personal information and photographs it profits from." Complaint at ¶¶4, 13. Whether Plaintiff has consented to a different, entirely unrelated entity's use of their personal information is irrelevant to whether Plaintiff gave his consent to Defendants for purposes of "advertising, selling or soliciting the purchase of any product, merchandise, goods or service." Plaintiff objects to this request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it is not limited in time or scope. Plaintiff also objects that this request is vague and ambiguous on account of Defendants not defining the term "maintain." Plaintiff objects to the term "Pintrest" as unintelligible.

Subject to and without waiving any objections, Plaintiff believes that he has or may have previously had the following social media accounts: Facebook, Instagram, and LinkedIn.

**INTERROGATORY NO. 14:**     Identify by date every time You, including through Your counsel, have visited the website www.ancestry.com.

**ANSWER:**    Plaintiff objects to this request as it seeks information protected by the attorney client-privilege or work-product doctrines. Plaintiff also objects to this request to the extent that it seeks information which is equally available to Defendants.

Subject to and without waiving such objections, Plaintiff has not visited the website ancestry.com. Plaintiff will meet and confer with Defendant regarding the remainder of this request.

**SUPPLEMENTAL ANSWER 11/21/2022:** The parties met and conferred on this request on October 20, 2022. Ancestry has waived its right to arbitrate any claims in this matter. Plaintiff confirms there are no responsive privileged documents that need to be logged.

**INTERROGATORY NO. 15:**     Identify the Person(s) who took the screenshots in the Complaint and state the date(s) those screenshots were taken.

PLAINTIFF MARK SESSA'S SUPPLEMENTAL ANSWERS AND OBJECTIONS
TO DEFENDANTS' FIRST SET OF INTERROGATORIES - 15
(Case No. 2:20-cv-02292-GMN-BNW)

Doc ID: dc73fe0211db486362e5d3beae5a96cfbed7de49

1      **ANSWER:**   Plaintiff objects to this request as it seeks information protected by the

2  attorney client-privilege or work-product doctrines. Plaintiff will meet and confer with Defendant

3  regarding this request.

4      Subject to and without waiving such objections, Plaintiff has never created or used an

5  account with Ancestry. Plaintiff will meet and confer with Defendant regarding the remainder

6  this request.

7      **SUPPLEMENTAL ANSWER 11/21/2022:** The parties met and conferred on this

8  request on October 20, 2022. Ancestry has waived its right to arbitrate any claims in this matter.

9  Plaintiff confirms there are no responsive privileged documents that need to be logged.

10  **INTERROGATORY NO. 16:**   Plaintiff objects to this request as it seeks information

11  protected by the attorney client-privilege or work-product doctrines. Plaintiff also objects to this

12  request to the extent that it seeks information which is equally available to Defendants. Subject

13  to and without waiving such objections, Plaintiff will meet and confer with Defendant regarding

14  this request. State whether and on what date(s) You or Your counsel has ever created or used an

15  account with Ancestry in connection with this litigation.

16      **ANSWER:**   Plaintiff objects to this request as it seeks information protected by the

17  attorney client-privilege or work-product doctrines. Plaintiff also objects to this request to the

18  extent that it seeks information which are equally available to Defendants.

19      Subject to and without waiving such objections, Plaintiff has never created or used an

20  account with Ancestry. Plaintiff will meet and confer with Defendant regarding the remainder of

21  this request.

22      **SUPPLEMENTAL ANSWER 11/21/2022:** The parties met and conferred on this

23  request on October 20, 2022. Ancestry has waived its right to arbitrate any claims in this matter.

