# **EXHIBIT F-B**

# **Postlethwaite & Netterville CV**



assurance – consulting – tax – technology

pncpa.com

# Exhibit B: CV of P&N



assurance – consulting – tax – technology

pnclassaction.com

# Introduction

Postlethwaite & Netterville, APAC, (P&N) offers technical experience and diverse resources that are unique to the class action settlement administration space.

**Experience**: Since 1999, P&N has successfully administered numerous class action settlements in state court and federal court (including multidistrict litigation). Our team has processed and reviewed claims and managed distributions for settlements involving billions of dollars in settlement funds.

**Breadth, Depth and Flexibility of Resources**: Our approach to settlement administration provides a dedicated core team that is able to draw upon numerous specialized resources across diverse service areas within our firm of over 400 employees as needs arise.

We leverage the knowledge and experience of professionals holding the following designations, among others:

- Juris Doctor (JD)
- Project Management Professional (PMP)
- Certified Public Accountant (CPA)
- Certified Internal Auditor (CIA)
- Certified Information Systems Auditor (CISA)
- Certified Fraud Examiner (CFE)
- Certified in Financial Forensics (CFF)
- Certified Information Systems Security Professional (CISSP)
- Certified Security Engineer (CSE)
- Certified Information Security Manager
- Certified in Risk and Information Systems Control

**Capabilities and Experience Rooted in Quality and Objectivity**: As a 65+ year old accounting and business advisory firm, objectivity, integrity, and quality have been the cornerstones of our sustained success. These principles drive our work product, our decision-making, and our interactions with clients and team members. ***Our teams are well-versed in the development of and adherence to stringent quality assurance and quality control standards across a variety of disciplines.***



assurance  –  consulting  –  tax  –  technology

pnclassaction.com

# Notable Claims Administration Experience and Testimonials

The cornerstones of P&N's success as a firm translate well to the administration of large settlement programs, and our quality of work is particularly apparent in matters involving complex claims. P&N receives consistent positive feedback from clients related to our attention to detail and responsiveness:

> "P&N did an outstanding job. Key factors that separated them from the pack were attention to detail and responsiveness. In the fluid process of administering a class settlement P&N was there for us at every step of the way responding to most requests within minutes."
>
> *Mark Greenstone, Plaintiff's Co-Lead Counsel*

Our team has significant experience in complex settlement matters, including the following subset of our overall experience:

### In Re: Cathode Ray Tube (CRT) Antitrust Litigation (MDL 1917)

**Nature of Work:** In cooperation with our project partner, The Notice Company, Inc., P&N performs claims administration services for indirect purchaser class action settlements in this multidistrict litigation totaling over $547,750,000 to date. The scope of P&N's services includes (1) custom website and database application development and maintenance, (2) claim data acquisition and management, (3) claims processing and validation, (4) claims deficiency and audit processing, (5) quality control and fraud, waste, and abuse monitoring, (6) custom reporting, (7) call center support and claimant communications, (8) claim allocation determination and distribution, and (9) project management services.

### In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico (MDL 2179)

**Nature of Work:** P&N was approved by the United States District Court for the Eastern District of Louisiana to process business economic loss and seafood harvester claims within the Deepwater Horizon Economic and Property Damages Settlement. P&N participated in determining over $1 billion in eligible claims within the first six months of the program and approximately $10 billion to date. P&N committed a significant multi-city team of 400+ accounting and finance professionals to the ongoing effort, providing claim eligibility review, economic damages calculations, and claimant communications for over 100,000 businesses and seafood harvesters with representation from 2,000+ law and accounting firms.



assurance – consulting – tax – technology

pnclassaction.com

## In Re: Testosterone Replacement Therapy Products Liability Litigation (MDL 2545)

**Nature of Work:** P&N provides claims administration services related to custom technology development, project management, and attorney communications support. In coordination with the Court-appointed Special Master, Randi S. Ellis, P&N has developed secure, customized, web-based technology applications that are the framework for claim filing and document management efforts for over 130 participating law firms. Our claims platform also serves as both the central repository for personal injury claims adjudication and allocation functions of the Special Master.

> "I have worked with P&N on multiple large settlement projects in my role as Special Master. We are currently working together to administer a mass tort settlement where their technology platform has been able to streamline the claims process and securely manage sensitive claimant data. They are always willing to brainstorm with me when I need assistance which is why they have become a trusted partner and my first call! "
>
> *Randi Ellis, Court-Appointed Special Master*

## In Re: E.I. du Pont de Nemours and Company C8 Personal Injury Litigation (MDL 2433)

**Nature of Work:** P&N developed a secure, customized, web-based database application that served as the framework for claim filing and document management efforts for approximately 3,700 personal injury claims. In cooperation with the Special Master, Daniel J. Balhoff, P&N also provided project management services to facilitate the logistics of the claims process life cycle. Our claims database technology also served as both the central repository for claims determinations and allocation reporting to the Plaintiff Steering Committee and Lien Resolution Administrator.

