**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

Anthony Sessa*, et al.,*

              Plaintiffs,

     v.

Ancestry.com Operations Inc., *et al.,*

              Defendants.

Case No. 2:20-cv-02292-GMN-BNW

**Order**

Before the Court is Plaintiff's Amended Motion to Seal. ECF No. 119. Given the documents in question have been designated as confidential by Defendants, Defendants provided the rationale and argument for sealing at ECF No. 120.

**I.    Analysis**

Generally, the public has a right to inspect and copy judicial records. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Such records are presumptively publicly accessible. *Id.* Consequently, a party seeking to seal a judicial record bears the burden of overcoming this strong presumption. *Id.* In the case of dispositive motions, the party seeking to seal the record must articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process. *Id.* at 1178-79 (alteration and internal quotation marks and citations omitted). The Ninth Circuit has further held that the full presumption of public access applies to technically non-dispositive motions and attached documents as well if the motion is "more than tangentially related to the merits of the case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016).

Among the compelling reasons which may justify sealing a record are when such court files might become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets. *Kamakana*, 447 F.3d at 1179 (quotation omitted). However, avoiding a litigant's embarrassment,

incrimination, or exposure to further litigation will not, without more, compel the court to seal its records. *Id.*

"[A] different standard applies to 'private materials unearthed during discovery,' as such documents are not part of the judicial record." *Pintos*, 605 F.3d at 678 (citing *Kamakana*, 447 F.3d at 1180). Under Rule 26(c), a court may enter a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." "The relevant standard for purposes of Rule 26(c) is whether good cause exists to protect the information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality." *Pintos*, 605 F.3d at 678 (quotation omitted). Given the "weaker public interest in nondispositive materials," the court applies the good cause standard in evaluating whether to seal documents attached to a nondispositive motion. *Id.* "Nondispositive motions 'are often unrelated, or only tangentially related, to the underlying cause of action,' and, as a result, the public's interest in accessing dispositive materials does 'not apply with equal force' to non-dispositive materials." *Id.* (citing *Kamakana*, 447 F.3d at 1179). It is within the court's discretion whether to seal documents. *Id.* at 679.

While an open question in the Ninth Circuit, courts generally hold that the standard for filing documents under seal in relation to a class certification motion is a showing of "good cause." *Kamakana*, 447 F.3d at 1179-80 (9th Cir. 2006) (a particularized showing of 'good cause' is required to seal documents related to non-dispositive motions); *Dugan v. Lloyds TSB Bank, PLC*, 2013 WL 1435223, at *1 (N.D. Cal. Apr. 9, 2013) ("[T]he vast majority of courts within this circuit treat motions for class certification as non-dispositive motions to which the 'good cause' sealing standard applies.") (internal quotations and citations omitted); *Bridge v. Credit One Bank, N.A.*, 2016 WL 11670192, at *1 (D. Nev. Apr. 18, 2016) ("Defendant seeks leave to file under seal an unredacted version of its Response to Plaintiff's Motion for Class Certification as well various exhibits to declarations in support of that filing . . . for each document, a particularized showing of good cause is required to overcome the presumption of public access to judicial files and records"). As a result, the Court applies the good cause standard.

## II.    Good Cause Exists to Seal the Documents

Defendants seek to seal several documents filed in support of a motion for class certification. The unredacted version of the motion is at ECF No. 104.

Here, the Court finds Defendants have demonstrated good cause to seal the documents in question. As explained by Defendants, Exhibits 1 through 9 contain Ancestry's competitively sensitive information regarding business strategy, revenue and costs, genealogy market research, strategies for the development and marketing of Ancestry's services, and third-party confidential business and pricing information. Public disclosure of this information would negatively impact Ancestry's genealogy business (including as to services that are not at issue in this litigation) and third parties' businesses. Courts find "good cause" to keep documents under seal where they contain "confidential, business-sensitive marketing strategy and technical product information," that poses "competitive harm" to the moving party." *Orthopaedic Hosp. v. DJO Glob., Inc*., 2021 WL 3015413, at *2 (S.D. Cal. Feb. 22, 2021); *see Gunter v. United Fed. Credit Union*, No. 3:15-cv-00483-MMD-WGC, 2017 U.S. Dist. LEXIS 134955, at *5 (D. Nev. Aug. 23, 2017) (finding good cause to seal documents reflecting "trade secret[s] or other confidential research, development, or commercial information").

As a result, the motion at ECF No. 119 will be granted.

## III.    Conclusion

**IT IS THERERFORE ORDERED** that Defendants' Motion to Seal at ECF No. 119 is **GRANTED**. The Clerk of Court is directed to maintain ECF No. 104 under seal.


DATED: February 6, 2023

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE