COHEN-JOHNSON, LLC
  H. Stan Johnson, Esq.
  (sjohnson@cohenjohnson.com)
375 E. Warm Springs Road, Suite 104
Las Vegas, Nevada 89119
Telephone:    (702) 823-3500
Facsimile:    (702) 823-3400

QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Shon Morgan (*Pro Hac Vice*)
  (shonmorgan@quinnemanuel.com)
  John W. Baumann (*Pro Hac Vice*)
  (jackbaumann@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017
Telephone:    (213) 443-3000
Facsimile:    (213) 443-3100

  Cristina Henriquez (*Pro Hac Vice*)
  (cristinahenriquez@quinnemanuel.com)
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone:    (650) 801-5000
Facsimile:    (650) 801-5000

Attorneys for ANCESTRY.COM
OPERATIONS INC., ANCESTRY.COM INC.,
and ANCESTRY.COM LLC

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ANTHONY SESSA and MARK SESSA, on behalf of themselves and all others similarly situated,<br><br>　　　　　　　Plaintiffs,<br>v.<br><br>ANCESTRY.COM OPERATIONS INC., a Virginia Corporation; ANCESTRY.COM INC., a Delaware Corporation; ANCESTRY.COM LLC, a Delaware Limited Liability Company; and DOES 1 through 50, inclusive,<br><br>　　　　　　　Defendants. | Case No.: 2:20-cv-02292-GMN-BNW<br><br>**NOTICE OF DEFENDANTS' MOTION AND MOTION TO STRIKE PLAINTIFFS' NEW EVIDENCE FILED WITH PLAINTIFFS' CLASS CERTIFICATION REPLY OR, IN THE ALTERNATIVE, MOTION FOR LEAVE TO FILE A SUR-REPLY; MEMORANDUM IN SUPPORT** |

PLEASE TAKE NOTICE that defendants Ancestry.com Operations Inc., Ancestry.com Inc., and Ancestry.com LLC (collectively, "Ancestry"), by and through their attorneys will and hereby do move the Court for an order striking the Declaration of Lucille Chiusano ("Chiusano Declaration") (ECF No. 133-1), Exhibit 1 to the Chiusano Declaration (*id.*), and any arguments based on them in plaintiffs' reply (ECF No. 133), as shown in the attached Exhibit A.  In the alternative, Ancestry requests leave to file a sur-reply to respond to this new evidence and argument.  This motion is based upon this Notice, the memorandum of points and authorities, the pleadings and records on file, on such other and further argument and evidence as may be presented at the time of the hearing, and all matters of which this Court may take judicial notice.

## PRELIMINARY STATEMENT

Ancestry's certification opposition refuted plaintiffs' premise for certification—that Ancestry supposedly incorporates every class member's name and likeness into certain types of "advertisements" in the same way.  ECF No. 128.  Rather than justify the record on which they sought certification, plaintiffs' counsel had a staff member manufacture "evidence" of one such "advertisement," ECF No. 133-1, and plaintiffs rely on this untimely "evidence" to assert new arguments for the first time on reply.  ECF No. 133.

This new "evidence" does not advance plaintiffs' claims and suggests only that plaintiffs did not obtain records of any purported "advertisements" in discovery because they did not exist.  But in all events plaintiffs should not be permitted to rely on new evidence and argument to which Ancestry has not had opportunity to respond.  Accordingly, the Court should strike the Declaration of Lucille Chiusano, its exhibit, and any arguments based on this new "evidence," as shown in the attached Exhibit A.  In the alternative, Ancestry respectfully requests opportunity to file a sur-reply to respond.

## LEGAL STANDARD

A moving party cannot disclose evidence or argument for the first time on reply.  "[T]o the extent that a party raises a new argument or proffers new evidence and information in a reply brief, that argument or evidence is improper because the opposing party is deprived of an opportunity to respond."  *Pacquiao v. Mayweather*, No. 2:09-CV-2448-LRH-RJJ, 2010 WL 3271961, at *1 (D.