24  Plaintiff confirms there are no responsive privileged documents that need to be logged.

25
    Dated: November 21, 2022          TURKE & STRAUSS LLP
26
                                      */s/ Raina C. Borrelli*
27                                    Raina C. Borrelli (*pro hac vice*)

28

PLAINTIFF MARK SESSA'S SUPPLEMENTAL ANSWERS AND OBJECTIONS
TO DEFENDANTS' FIRST SET OF INTERROGATORIES - 16
(Case No. 2:20-cv-02292-GMN-BNW)

Doc ID: dc73fe0211db486362e5d3beae5a96cfbed7de49

1        raina@turkestrauss.com

2        Alex Phillips (*pro hac vice*)
         alexp@turkestrauss.com

3        TURKE & STRAUSS LLP
         613 Williamson St., Suite 201

4        Madison, WI 53703
         Telephone: (608) 237-1775

5        Facsimile: (608) 509-4423

6        Miles N. Clark (SBN 13848)

7        miles.clark@knepperclark.com
         KNEPPER & CLARK LLC

8        5510 So. Fort Apache Rd, Suite 30
         Las Vegas, NV 89148

9        Telephone: (702) 856-7430
         Facsimile: (702) 447-8048

10

11       Michael F. Ram (*pro hac vice*)
        mram@forthepeople.com

12       Marie N. Appel  (*pro hac vice*)
        mappel@forthepeople.com

13       MORGAN & MORGAN COMPLEX
        LITIGATION GROUP

14       711 Van Ness Avenue, Suite 500

15       San Francisco, CA 94102
        Telephone: (415) 358-6913

16       Facsimile: (415) 358-6293

17       Benjamin R. Osborn (*pro hac vice*)

18       ben@benosbornlaw.com
        102 Bergen Street

19       Brooklyn, NY 11201
        Telephone: (347) 645-0464

20

21

22

23

24

25

26

27

28

PLAINTIFF MARK SESSA'S SUPPLEMENTAL ANSWERS AND OBJECTIONS
TO DEFENDANTS' FIRST SET OF INTERROGATORIES - 17
(Case No. 2:20-cv-02292-GMN-BNW)

Doc ID: dc73fe0211db486362e5d3beae5a96cfbed7de49

<u>**CERTIFICATE OF SERVICE**</u>

I, Raina C. Borrelli, hereby certify that on November 21, 2022, I electronically

transmitted the foregoing to the following:

Shon Morgan
shonmorgan@quinnemanuel.com
John Baumann
jackbaumann@quinnemanuel.com
QUINN EMANUEL URQUART & SULLIVAN LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: 213-443-3100

Cristina A Henriquez
QUINN EMANUEL URQUART & SULLIVAN LLP
cristinahenriquez@quinnemanuel.com
555 Twin Dolphin Dr., 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: 650-801-5100

H. Stan Johnson
sjohnson@cohenjohnson.com
Kevin M. Johnson
kjohnson@cohenjohnson.com
COHEN-JOHNSON, LLC
375 E. Warm Springs Road, Suite 104
Las Vegas, NV 89119
Telephone: (702) 823-3500
Facsimile: (702) 823-3400

DATED this 21st day of November, 2022.

TURKE & STRAUSS LLP

By:  _/s/ Raina C. Borrelli_
    Raina C. Borrelli (*pro hac vice*)
    raina@turkestrauss.com
    613 Williamson St., Suite 201
    Madison, Wisconsin 53703
    Telephone: (608) 237-1775
    Facsimile: (608) 509-4423

Doc ID: dc73fe0211db486362e5d3beae5a96cfbed7de49

1

## **VERIFICATION**

2      I, Mark Sessa, state that I am one of the Plaintiffs in this matter; I have read the within

3  and foregoing Supplemental Answers and Objections to Defendants' First Set of Interrogatories,

4  know the contents thereof, and believe the same to be true and correct.

5      I declare under penalty of perjury under the laws of the United States of America that the

6  foregoing is true and correct.

7

8

9

10     

_____

11                         Mark Sessa

12                        11 / 23 / 2022

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF MARK SESSA'S SUPPLEMENTAL ANSWERS AND OBJECTIONS
TO DEFENDANTS' FIRST SET OF INTERROGATORIES - 19
(Case No. 2:20-cv-02292-GMN-BNW)

Doc ID: dc73fe0211db486362e5d3beae5a96cfbed7de49