> "P&N was tasked with building out a user friendly settlement submission web-based platform, training the law firms on how it would be used, coordinating with the Special Master and Claims Administrator reviewers, exchanging information with the third party lien resolution group, and providing responsive updates and reporting to the litigation lead counsel and individual participating law firms. P&N did a phenomenal job in all respects.
>
> Throughout the process, P&N provided personalized and immediately responsive service. Reporting was routinely updated and modified based upon new requests from lead counsel and the individual submitting firms were provided one-on-one service when needed. Based on my experiences with P&N, I would certainly recommend them and will actively seek to include project bids from them in any future resolution programs in which I have a part."
>
> *Jon C. Conlin, Plaintiffs' Co-Lead Counsel*



assurance – consulting – tax – technology

pnclassaction.com

## In Re: FEMA Trailer Formaldehyde Products Liability Litigation (MDL 1873)

**Nature of Work:** P&N provided full scale notice and claims administration services for this multi-settlement MDL involving over $45,000,000 in settlement funds. The scope of P&N's services includes (1) notice administration, (2) custom website and database application development and maintenance, (3) claim data acquisition and management, (4) claims processing and deficiency curing, (5) call center support and claimant communications, (6) claim allocation determination and distribution, and (7) quality control and project management services.

> **"In serving as a Court-appointed Special Master, I have worked with P&N's claims administration team on several occasions. I have always found them to be extremely attentive to detail, responsive, and committed to a high quality work product. Furthermore, they are proactive – once I tell them my goals, they come up with creative solutions to get there. The bottom line is that I can trust them to do the job right in a timely and efficient manner."**
>
> *Daniel J. Balhoff, Court-Appointed Special Master*



assurance – consulting – tax – technology

pnclassaction.com

# P&N Claims Administration Experience

## SAMPLE JUDICIAL COMMENTS

- ***Daley, et al. v. Greystar Management Services LP, et al.,*** No. 2:18-cv-00381 (E.D. Wash.), Judge Salvador Mendoz, Jr. on February 1, 2022:

  *The Settlement Administrator completed the delivery of Class Notice according to the terms of the Agreement. The Class Notice given by the Settlement Administrator to the Settlement Class....was the best practicable notice under the circumstances. The Class Notice program....was reasonable and provided due and adequate notice of these proceedings and of the matters set forth therein, including the terms of the Agreement, to all parties entitled to such notice. The Class Notice given to the Settlement Class Members satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure and the requirements of constitutional due process. The Class Notice was reasonably calculated under the circumstances to apprise Settlement Class Members of the pendency of this Action....*

- ***Mansour, et al. v. Bumble Trading, Inc.,*** No. RIC1810011 (Cal. Super.), Judge Sunshine Sykes on January 27, 2022:

  *The Court finds that the Class Notice and the manner of its dissemination constituted the best practicable notice under the circumstances and was reasonably calculated, under all the circumstances, to apprise Settlement Class Members of the pendency of the Litigation, the terms of the Agreement, and their right to object to or exclude themselves from the Settlement Class. The Court finds that the notice was reasonable, that it constituted due, adequate and sufficient notice to all persons entitled to receive notice, and that it met the requirements of due process, Rules of Court 3.766 and 3.769(f), and any other applicable laws.*

- ***Hadley, et al. v. Kellogg Sales Company,*** No. 16-cv-04955 (N.D. Cal.), Judge Lucy H. Koh on November 23, 2021:

  *The Class Notice and claims submission procedures set forth in Sections 4 and 6 of the Settlement Agreement, and the Notice Plan filed on March 10, 2021, fully satisfy Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process, were the best notice practicable under the circumstances, provided individual notice to all Settlement Class Members who could be identified through reasonable effort, and support the Court's exercise of jurisdiction over the Settlement Classes as contemplated in the Settlement Agreement and this Order. See Fed. R. Civ. P. 23(e)(2)(C)(ii).*



assurance – consulting – tax – technology

pnclassaction.com

- ***Miracle-Pond, et al. v. Shutterfly, Inc.,*** No. 2019-CH-07050 (Cir. Ct. Cook Cnty.), Judge Raymond W. Mitchell on September 9, 2021:

    *This Court finds that the Settlement Administrator performed all duties thus far required as set forth in the Settlement Agreement. The Court finds that the Settlement Administrator has complied with the approved notice process as confirmed by its Declaration filed with the Court. The Court further finds that the Notice plan set forth in the Settlement as executed by the Settlement Administrator satisfied the requirements of Due Process and 735 ILCS 5/2-803. The Notice plan was reasonably calculated and constituted the best notice practicable to apprise Settlement Class Members of the nature of this litigation, the scope of the Settlement Class, the terms of the Settlement, the right of Settlement Class Members to object to the Settlement or exclude themselves from the Settlement Class and the process for doing so, and of the Final Approval Hearing. Accordingly, the Court finds and concludes that the Settlement Class Members have been provided the best notice practicable under the circumstances, and that the Notice plan was clearly designed to advise the Settlement Class Members of their rights.*

- ***Jackson-Battle, et al. v. Navicent Health, Inc.,*** No. 2020-CV-072287 (Ga Super.), Judge Jeffery O. Monroe on August 4, 2021:

    *The Court finds that such Notice as therein ordered, constitutes the best possible notice practicable under the circumstances and constitutes valid, due, and sufficient notice to all Settlement Class Members in compliance with the requirements of O.C.G.A. §§ 9-11-23(c)(2).*

- ***In re: Interior Molded Doors Indirect Purchasers Antitrust Litigation,*** No. 3:18-cv-00850 (E.D. Va.), Judge John A. Gibney on July 27, 2021:

    *The notice given to the Settlement Class of the settlement set forth in the Settlement Agreement and the other matters set forth herein was the best notice practicable under the circumstances. Said notice provided due and adequate notice of the proceedings an of the matters set forth therein, including the proposed settlement set forth in the Settlement Agreement, to all persons and entities entitled to such notice, and said notice fully satisfied the requirements of Rules 23(c)(2) and 23(e) and the requirements of due process.*

- ***Krommenhock, et al. v. Post Foods, LLC,*** No. 16-cv-04958 (N.D. Cal.), Judge William H. Orrick on June 25, 2021:

    *The Class Notice and claims submission procedures set forth in Sections 4 and 6 of the Settlement Agreement and the Notice Plan filed on January 18, 2021 fully satisfy Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process, were the best notice practicable under the circumstances, provided individual notice to all Settlement Class Members who could be identified through reasonable effort, and support the Court's exercise of jurisdiction over the Settlement Classes as contemplated in the Settlement Agreement and this Order. See Fed. R. Civ. P. 23(e)(2)(C)(ii).*



- ***Winters, et al. v. Two Towns Ciderhouse, Inc***, No. 20-cv-00468 (S.D. Cal.), Judge Cynthia Bashant on May 11, 2021:

  *The settlement administrator, Postlethwaite and Netterville, APAC ("P&N") completed notice as directed by the Court in its Order Granting Preliminary Approval of the Class Action Settlement. (Decl. of Brandon Schwartz Re: Notice Plan Implementation and Settlement Administration ("Schwartz Decl.") ¶¶ 4–14, ECF No. 24-5.)…Thus, the Court finds the Notice complies with due process….With respect to the reaction of the class, it appears the class members' response has been overwhelmingly positive.*

- ***Siddle, et al. v. The Duracell Company, et al.***, No. 4:19-cv-00568 (N.D. Cal.), Judge James Donato on April 19, 2021:

  *The Court finds that the Class Notice and Claims Administration procedures set forth in the Agreement fully satisfy Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process, were the best notice practicable under the circumstances, provided due and sufficient individual notice to all persons in the Settlement Class who could be identified through reasonable effort, and support the Court's exercise of jurisdiction over the Settlement Class as contemplated in the Agreement and this Final Approval Order.*

- ***Fabricant v. Amerisave Mortgage Corporation***, No. 19-cv-04659-AB-AS (C.D. Cal.), Judge Andre Birotte, Jr. on November 25, 2020:

  *The Class Notice provided to the Settlement Class conforms with the requirements of Fed. Rule Civ. Proc. 23, the California and United States Constitutions, and any other applicable law, and constitutes the best notice practicable under the circumstances, by providing individual notice to all Settlement Class Members who could be identified through reasonable effort, and by providing due and adequate notice of the proceedings and of the matters set forth therein to the other Settlement Class Members. The notice fully satisfied the requirements of Due Process. No Settlement Class Members have objected to the terms of the Settlement.*

- ***Snyder, et al. v. U.S. Bank, N.A., et al.***, No. 1:16-CV-11675 (N.D. Ill), Judge Matthew F. Kennelly on June 18, 2020:

  *The Court makes the following findings and conclusions regarding notice to the Settlement Class:*

  *a. The Class Notice was disseminated to persons in the Settlement Class in accordance with the terms of the Settlement Agreement and the Class Notice and its dissemination were in compliance with the Court's Preliminary Approval Order; b. The Class Notice:(i) constituted the best practicable notice under the circumstances to potential Settlement Class Members, (ii) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Consolidated Litigation, their right to object or to exclude themselves from the proposed Settlement, and their right to appear at the Final Approval Hearing, (iii) was reasonable and*



*constituted due, adequate, and sufficient individual notice to all persons entitled to be provided with notice, and (iv) complied fully with the requirements of Fed. R. Civ. P. 23, the United States Constitution, the Rules of this Court, and any other applicable law.*

- ***Edward Makaron et al. v. Enagic USA, Inc.,*** 2:15-cv-05145 (C.D. Cal.), Judge Dean D. Pregerson on January 16, 2020:

    *The Court makes the following findings and conclusions regarding notice to the Class:*

    *a. The Class Notice was disseminated to persons in the Class in accordance with the terms of the Settlement Agreement and the Class Notice and its dissemination were in compliance with the Court's Preliminary Approval Order;*

    *b. The Class Notice: (i) constituted the best practicable notice under the circumstances to potential Class Members, (ii) constituted notice that was reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the Action, their right to object or to exclude themselves from the proposed Settlement, and their right to appear at the Final Approval Hearing, (iii) was reasonable and constituted due, adequate, and sufficient individual notice to all persons entitled to be provided with notice, and (iv) complied fully with the requirements of Fed. R. Civ. P. 23, the United States Constitution, the Rules of this Court, and any other applicable law.*

- ***Kimberly Miller et al. v. P.S.C, Inc., d/b/a Puget Sound Collections,*** 3:17-cv-05864 (W. D. Wash.), Judge Ronald B. Leighton on January 10, 2020:

    *The Court finds that the notice given to Class Members pursuant to the terms of the Agreement fully and accurately informed Class Members of all material elements of the settlement and constituted valid, sufficient, and due notice to all Class Members. The notice fully complied with due process, Rule 23 of the Federal Rules of Civil Procedure, and all other applicable law.*

- ***John Karpilovsky and Jimmie Criollo, Jr. et al. v. All Web Leads, Inc.,*** 1:17-cv-01307 (N.D. Ill), Judge Harry D. Leinenweber on August 8, 2019:

    *The Court hereby finds and concludes that Class Notice was disseminated to members of the Settlement Class in accordance with the terms set forth in the Settlement Agreement and that Class Notice and its dissemination were in compliance with this Court's Preliminary Approval Order.*

    *The Court further finds and concludes that the Class Notice and claims submission procedures set forth in the Settlement Agreement fully satisfy Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process, were the best notice practicable under the circumstances, provided individual notice to all Settlement Class Members who could be identified through reasonable effort, and support the Court's exercise of jurisdiction over the Settlement Class as contemplated in the Settlement and this Order.*



- ***Paul Story v. Mammoth Mountain Ski Area, LLC,*** No. 2:14-cv-02422 (E.D. Cal.), Judge John A. Mendez on March 13, 2018:

  *The Court finds that the Settlement Administrator delivered the Class Notice to the Class following the procedures set forth in the Settlement Agreement; that the Class Notice and the procedures followed by the Settlement Administrator constituted the best notice practicable under the circumstances; and that the Class Notice and the procedures contemplated by the Settlement Agreement were in full compliance with the laws of the United States and the requirements of due process. These findings support final approval of the Settlement Agreement.*

- ***John Burford, et al. v. Cargill, Incorporated,*** No. 05-0283 (W.D. La.), Judge S. Maurice Hicks, Jr. on November 8, 2012:

  *Considering the aforementioned Declarations of Carpenter and Mire as well as the additional arguments made in the Joint Motion and during the Fairness Hearing, the Court finds that the notice procedures employed in this case satisfied all of the Rule 23 requirements and due process.*

- ***In RE: FEMA Trailer Formaldehyde Product Liability Litigation,*** MDL No. 1873, (E.D La.), Judge Kurt D. Engelhardt on September 27, 2012:

  *After completing the necessary rigorous analysis, including careful consideration of Mr. Henderson's Declaration and Mr. Balhoff's Declaration, along with the Declaration of Justin I. Woods, the Court finds that the first-class mail notice to the List of Potential Class Members (or to their attorneys, if known by the PSC), Publication Notice and distribution of the notice in accordance with the Settlement Notice Plan, the terms of the Settlement Agreement, and this Court's Preliminary Approval Order:*