Nev. Aug. 13, 2010) (citing *Tovar v. United States Postal Service*, 3 F.3d 1271, 1273 n.3 (9th Cir. 1993)). For this reason, "the court cannot consider new evidence provided in a reply when the other party does not have an opportunity to respond to the evidence." *Id.* (citing *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996)). *See also Steven Cohen Prods., Ltd. v. Lucky Star, Inc.*, No. 2:12-CV-01995-GMN, 2015 WL 3555384, at *3 (D. Nev. June 5, 2015) (Navarro, J.) ("it is improper for a party to raise a new argument in a reply brief because the opposing party is not afforded an opportunity to respond").

"Where the moving party presents new matters for the first time in a reply brief, the Court may either refuse to consider the new matters or allow the opposing party an opportunity to respond." *Steven Cohen Prods., Ltd.*, 2015 WL 3555384, at *3 (citing *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) ("[t]he district court need not consider arguments raised for the first time in a reply brief")); *Fujitsu Ltd. v. Belkin Int'l, Inc.*, 2012 WL 4497966, *30 (N.D. Cal. 2012) (granting motion to strike or supplement the record where a potentially dispositive argument was presented for the first time on reply because plaintiff would otherwise have no opportunity to respond).

## ARGUMENT

### I. THE COURT SHOULD STRIKE THE NEW EVIDENCE AND ARGUMENT

The new "evidence" and argument plaintiffs offer in reply raises numerous issues to which Ancestry has not had opportunity to respond—and thus should be stricken. *See, e.g.*, *Knapp v. Miller*, 873 F. Supp. 375, 378 n.3 (D. Nev. 1994) ("The Court does not and will not make a practice of addressing the merits of issues first raised in a reply, as the opposing party is not afforded any opportunity to respond to new issues raised in a reply"); *Provenz*, 102 F.3d at 1483; *Zamani*, 491 F.3d at 997.

For example, plaintiffs purport to have created "evidence" of one form of challenged "advertisement"—specifically, a "search result" in response to a non-subscriber's query of the yearbook database. *See* ECF No. 133-1. But plaintiffs have not previously contended a mere search result list is one of the purported "advertisements" that gives rise to their claims—rather, plaintiffs have argued it is only when a user "hover[s] over the 'View Record' link corresponding to each record" that the user receives what plaintiffs characterize as "a promotional pop-up advertisement."

*See* ECF No. 1 at ¶¶ 30, 42; ECF No. 36 at 3, 12.  Ms. Chiusano does not contend to have "hovered" over or clicked on each of the 2,687,194 records returned in her search for Nevada records.  *See* ECF No. 133-1.  Accordingly, the search result list she generated does not match any theory plaintiffs previously contended constitutes a challenged "advertisement" and instead reflects an entirely new approach asserted for the first time in reply.

Moreover, even were the search result list one of the three "advertisements" plaintiffs challenge (it is not), their reliance on this new evidence not only fails to address the certification issues detailed in Ancestry's opposition (ECF No. 128), but implicates numerous additional class-defeating issues Ancestry has not had opportunity to address.  For example, plaintiffs base Article III standing on the existence of these purported "advertisements."  *See* ECF No. 103 at 6 (contending "commercial use" occurred as a result of yearbook information appearing in the three "advertisements"); ECF No. 36 at 12 (finding these allegations of "commercial use," sufficed "to establish injury in fact").  But plaintiffs' new "evidence" was created *years after* initiating their lawsuit, and a plaintiff "cannot manufacture standing merely by inflicting harm on themselves based on their fears of hypothetical future harm that is not certainly impending," as plaintiffs have here.  *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 416 (2013).  *See also Vogel v. Tulaphorn*, 2014 WL 12629679, at *7 (C.D. Cal. Jan. 30, 2014) ("any attempt to manufacture constitutional standing [will] not be tolerated in federal court").  It is similarly well-settled that standing cannot be established retroactively through actions that occur *after* a lawsuit is filed.  *See, e.g.*, *Clark v. City of Lakewood*, 259 F.3d 996, 1006 (9th Cir. 2001) ("Standing is determined by the facts that exist at the time the complaint is filed.").[1]