  *(a) constituted the best practicable notice to Class Members under the circumstances;*

  *(b) provided Class Members with adequate instructions and a variety of means to obtain information pertaining to their rights and obligations under the settlement so that a full opportunity has been afforded to Class Members and all other persons wishing to be heard;*

  *(c) was reasonably calculated, under the circumstances, to apprise Class Members of: (i) the pendency of this proposed class action settlement, (ii) their right to exclude themselves from the Class and the proposed settlement, (iii) their right to object to any aspect of the proposed settlement (including final certification of the settlement class, the fairness, reasonableness or adequacy of the proposed settlement, the adequacy of representation by Plaintiffs or the PSC, and/or the award of attorneys' fees), (iv) their right to appear at the Fairness Hearing - either on their own or through counsel hired at their own expense - if they did not exclude themselves from the Class, and (v) the binding effect of the Preliminary Approval Order and Final Order and Judgment in this action, whether favorable or unfavorable, on all persons who do not timely request exclusion from the Class;*



*(d) was calculated to reach a large number of Class Members, and the prepared notice documents adequately informed Class Members of the class action, properly described their rights, and clearly conformed to the high standards for modern notice programs;*

*(e) focused on the effective communication of information about the class action. The notices prepared were couched in plain and easily understood language and were written and designed to the highest communication standards;*

*(f) afforded sufficient notice and time to Class Members to receive notice and decide whether to request exclusion or to object to the settlement.;*

*(g) was reasonable and constituted due, adequate, effective, and sufficient notice to all persons entitled to be provided with notice; and*

*(h) fully satisfied the requirements of the Federal Rules of Civil Procedure, the United States Constitution, including the Due Process Clause, and any other applicable law.*



assurance  –  consulting  –  tax  –  technology

# Class Action & Mass Tort Settlement Administration

P&N provides pre-settlement consulting and post-settlement administration services in connection with lawsuits pending in state and federal courts nationwide.  Since 1999, P&N has processed billions of dollars in settlement claims. Our innovative team successfully administers a wide variety of settlements, and our industry-leading technology enables us to develop customizable administration solutions for class action and mass tort litigations.

## SAMPLE CASE EXPERIENCE


### ENVIRONMENTAL/TOXIC TORTS
- In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico (MDL 2179)
- Sanchez et al v. Texas Brine, LLC et al.
- In Re: FEMA Trailer Formaldehyde Products Liability Litigation (MDL 1873)
- Burmaster et al. v. Plaquemines Parish Government, et al.
- Cajuns for Clean Water, LLC et al. v. Cecilia Water Corporation, et al.
- Cooper, et al. v. Louisiana Department of Public Works
- Howard, et al. v. Union Carbide Corporation


### CONSUMER
- Jones et al. v. Monsanto Co.
- Siddle et al. v. The Duracell Co. et al.
- Hughes et al. v. AutoZone Parts Inc. et al.
- Strong v. Numerica Credit Union
- Schexnayder Jr, et al. v. Entergy Louisiana, Inc., et al.
- Winters v. Two Towns Ciderhouse, Inc.
- Burford et al. v. Cargill, Incorporated
- Duhe, Jr., et al. v. Texaco, Inc., et al.
- Martinez, et al. v. Sun West Mortgage Company, Inc.


### TCPA
- Fabricant v. AmeriSave Mortgage Corp.
- Snyder, et al. v. U.S. Bank, N.A., et al. (Deutsche Bank Settlement and Wilmington Trust Settlement)
- Makaron v. Enagic USA, Inc.
- Story v. Mammoth Mountain Ski Area, LLC


### MASS TORTS
- In Re: E.I. du Pont de Nemours and Company C8 Personal Injury Litigation (MDL 2433)[‡]
- In Re: Testosterone Replacement Therapy Products Liability Litigation (MDL 2545)[‡]
- Chevron Richmond Refinery Fire Settlement
- DePuy ASR Inventory Settlement[¥]
- Essure Product Liability Inventory Settlement[¥]


### ANTITRUST
- In Re: Cathode Ray Tube (CRT) Antitrust Litigation (MDL 1917)[*]
- In Re: Interior Molded Doors Antitrust Litigation (Indirect)


### DATA BREACH
- Bailey, et al. v. Grays Harbor County Public Hospital No. 2
- Jackson-Battle, et al. v. Navicent Health, Inc.

[*]*Services provided in cooperation with The Notice Company, Inc.*
[‡]*Services provided in cooperation with the Court-Appointed Special Master*
[¥]*Inventory settlement*