Additionally, although plaintiffs *could have* alleged in their complaint that a list of search results (without more) constitutes a type of "advertisement" they are challenging, and their counsel *could have* earlier run a search reflecting Nevada yearbook records to contend this specific list of search results forms the basis for their claims, they chose not to do so until their reply, depriving

Ancestry of any meaningful opportunity to respond. To certify a class, plaintiffs must show the jury could make a classwide determination whether each person is identifiable in the challenged use. *See* ECF No. 128 at 15-18. The "search result" list appended to the Chiusano Declaration contains only a name and school location for over 2 million people, spans more than 134,000 pages of results, and does not even reflect the names of the two named plaintiffs. *See* ECF No. 133-1. The limited information that relates to any particular individual—buried among data for millions of others and most of which lies behind thousands of pages through which a user would need to scroll to identify any specific person—of course gives rise to numerous additional arguments regarding the absence of identifiability in the alleged "advertisement."[2] Likewise, basing claims on this list of 2,687,194 records raises additional concerns whether each individual's name and likeness was "directly connected with commercial sponsorship." *See* ECF No. 128 at 21-22.

## II. ALTERNATIVELY, ANCESTRY SHOULD BE PERMITTED TO FILE A SUR-REPLY

If this new evidence is not excluded entirely, Ancestry should be permitted to respond. *See Steven Cohen Prods., Ltd.*, 2015 WL 3555384, at *4 (granting motion for leave to file a sur-reply to respond to new arguments raised in reply). Should the Court deny Ancestry's Motion to Strike, Ancestry respectfully requests opportunity to file a sur-reply not to exceed 10 pages to address the new evidence and related arguments raised for the first time in plaintiffs' reply.

---

[1] The ploy of manufacturing a purported "injury" by generating this purported "advertisement" more than two years into the litigation also raises questions concerning the ability of plaintiffs and their counsel to fairly and adequately represent the putative class. *See* Fed. R. Civ. P. 23(a)(4).

[2] Ms. Chiusano lacks foundation to attest that the search results she generated "appear to comprise all searchable yearbook records in Ancestry's database from any school in the country," (ECF No. 133-1 at ¶ 6)—indeed, she does not purport to have checked whether even the two named plaintiffs appear in these lists. *See, e.g., Phillippi v. Stryker Corp.*, 471 F. App'x 663, 664 (9th Cir. 2012) (affirming exclusion of declaration "lacking foundation"); *Buzayan v.*
(footnote continued)

DATED this 8th day of March

Respectfully submitted,

Quinn Emanuel Urquhart & Sullivan, LLP

*/s/ Shon Morgan*
Shon Morgan
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017

**Attorneys for Defendants Ancestry.com Operations Inc., Ancestry.com Inc., and Ancestry.com LLC**

---

*City of Davis Police Dep't*, 2007 WL 2288334, at *6 (E.D. Cal. Aug. 8, 2007) ("declarations that lack foundation or personal knowledge . . . are to be disregarded") (quotation, citation omitted).

**CERTIFICATE OF SERVICE**

Pursuant to FRCP 5(b)(2)(E), I hereby certify that on this day, I caused a true and correct copy of the foregoing to be served via the Court's electronic system on all registered and active parties.

DATED March 8, 2023.

/s/ *Shon Morgan*
Shon Morgan

-6-
DEFENDANTS' NOTICE OF MOTION AND MOTION TO STRIKE OR, IN THE ALTERNATIVE, MOTION FOR LEAVE TO FILE A SUR-REPLY